Jason Harrow
(Cal. Bar No. 308560)
GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293

Charles Gerstein
(*admitted pro hac vice*)
Emily Gerrick*
(*pro hac vice application forthcoming*)
GERSTEIN HARROW LLP
810 7th Street NE, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

James Crooks
(*admitted pro hac vice*)
Michael Lieberman
(*admitted pro hac vice*)
FAIRMARK PARTNERS, LLP
1825 7th Street NW, #821
Washington, DC 20001
jamie@fairmarklaw.com
(619) 507-4182

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMANDA HOUGHTON, CHARLES DOUGLAS, and SUSAN FRANKLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPOUND DAO, a California general partnership; ROBERT LESHNER; GEOFFREY HAYES; AH CAPITAL MANAGEMENT, LLC; POLYCHAIN ALCHEMY, LLC; BAIN CAPITAL VENTURES (GP), LLC; GAUNTLET NETWORKS, INC; PARADIGM OPERATIONS LP,<br><br>Defendants. | Case No. 3:22-cv-7781-WHO<br><br>**Hon. William H. Orrick**<br><br>**NOTICE OF MOTION AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT AMANDA HOUGHTON, CHARLES DOUGLAS, AND SUSAN FRANKLIN AS LEAD COUNSEL AND TO APPROVE LEAD COUNSEL**<br><br>**Date: February 6, 2023<br>Hearing Date: March 8, 2023<br>2:00 pm, Courtroom 2** |

**NOTICE OF MOTION AND RELIEF REQUESTED**

PLEASE TAKE NOTICE that, on March 8, 2023 at 2:00 pm,[1] or at some other time as the Court directs, Plaintiffs Amanda Houghton, Charles Douglas, and Susan Franklin will move this Court, pursuant to 15 U.S.C. § 77z-1(a)(3) for the entry of the following Order.

The requested Order will (1) appoint each as Lead Plaintiff on behalf of a class consisting of all people who purchased or obtained COMP on or after December 8, 2021, while excluding from the class Defendants; corporate officers, members of the boards of directors, and senior executives of Defendants; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest; and (2) approve proposed Lead Plaintiffs' selection of Gerstein Harrow LLP and Fairmark Partners LLP as Lead Counsel for the Class.

---

[1] While Local Rule 7-2 specifies that noticed motions in this District be set for hearing no less than 35 days from the filing date of the motion, the governing statute requires that the Court consider this motion "not less than 90 days after the date on which notice is published." 15 U.S.C. § 77z-1(a)(3)(B)(i). Notice was published on December 9, 2022, *see* Harrow Decl. ¶ 4, Ex. A, so the statute requires that this Motion be considered by March 9, 2023. The noticed motion date, March 8, 2023, is the latest date on this Court's civil law and motion calendar within the statutory deadline.

# POINTS AND AUTHORITIES

## I. STATEMENT OF THE ISSUES TO BE DECIDED

In this proposed class action alleging securities violations based on the sale of cryptocurrency tokens, the provisions of the Private Securities Litigation Reform Act (PSLRA) govern the appointment of a lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i) (directing court to appoint as lead plaintiff in a securities action "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."). There is a rebuttable presumption that the lead plaintiff has either filed the Complaint or made a motion to be appointed lead plaintiff, has the largest financial interest in the relief, and satisfies the requirements of Rule 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii). Here, the three Named Plaintiffs together are the most adequate Lead Plaintiff.

The issues to be decided are whether the Named Plaintiffs should be appointed lead Plaintiff and whether their counsel should be appointed Lead Counsel.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Nature of the case

As detailed in the Complaint, Compound is a business that allows users to borrow and lend crypto assets, in much the same way that a traditional bank allows customers to borrow and lend traditional currencies. Like a traditional bank, Compound earns money on the spread between the rate borrowers pay and the rate lenders earn. The aggregate loans made through Compound were worth a little under three billion dollars as of the date the Complaint was filed.

