UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HOUGHTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT LESHNER, et al.,<br><br>Defendants. | Case No. 22-cv-07781-WHO<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. No. 47 |

Plaintiffs Amanda Houghton, Charles Douglas, and Susan Franklin ("Plaintiffs") move under 15 U.S.C. § 77z-1(a)(3),[1] seeking appointment as Lead Plaintiff and approval of their selection of Gerstein Harrow LLP and Fairmark Partners LLP as Lead Counsel for a class of people who purchased COMP, a cryptocurrency asset.[2]  *See* Complaint, (Dkt. No. 1) ¶¶ 4, 188. This matter is appropriate for resolution on the papers and the hearing on March 15, 2023 is hereby VACATED.  *See* Civ. L.R. 7-1(b).

Plaintiffs have satisfied the PSLRA notice requirement[3] and are the only plaintiff or plaintiff group who has moved for appointment.  Under the PSLRA, there is rebuttable presumption that Plaintiffs are the "most adequate" given that they filed the Complaint, made a motion for appointment, and appear to satisfy Fed. R. Civ. Proc. 23 requirements.[4]

---

[1] Private Securities Litigation Reform Act or "PSLRA."

[2] The plaintiffs seek appointment under the PSLRA to represent the following class: "all people who purchased or obtained COMP on or after December 8, 2021, while excluding from the class Defendants; corporate officers, members of the boards of directors, and senior executives of Defendants; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest." Compl., ¶ 188.

[3] *See* Declaration of Jason Harrow (Dkt. No. 47-1) ¶ 4.

[4] 15 U.S.C. § 77z-1(a)(3)(b)(iii) provides:
   Rebuttable presumption

No other plaintiff or plaintiff group has come forward to be appointed. However, the defendants who have appeared in this action oppose the appointment of these Plaintiffs.[5] These "Partner Defendants" argue, assuming without admitting and reserving their rights to challenge whether the PSLRA governs COMP or this case,[6] that Plaintiffs are inadequate under the PSLRA because their financial interest in COMP is negligible. The Partner Defendants allege that the Plaintiffs combined spend to purchase COMP tokens was only $80. Oppo. at 2.

The Partner Defendants rely on a few cases where district courts have rejected proposed PSLRA Lead Plaintiffs, given the proposed Leal Plaintiff's minimal investment. *See, e.g., McCormack v. Dingdong (Cayman) Ltd.*, 2022 WL 17336586, at *5 (S.D.N.Y., 2022) (denying unopposed appointment of a plaintiff who had suffered only $500 in losses, where plaintiff submitted only "a pro forma certification that includes no details about his background, years of investing experience, or other indicia of sophistication," where plaintiff's particular losses might not be recoverable, and where the PSLRA notice was deficient); *Guo v. Tyson Foods, Inc.*, 2022 WL 5041798, at *5 (E.D.N.Y. Sept. 30, 2022) (denying motion for appointment of lead counsel where two movants together alleged a "nominal" "combined total loss of $323.20"); *Bosch v. Credit Suisse Grp. AG, Inc.*, 2022 WL 4285377, at *6 (E.D.N.Y. Sept. 12, 2022) (a plaintiff did

---

(I) In general Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this subchapter is the person or group of persons that--
    (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
(II) Rebuttal evidence
The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--
    (aa) will not fairly and adequately protect the interests of the class; or
    (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

[5] Defendants who have appeared are alleged to be "Partner Defendants" who control more than 50% of the COMP tokens. Defendant Compound DAO (a general partnership) has not appeared in this action. Comp. ¶ 2.

[6] Opposition (Dkt. No. 55) at 1 n.2.

not "preliminarily satisfy the adequacy requirement of Rule 23(a)" where the plaintiff claimed only $621 in losses and therefore "lack[ed] a sufficient financial interest in the outcome of the case to incentivize him to monitor counsel's performance and control the litigation on behalf of the putative class."). The Partner Defendants contend appointment of Plaintiff with their minimal fiscal interest is contrary to the purposes of the PSLRA and makes these Plaintiffs atypical and inadequate as better suited larger, institutional investors would better represent the class.

Plaintiffs point, instead another recent decision. *Nayani v. LifeStance Health Group, Inc.*, 2022 WL 16985717, at *3 (S.D.N.Y., 2022). There, the Hon. Jed Rakoff appointed a Lead Plaintiff who pleaded only $385 in damages (over a plaintiff who suffered 608 in damages but was subject to a unique defense). He rejected the defendants' argument that plaintiffs with small or modest alleged loses should not be appointed Lead Plaintiffs under the PSLRA, as that argument "is at odds with both the text and the purpose of PSLRA, not to mention one of the main purposes of aggregate litigation itself. Even if all moving plaintiffs have only a small financial interest at stake, one of the movants might nonetheless satisfy Rule 23's adequacy requirement if he demonstrates his willingness and ability to represent the interests of the class." *Id* at *5. The court was satisfied that the plaintiff with an alleged loss of $385 was otherwise adequate under Rule 23 because he selected a "well-known player in securities class actions," had demonstrated a willingness and ability to supervise counsel on behalf of the class, and had experienced negotiating with and managing attorneys. *Id*.; *see also Fagen v. Enviva Inc.*, 2023 WL 1415628, at *3 (D.Md., 2023) (appointing movant with "relatively modest" $781 in losses where plaintiff attested to "his investing experience, his motivation to recover losses experienced by himself and the class, his understanding of the responsibilities of a lead plaintiff, his commitment to working with counsel and attending matters related to the prosecution of this litigation on behalf of the class").

Here I find that the Plaintiffs are not disqualified by the small size of their alleged losses. Indeed, Plaintiffs explain why – given the design of the DAO and the alleged majority ownership of the Partner Defendants and decentralized distribution, Compl. ¶¶ 76, 176 – institutional or other large investors are unlikely to step forward in this case. See also Oppo. at 10-12. I also find that

1  the Plaintiffs nominally satisfy Rule 23's typicality and adequacy requirements.  While the

2  declarations from Plaintiffs are identical and *pro forma*, no other argument and no evidence has

3  been raised by the Partner Defendants or anyone else regarding these Plaintiffs' adequacy.

4      On this record and at this juncture, I find Amanda Houghton, Charles Douglas, and Susan

5  Franklin ("Plaintiffs") are facially adequate for appointment as Lead Plaintiff.  I also approve of

6  Plaintiffs selection of Gerstein Harrow LLP and Fairmark Partners LLP as Lead Counsel.

7  Plaintiffs' counsel have outlined their experience in cryptocurrency and complex class action

8  litigation.  *See generally* Harrow Decl., 47-1.  The Partner Defendants have not raised any reason

9  why that counsel might not competently represent Lead Plaintiff and the class and I see none.

10     A Case Management Conference is set for April 11, 2023, at 2:00 p.m.  The Joint Case

11 Management Conference Statement shall be filed by April 4, 2023.  It shall include, among other

12 things, a proposed trial calendar.

13 **IT IS SO ORDERED.**

14 Dated: March 13, 2023



William H. Orrick
United States District Judge

4