1  Jason Harrow                         James Crooks
   (Cal. Bar No. 308560)                (*pro hac vice*)
2  GERSTEIN HARROW LLP                  Michael Lieberman
3  3243B S. La Cienega Blvd.            (*pro hac vice*)
   Los Angeles, CA 90016                FAIRMARK PARTNERS, LLP
4  jason@gerstein-harrow.com            1825 7th Street NW, #821
   (323) 744-5293                       Washington, DC 20001
5                                       jamie@fairmarklaw.com
6                                       (619) 507-4182

   Charles Gerstein
7  (*pro hac vice*)
   Emily Gerrick
8  (*pro hac vice*)
   GERSTEIN HARROW LLP
9  810 7th Street NE, Suite 301
10 Washington, DC 20002
   charlie@gerstein-harrow.com
11 (202) 670-4809

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA HOUGHTON, CHARLES DOUGLAS, and SUSAN FRANKLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPOUND DAO, a California general partnership; ROBERT LESHNER; GEOFFREY HAYES; AH CAPITAL MANAGEMENT, LLC; POLYCHAIN ALCHEMY, LLC; BAIN CAPITAL VENTURES (GP), LLC; GAUNTLET NETWORKS, INC; PARADIGM OPERATIONS LP,<br><br>Defendants. | Case No. 22-cv-7781-WHO<br><br>**PLAINTIFFS' SURREPLY REGARDING DEFENDANTS' MOTION TO DISMISS**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**Date: August 16, 2023<br>Time: 2:00 PM<br>Courtroom 2<br>Before the Hon. William H. Orrick** |

**PLAINTIFFS' SURREPLY**

Plaintiffs submit this short Surreply to address an argument raised for the first time in Defendants' Reply In Support of Motion to Dismiss (ECF No. 88).

Plaintiffs' First Amended Complaint (ECF No. 76) alleges that the Compound DAO general partnership unlawfully solicited the sales of unregistered securities, and that under California partnership law, the other defendants ("Partner Defendants") are jointly and severally liable for the DAO's securities-law violations. *See, e.g.*, FAC ¶ 5 ("Compound DAO . . . solicit[s] sales of COMP on the secondary market."); *id.* ¶ 92 ("[The Partner Defendants] accordingly have created a general partnership . . . under California law and are jointly and severally liable."). In their Motion to Dismiss (ECF No. 79), Defendants argued that "Plaintiffs fail to allege that . . . Compound DAO solicited sales," Mot. at 2, but they did not argue that there was any legal impediment to holding the DAO's partners jointly and severally liable for the DAO's wrongdoing.

In their Reply, however, Defendants raise a new argument: they now contend that "the Securities Act does not allow [a] theory of partnership liability." Reply at 4. This Court should not consider the argument, because "arguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (citation omitted); *see also Pham v. Fin. Indus. Regul. Auth. Inc.*, No. 12-cv-6374, 2013 WL 1320635, at *1 (N.D. Cal. Apr. 1, 2013) ("[T]hese arguments—raised for the first time on reply—have been waived."), *aff'd sub nom. Huy Pham v. Fin. Indus. Regul. Auth., Inc.*, 589 F. App'x 345 (9th Cir. 2014).

On the merits, Defendants' new argument is wrong. Defendants confuse the federal-law question of who committed the statutory violation with the state-law question of who must answer for a general partnership's wrongdoing. Under federal law, Section 12 of the Securities Act provides a cause of action against "[a]ny person" who sells unregistered securities, 15 U.S.C. § 77*l*(a)(1), and defines "person" to include "a partnership," *id.* § 77b(a)(2). The Complaint satisfies that clear textual

1  requirement: Plaintiffs plausibly allege the Compound DAO is a general partnership
2  that violated § 77*l*(a)(1) and that these Defendants are its general partners. (FAC ¶¶
3  91–158 (allegations under the heading "Compound DAO is a general partnership").)
4  And it is beyond dispute that, under state law, "[a] general partner, of course, is liable
5  for all debts of a partnership." *Mariani v. Price Waterhouse*, 70 Cal. App. 4th 685, 706
6  (Cal. Ct. App. 1999). Indeed, none of these basic legal or factual propositions are
7  contested for purposes of this Motion to Dismiss.[1] The Partner Defendants are
8  therefore proper defendants.

The cases Defendants cite are not to the contrary. The cases stand only for the federal-law proposition, undisputed here, that only those who solicit the sales of unregistered securities violate the Securities Act—that, for example, there is no "aiding and abetting" liability. *See, e.g.*, *In re Keegan Mgmt. Co., Sec. Litig.*, 1991 WL 253003, at *11 (N.D. Cal. Sept. 10, 1991) (cited at Reply 4) (rejecting aiding and abetting liability); *Capri v. Murphy*, 856 F.2d 473, 478–79 (2d Cir. 1988) (cited at Reply 4) (finding no liability because relevant defendant did not "actually solicit[]," which is unrelated to liability of a general partnership under the securities laws). Defendants' claim that "Congress plainly made a decision to extend only Section 11 liability to partners, but not Section 12," Reply at 5, is thus a *non sequitur*: Plaintiffs do not presently allege that the Partner Defendants are *directly* liable under Section 12. Rather, the Partner Defendants are liable because the Compound DAO is liable under Section 12, and, because the DAO is a general partnership that lacks limited-liability protections, these Defendants answer for the DAO's liabilities.

Respectfully submitted,

*/s/ Jason Harrow*
Jason Harrow
(Cal. Bar No. 308560)

---

[1] Defendants assert that they might challenge one or all of these propositions at some later time, but they have not challenged any of them for purposes of this motion. *See* Reply at 1 n.1 (stating that Defendants "expressly reserved all arguments").

GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Charles Gerstein*
Charles Gerstein
(*pro hac vice*)
Emily Gerrick
(*pro hac vice*)
GERSTEIN HARROW LLP
810 7th Street NE, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ James Crooks*
James Crooks
(*pro hac vice*)
Michael Lieberman
(*pro hac vice*)
FAIRMARK PARTNERS, LLP
1825 7th Street NW, #821
Washington, DC 20001
jamie@fairmarklaw.com
(619) 507-4182

*Attorneys for Plaintiffs*