**CLEARY GOTTLIEB STEEN
& HAMILTON LLP**
Jennifer Kennedy Park (SBN 344888)
jkpark@cgsh.com

1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Roger A. Cooper (Admitted *pro hac vice*)
Jared Gerber (Admitted *pro hac vice*)
Samuel Levander (Admitted *pro hac vice*)

One Liberty Plaza
New York, NY 10006

Attorneys for Defendant
POLYCHAIN ALCHEMY, LLC

[*additional parties in signature block*]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amanda Houghton; Charles Douglas; and Susan Franklin,<br><br>Plaintiffs,<br><br>v.<br><br>Compound DAO; Robert Leshner; Geoffrey Hayes; AH Capital Management, LLC; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc.; Paradigm Operations LP,<br><br>Defendants. | Case No. 3:22-cv-07781-WHO<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SURREPLY REGARDING DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing Date: August 16, 2023<br>Time: 2:00 PM<br>Courtroom: Courtroom 2<br>Before: Hon. William H. Orrick |

1    The arguments in Plaintiffs' Surreply Regarding Defendants' Motion to Dismiss (the "Surreply"), ECF No. 89–2, lack merit and do not save the Amended Complaint from dismissal.

Plaintiffs first contend that Defendants waived the argument that "'the Securities Act does not allow [a] theory of partnership liability'" because it was a "new argument . . . 'raised for the first time in a reply brief.'" Surreply at 1. This assertion fails because it rests on a false premise. An argument first raised in a reply brief is not "new," in the relevant sense, when it "responds to arguments raised by Plaintiff[s] in the opposition" brief. *Afifeh v. Ahamadabadi*, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022); *see also Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020). Defendants' Reply did just that. Plaintiffs initially alleged that "*Defendants sold COMP tokens* both by transferring title to COMP tokens directly to class members and/or by soliciting the purchase of COMP tokens by Plaintiffs." Am. Compl. ¶ 212, ECF No. 76 (emphasis added). Defendants' Motion to Dismiss ("Mot"), ECF No. 79, rebutted that assertion, explaining that Plaintiffs failed to state a claim against any individual Defendant or the "Compound DAO." Mot. at 7-8. But in the Opposition ("Opp."), ECF No. 82, Plaintiffs pivoted to a theory that "each Defendant is liable to Plaintiffs based on [the 'Compound DAO's'] solicitation activities" because each Defendant is a general partner of the "Compound DAO." Opp. at 12; *see also id.* at 22 (arguing Defendants "are liable for Compound's actions as its partners"). Plaintiffs' shift prompted Defendants' response that the Securities Act "forecloses holding any Defendants individually liable" under Section 12 "for the alleged actions of the 'Compound DAO.'" Reply at 4. This response was timely because Defendants were not required to "anticipate and rebut" a theory that Plaintiffs did not plead. *Turocy v. El Pollo Loco Holdings, Inc.*, 2018 WL 3343493, at *13 (C.D. Cal. July 3, 2018).

Plaintiffs suggest that the Amended Complaint previewed this issue with a passing reference to the proposition that "[a] general partner . . . is liable for all debts of a partnership" under California law. Surreply at 2; Am. Compl. ¶ 92. But as Plaintiffs recognize, that proposition bears on a "state-law question of who must answer for a general partnership's wrongdoing," not "the federal-law question of who committed the statutory violation." Surreply at 1. Referring to a state law judgment-enforcement principle related to secondary liability for partners, *see id.* at 2 (citing

DEFENDANTS' RESPONSE TO PLAINTIFFS' SURREPLY
CASE NO. 3:22-CV-07781-WHO

1

*Mariani v. Price Waterhouse*, 70 Cal. App. 4th 685, 706 (1999)), did not apprise Defendants of Plaintiffs' unsupported position that pleading a claim against a partnership is equivalent to pleading a claim against each individual partner under Section 12.[1]

As to the merits, Plaintiffs' argument that individual Defendants can be liable under Section 12 for acts of the "Compound DAO general partnership," Surreply at 1, is wrong. As Plaintiffs concede, "only those who solicit the sales of unregistered securities violate the Securities Act." Surreply at 2; *see also Pinter v. Dahl*, 486 U.S. 622, 646 (1988) (Section 12 liability "extends only to the *person who successfully solicits the purchase*" (emphasis added)). The only entity that Plaintiffs now allege solicited sales is the "Compound DAO." *See* Surreply at 2 ("Plaintiffs do not presently allege that the Partner Defendants are *directly* liable under Section 12."). But the "Compound DAO" has not even been served, *see* Mot. at 2 nn.1 & 2; Reply at 4, and, in any event, Plaintiffs cite no case law in any of their papers in which partners who were not themselves directly liable were nonetheless found individually liable under Section 12 based on a partnership's violation of Section 12.