Compound was created in 2017 by Compound Labs, Inc., a corporation headquartered in San Francisco. In May 2020, Compound Labs transferred control over the Compound business to Defendant Compound DAO, a California general

partnership.² Compound DAO is governed by the holders of a security called COMP. In this respect, the DAO is analogous to a traditional company governed by its shareholders, except in crypto terminology, a unit of COMP is referred as a "token" instead of a "share." More than 50% of COMP tokens are controlled by fewer than ten people, including all the Defendants here other than Compound DAO (these other Defendants are referred to as "Partner Defendants"). As Compound Labs' general counsel put it when the company passed control to Compound DAO, these people now "manage" the Compound business.

Shortly after Compound Labs transferred control of its business to Compound DAO, the DAO began offering COMP tokens to the public. It did so through a process known as "yield farming": Users who borrowed or loaned crypto assets with Compound were provided with COMP proportional to the amount they borrowed or loaned. COMP immediately exploded in value, creating a speculative frenzy of users borrowing and lending assets not because they had a need for those services, but solely to obtain COMP from the DAO with the expectation of making a profit by immediately selling it on the secondary market. The price of COMP skyrocketed, and then it plummeted.

COMP is a security. Users purchase COMP to gain an ownership share in the Compound business, expecting to earn profits based on the efforts of the Partner Defendants and a handful of other people who together control and manage the business. No registration statements have been filed with the SEC or have been in effect with respect to the offering of COMP tokens.

Compound DAO and the Partner Defendants sell COMP directly to investors through the Compound protocol, in exchange for using the service and paying fees. Compound DAO and the Partner Defendants also solicit sales of COMP on the

---

² Compound DAO was served but has not appeared in this action. A request for default against it is pending. *See* ECF No. 39.

secondary market through their extensive promotion of COMP, their efforts to facilitate and encourage a robust secondary market for COMP, and their performance of other steps necessary to the widespread distribution of COMP to investors.

Because Compound DAO and the Partner Defendants offer and sell COMP to the public and solicit such sales without registration or qualification, Plaintiffs brought this purported class action for rescission or rescissory damages pursuant to 15 U.S.C. §§ 77e(a), 77e(c), and 77l(a)(1).

### B.   Procedural Background

On December 9, 2022, pursuant to the process outlined in the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B)(i), Plaintiffs published a notice via *Business Wire* that announced the pendency of this action, the claims asserted, the purported class period, and the lead plaintiff deadline.[3] *See* Harrow Decl. ¶ 4, Ex. A. Plaintiffs and all Defendants except Compound DAO stipulated to toll the deadline for Defendants to respond. *See* ECF No. 30 (granting order). Plaintiffs now move to be appointed Lead Plaintiff and to have their counsel be appointed Lead Counsel.

### III.   ARGUMENT

### A.   The Named Plaintiffs Should Be Appointed Lead Plaintiffs.

The PSLRA sets forth the procedure for selecting a lead plaintiff in "each private action arising under the [relevant subchapter] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1). The Ninth Circuit has set forth a three-part test for determining whether a movant meets the PSLRA's criteria for lead plaintiff. *GGCC, LLC v. Dynamic Ledger Solutions, Inc.*, No. 17-cv-06779, 2018 WL 1388488, at *3 (N.D. Cal. Mar. 16, 2018) (outlining test).

---

[3] A defective notice was published on December 8, 2022; the December 9 notice stated that it had been corrected and updated and noticed potential movants that they had to file a motion to be appointed Lead Plaintiff within 60 days of the publication of the updated notice. *See* Harrow Decl. ¶ 4, Ex. A.

First, a court must determine whether the plaintiff or plaintiffs in the first-filed action issued a notice publicizing the pendency of the lawsuit. 15 U.S.C. § 77z-1(a)(3)(A).

Second, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). The most adequate plaintiff can be multiple people, and the Lead Plaintiff is presumed to be the "person or group" that has filed the Complaint or a motion for appointment, has the largest financial interest in the litigation, and satisfies Rule 23's adequacy and typicality requirements. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Third, if there is more than one filer, a court must determine whether the presumption of the most adequate plaintiff was rebutted, which can occur through the presentation of "proof" that the presumptively most adequate plaintiff or plaintiffs "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Plaintiffs here meet all of these requirements.