Plaintiffs nevertheless seek to support their novel expansion of Section 12 liability by citing Section 2 of the Securities Act, which defines "person" to include "a partnership." Surreply at 1. But Section 2 does *not* define "person" to include "a *partner*," nor does it otherwise contemplate that partners could be directly liable for acts of the partnership. Critically, where Congress intended to make partners directly liable for a partnership's actions, they did so explicitly, as in Section 11, which extends liability to "every person who was a . . . partner in the issuer." 15 U.S.C. § 77k(a)(2); *see* Reply at 4-5 (citing *Russello v. United States*, 464 U.S. 16, 23 (1983)).

For these reasons, Plaintiffs fail to state a claim against any individual Defendant and, for the reasons explained in Defendants' briefing, fail to state a claim against the "Compound DAO."

---

[1]   Even if Plaintiffs were correct that Defendants raised this argument for the first time on Reply (they are not), this Court has "discretion to consider arguments raised . . . for the first time in a reply brief," and should do so here. *Border Power Plant Working Grp. v. Dep't of Energy*, 2006 WL 8455397, at *2 (S.D. Cal. Feb. 8, 2006) (citing *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001)) (considering new reply argument where plaintiff filed surreply); *see also Wilridge v. Marshall*, 2014 WL 1217974, at *3 n.4 (N.D. Cal. Mar. 21, 2014) (similar).

| | |
|---|---|
| 1   Dated: August 7, 2023 | |
| 2 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |

Dated: August 7, 2023

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Jennifer Kennedy Park*
Jennifer Kennedy Park (SBN 344888)
jkpark@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Roger A. Cooper (Admitted *pro hac vice*)
racooper@cgsh.com
Jared Gerber (Admitted *pro hac vice*)
jgerber@cgsh.com
Samuel Levander (Admitted *pro hac vice*)
slevander@cgsh.com
One Liberty Plaza
New York, NY 10006
Tel: +1 (212) 225-2000

*Attorneys for Defendant*
*Polychain Alchemy, LLC*

LATHAM & WATKINS LLP

*/s/ Matthew Rawlinson*
Matthew Rawlinson (SBN 231890)
matt.rawlinson@lw.com
140 Scott Drive
Menlo Park, CA 94025
Tel: +1 (650) 328-4600

Morgan E. Whitworth (SBN 304907)
morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: +1 (415) 391-0600

Douglas K. Yatter (SBN 236089)
douglas.yatter@lw.com
Benjamin Naftalis (Admitted *pro hac vice*)
benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: +1 (212) 906-1200

Susan E. Engel (Admitted *pro hac vice*)
susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: +1 (212) 637-2200

*Attorneys for Defendant AH Capital Management, L.L.C.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
/s/ Peter B. Morrison
Peter B. Morrison (SBN 230148)
peter.morrison@skadden.com
Zachary M. Faigen (SBN 294716)
zack.faigen@skadden.com
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel: +1 (213) 687-5000

Alexander C. Drylewski (Admitted *pro hac vice*)
alexander.drylewski@skadden.com
One Manhattan West
New York, NY 10001
Tel: +1 (212) 735-3000

*Attorneys for Defendant Paradigm Operations LP*

JENNER & BLOCK LLP
/s/ Kayvan B. Sadeghi
Kayvan B. Sadeghi (Admitted *pro hac vice*)
ksadeghi@jenner.com
1155 Avenue of the Americas
New York, NY 10036
Tel: +1 (212) 891 1600

Benjamin T. Hand (Cal. Bar No. 330451)
bhand@jenner.com
455 Market Street Suite 2100
San Francisco, CA 94105
Tel: +1 (628) 267-6800

*Attorneys for Defendant Bain Capital Ventures (GP), LLC*

MORRISON COHEN LLP
/s/ Jason Gottlieb
Jason Gottlieb (Admitted *pro hac vice*)
jgottlieb@morrisoncohen.com
Michael Mix (Admitted *pro hac vice*)
mmix@morrisoncohen.com
Edward P. Gilbert (Admitted *pro hac vice*)
egilbert@morrisoncohen.com
Vani Upadhyaya (Admitted *pro hac vice*)
vupadhyaya@morrisoncohen.com
909 Third Avenue
New York, NY 10022
Tel: +1 (212) 735-8600

LONDON & STOUT P.C.

Ellen London (SBN 325580)
elondon@londonstoutlaw.com
1999 Harrison St., Suite 655
Oakland, CA 94612
Tel: +1 (415) 862-8494

*Attorneys for Defendants
Robert Leshner, Geoffrey Hayes,
and Gauntlet Networks, Inc.*

**FILER'S ATTESTATION**

I, Jennifer Kennedy Park, am the ECF User whose ID and password are being used to file this Notice of Motion and Motion to Dismiss. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document have been obtained from each of the other signatories.

Dated: August 7, 2023                     */s/ Jennifer Kennedy Park*
                                          Jennifer Kennedy Park