### 1.   Plaintiffs timely published the required notice and filed this motion.

On December 9, 2022, Plaintiffs published the notice required by the PSLRA. Harrow Decl. ¶ 4, Ex. A. The notice stated that the deadline to file motions for appointment as lead plaintiff would be 60 days from that date, which is February 7, 2023. This motion was filed within that time.

### 2.   The Named Plaintiffs have the largest financial interest.

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the movant with the largest financial interest in the relief sought by the

class, as long as that movant also satisfies Rule 23's adequacy and typicality requirements. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Each Named Plaintiff has filed a required certification outlining the size of their holdings. *See* ECF Nos. 1-1, 1-2, 1-3. Named Plaintiffs are unaware, as of this filing, of any other movant with a larger financial interest in the outcome of this Action. Accordingly, pursuant to the PSLRA, this Court shall appoint this group as Lead Plaintiff, as there is no other movant that could represent the class. 15 U.S.C. § 77z-1(a)(3)(B)(i).

### 3. The Named Plaintiffs satisfy Rule 23's requirements.

The movant with the largest financial interest is considered the most adequate plaintiff as long as it also "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); *see also GGCC, LLC*, 2018 WL 1388488, at *3 ("As long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he or she is entitled to lead plaintiff status."). On a motion to serve as Lead Plaintiff, a movant need only make a preliminary showing that the adequacy and typicality requirements have been met. *See Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348, 2020 WL 264408, at *4 (Jan. 16, 2020). Here, the Named Plaintiffs satisfy both requirements.

Rule 23's typicality requirement is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Tollen v. Geron Corp.*, No. 20-cv-547, 2020 WL 2494570, at *3 (N.D. Cal. May 14, 2020). Here, like all Class Members, the Named Plaintiffs each received COMP tokens for value, even though Defendants did not register COMP tokens as a security. The claims of the named Plaintiffs are, therefore, typical of—indeed identical to—the claims of all the unnamed class members.

Rule 23's "adequacy" requirement is satisfied when the proposed class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy is whether the presumptive lead plaintiff and its counsel have any conflicts of interest with other class members, and whether they will prosecute the action vigorously on behalf of the class." *Doherty v. Pivotal Software, Inc.*, No. 19-cv-93589, 2019 WL 5864581, at *7 (N.D. Cal. Nov. 8, 2019). The Named Plaintiffs have no conflict with other Class members; their interests are aligned with the other members of the Class. And there is every indication that they will prosecute this case vigorously. They have committed to doing so in their certifications, and they have selected counsel uniquely experienced in cryptocurrency-related litigation to prosecute those claims. *See infra* § B.

Further, courts in this District regularly appoint small groups of plaintiffs with a demonstrated commitment to collective prosecution of the case as lead plaintiff, recognizing that such groups are adequate representatives. *See, e.g.*, *Vataj v. Johnson*, No. 19-cv-06996, 2020 WL 532981, at *2 n.1 (N.D. Cal. Feb. 3, 2020) (appointing a pair of investors). Here, although small holders, all three Named Plaintiffs have shown interest in this matter by being willing to take the major step of filing this novel Complaint. And, given how many dispersed, small holders there are just like them, they can adequately represent the interests of those many unnamed class members who were allegedly injured by the same misconduct by Defendants.

**B.     The Court should approve Named Plaintiffs' counsel.**

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should approve Gerstein Harrow LLP and Fairmark Partners, LLP as the Named Plaintiffs' selection for Lead Counsel.

Although a novel area of law, Gerstein Harrow LLP already serves as counsel in two putative class actions involving cryptocurrency DAOs, *Kent v. Pooltogether, Inc.*, No. 21-cv-6025 (E.D.N.Y.), and *Ometak v. bZx DAO*, No. 22-cv-618 (S.D. Cal.). Founding partner Charles Gerstein has been recognized in the media as an expert on the legal aspects of cryptocurrency and has appeared, among other places, on CNBC and NPR to discuss issues related to cryptocurrency. *See* Chris Arnold, *FTX Investors Are Unable To Access Their Money…*, NPR (Nov. 17, 2022), *available at* https://perma.cc/NLG2-VMCD; CNBC Television, *Crypto World* (Dec. 2, 2022), *available at* https://perma.cc/Y26S-B2EQ.

Further, both founding partners of Gerstein Harrow have significant experience litigating complex cases and major class actions, including class actions involving crypto. Gerstein has, among other things, served as lead counsel in a class action case against the City of Houston that settled for $1.175 million, and has served as counsel or lead counsel in several complex class actions seeking prospective relief against public entities and officers throughout the country. As a law clerk for the U.S. District Court of the Southern District of New York and the U.S. Court of Appeals for the Second Circuit, Gerstein advised the courts on several complex class-action cases.

Partner Jason Harrow has litigated complex cases on behalf of New York State and its agencies as an Assistant Solicitor General, as an associate at the national law firm Davis Wright Tremaine, LLP, and as lead counsel in the U.S. Supreme Court in *Colorado Dep't of State v. Baca*, No. 19-518 (argued May 13, 2020; decided July 6, 2020). As a law clerk for the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the Ninth Circuit, Harrow advised the courts on several complex class-action cases.

Fairmark Partners' attorneys have significant experience litigating complex cases, including major class actions, including class actions involving cryptocurrency such as the aforementioned *Kent v. Pooltogether, Inc.*, No. 21-cv-6025 (E.D.N.Y.).

James Crooks, a founding partner of Fairmark Partners, has significant experience litigating complex cases, including major class actions. After clerking for the U.S. Court of Appeals for the Ninth Circuit and the U.S. Supreme Court, where he advised the courts on several complex class-action cases, Crooks joined the international law firm O'Melveny & Myers, LLP, where he was a litigation associate for several years. There, he litigated complex commercial cases, including class actions, relating to financial products, insurance, products liability, and consumer protection at the federal trial, court of appeals, and Supreme Court levels. Crooks currently serves as lead counsel on several class action matters, including *Parker v. Perdue Foods, LLC*, No. 22-cv-268 (M.D.Ga.), *Alvarado v. Western Range Ass'n*, 22-cv-249 (D.Nev.), *Uriel Pharmacy Health and Welfare Plan v. Advocate Aurora Health Inc.*, No. 22-cv-610 (E.D.Wis.), and *Huskey v. State Farm Fire & Casualty Co.*, No. 22-cv-7014 (N.D.Ill.).

Several of Fairmark's other attorneys have years of experience in complex commercial litigation, including class actions, at major U.S. and international law firms, including Williams & Connolly, LLP, Proskauer Rose, LLP, and Kirkland & Ellis LLP.

Thus, the Court can be confident that the Class will receive excellent legal representation from the Named Plaintiffs' chosen counsel.

### IV.  CONCLUSION

For the foregoing reasons, the three Named Plaintiffs respectfully request that the Court enter an order appointing them as Lead Plaintiff and approving their selection of Gerstein Harrow LLP and Fairmark Partners, LLP as lead counsel.

Respectfully submitted,

*/s/ Jason Harrow*
Jason Harrow
(Cal. Bar No. 308560)

GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293(323) 744-5293

Charles Gerstein
(*admitted pro hac vice*)
Emily Gerrick*
(*pro hac vice application forthcoming*)
GERSTEIN HARROW LLP
810 7th Street NE, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

James Crooks
(*admitted pro hac vice*)
Michael Lieberman
(*admitted pro hac vice*)
FAIRMARK PARTNERS, LLP
1825 7th St. NW, #821
Washington, DC 20001
jamie@fairmarklaw.com
(619) 507-4182

*Attorneys for Plaintiffs*

\* *Admitted to practice in Texas only. Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(8), with supervision by Charles Gerstein.*

**MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL**