**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMANDA HOUGHTON, CHARLES DOUGLAS, and SUSAN FRANKLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPOUND DAO, a California general partnership; ROBERT LESHNER; GEOFFREY HAYES; AH CAPITAL MANAGEMENT, LLC; POLYCHAIN ALCHEMY, LLC; BAIN CAPITAL VENTURES (GP), LLC; GAUNTLET NETWORKS, INC; PARADIGM OPERATIONS LP,<br><br>Defendants. | Case No. 22-cv-7781-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Case Management Conference</u><br>**Date: October 31, 2023<br>Time: 2:00 PM<br>Courtroom 2 (videoconference)<br>Before the Hon. William H. Orrick** |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties-to the above-captioned action hereby jointly submit the following Joint Case Management Statement.

### 1. Jurisdiction and Service

This Court has subject-matter jurisdiction over this Action under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa.  The parties do not object to venue or dispute personal jurisdiction.

The parties agree that Leshner, Hayes, AH Capital Management, Polychain, Bain, Gauntlet, and Paradigm (the "Individual Defendants") have been served and the time within which they could contest service has passed.

As to service on "Compound DAO," the parties disagree. Plaintiffs allege that Compound DAO is a general partnership and maintain that, under California law, a general partnership may be served by serving "a general partner." Cal. Code Civ. Proc. § 416.40(a). Plaintiffs served Defendant Polychain Alchemy LLC, who Plaintiffs allege is a general partner in Compound DAO, with a summons directed to Compound DAO on December 14, 2022. Defendant Polychain Alchemy LLC contends it is not a general partner in the Compound DAO.  Plaintiffs contend that they also served the Complaint on Compound DAO through the online mechanism that Compound DAO created to allow itself to be contacted by the public—namely, the "Compound Community Forum" (ECF 39).  Plaintiffs filed a proof of service with the Court on December 16, 2022 (ECF 16).  On January 4, 2023, Polychain sent a letter to Plaintiffs that Polychain contends rejected service on Compound DAO.  Plaintiffs twice thereafter moved for entry of default against Compound DAO. (ECF 39, 83). Both times, the Clerk declined to enter default. (ECF 48, 84). Compound DAO has not answered or otherwise responded to the Complaint. The parties anticipate discussing how to proceed with the Court at the upcoming case-management conference.

### 2. Facts

Plaintiffs assert a federal securities claim under the Securities Act of 1933 on behalf of themselves and all other persons who purchased or obtained COMP tokens on or after December 8, 2021. The First Amended Complaint ("AC") alleges, among other things, that Defendants are

liable under Sections 5 and 12(a)(1) of the 1933 Act for the sale and solicitation of sales of COMP without a registration statement in effect with the Securities Exchange Commission as to COMP. Defendants deny all of Plaintiffs' material factual allegations and also deny that they violated any federal securities laws. They refer generally to the statement of facts set forth in their motion to dismiss filed on May 12, 2023. *See* ECF No. 79.

### 3.     Legal Issues

Plaintiffs contend that the primary legal issues in dispute are: whether COMP tokens are securities within the meaning of Section 2(a)(1) of the Securities Act, 15 U.S.C. § 77b(a)(1), *see S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946); whether the Individual Defendants and/or the Compound DAO solicited the purchase of unregistered securities, in violation of Section 12 of the Securities Act; whether Defendants formed a general partnership to issue and sell COMP; and whether the Individual Defendants are general partners in the Compound DAO.

Defendants contend that the following primary legal issues also require resolution: whether Compound DAO is a general partnership under California law; who the members of the alleged Compound DAO partnership are; whether Plaintiffs, as alleged COMP token holders, are general partners of the alleged Compound DAO partnership and whether Plaintiffs would thus be jointly and severally liable for any alleged liability on the part of the purported partnership; whether partners can be liable under Section 12 of the Securities Act for acts of an alleged partnership; whether the Individual Defendants and/or the Compound DAO solicited the purchase of unregistered securities, in violation of Section 12 of the Securities Act; whether Plaintiffs can pursue a claim for direct liability under Section 12 against the Individual Defendants; whether a plaintiff can bring a claim for solicitation under Section 12 of the Securities Act based on an alleged solicitation the plaintiff did not see and was not aware of; whether a solicitation under Section 12 of the Securities Act must be a communication, as opposed to non-communicative conduct; whether Plaintiffs can prove a causal connection between the alleged solicitations and their purchases of COMP tokens; whether Plaintiffs can certify a class where the putative class members are, under Plaintiffs' own theory, also general partners in the alleged Compound DAO

partnership based on their ownership of COMP tokens; whether Plaintiffs can recover damages and, if so, the quantum of damages.

Plaintiffs dispute Defendants' loaded characterizations of the legal issues in dispute, including the suggestion that Plaintiffs and/or absent class members are liable under Plaintiffs' theory.

**4.      Motions**

On February 6, 2023, Plaintiffs moved for appointment as lead plaintiffs and for the appointment of undersigned as class counsel. ECF No. 47. The Court granted that motion on March 13, 2023. ECF No. 73.

On February 1, 2023 and June 22, 2023, Plaintiffs moved for entry of default as to Compound DAO. ECF Nos. 39, 83. On February 7, 2023 and June 23, 2023, the Clerk declined Plaintiffs' respective motions for entry of default. ECF Nos. 48, 84.

On May 12, 2023, the Individual Defendants jointly moved to dismiss the First Amended Complaint against them. ECF No. 79. This Court denied that motion on September 20, 2023. ECF No. 94. On October 13, 2023, Paradigm, Hayes, Leshner, AH Capital Management, Polychain, and Bain each filed separate motions for leave to file a motion for reconsideration of the Court's order denying the motion to dismiss. ECF Nos. 107-113. Gauntlet filed a motion for the same relief the next business day. ECF No. 114.  These motions for leave remain pending.

Plaintiffs anticipate moving for class certification and the Individual Defendants expect to oppose any such motion.

The Individual Defendants anticipate moving for summary judgment and Plaintiffs will oppose any such motion.

Lead Plaintiffs have selected and retained Susman Godfrey L.L.P. to serve as counsel for the putative class alongside Fairmark Partners LLP and Gerstein Harrow LLP, subject to the Court's approval. Lead Plaintiffs anticipate moving to appoint Susman Godfrey L.L.P. as co-lead counsel.

**5.     Amendment of Pleadings**

Plaintiffs filed their First Amended Complaint ("AC"), by stipulation, on March 31, 2023. ECF No. 76. Defendants reserve their right to object to any further attempt to amend the AC and also reserve their right to seek leave of the Court to amend their answer in the event Plaintiffs amend the AC.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred during the parties' Rule 26(f) conference regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

Under Rule 26(a)(1)(C), initial disclosures will be exchanged on November 7, 2023.

**8.     Discovery**

Discovery is open. To date, no discovery has been served. The parties are conferring regarding a protective order and protocol for electronically stored information. The scope of discovery may change if the Court grants any of the Individual Defendants' pending motions for leave to file a motion for reconsideration referenced above.

Lead Plaintiffs intend to conduct discovery into each of the eight Defendants' solicitation of COMP, Defendants' relationship with Compound Labs, Defendants' involvement in the creation and management of Compound DAO, and Defendants' (and Compound Labs's) communications concerning the same. Lead Plaintiffs also intend to conduct discovery concerning damages. Third party discovery will likely include both document and deposition subpoenas to Compound Labs and the exchanges on which COMP is traded.

Defendants intend to conduct discovery into Plaintiffs and/or third parties with respect to both class certification and merits issues.

5
**JOINT CASE MANAGEMENT STATEMENT**

**9.     Class Actions**

Lead Plaintiffs propose that a class be certified pursuant to Fed R. Civ. P. 23(a) and 23(b)(3). Lead Plaintiffs propose to file a motion for class certification as set forth in the proposed schedule below. Defendants intend to oppose this motion. The Parties have reviewed the Procedural Guidance for Class Action Settlements.

**10.     Related Cases**

This case is not related to any pending cases.

**11.     Relief**

Lead Plaintiffs, on behalf of themselves and all others similarly situated, seek damages and/or rescission to the maximum extent authorized by applicable law. Plaintiffs also seek other relief as this Court may deem just and proper and attorney's fees and costs. The Individual Defendants maintain that Plaintiffs are entitled to no relief and that their claim lacks merit.

**12.     Settlement and ADR**

No settlement discussions have taken place. The Parties have discussed the possibility of settlement discussions and are in compliance with ADR L.R. 3-5, but believe that such settlement discussions are premature at this time.

**13.     Other References**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.     Narrowing of Issues**

The parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

**15.     Expedited Trial Procedure**

The parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

**16.     Proposed Case Schedule**

The parties propose the following schedules:

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Initial Case Management Conference | October 31, 2023 | October 31, 2023 |
| Initial Disclosures | November 7, 2023 | November 7, 2023 |
| Deadline to Amend Pleadings to add Parties or Claims pursuant to FRCP 15(a)(2) | November 4, 2024 | April 5, 2024 |
| Class Certification Motion | February 10, 2025 | April 12, 2024 |
| Opposition to Class Certification | March 24, 2025 | June 14, 2024 |
| Close of Fact Discovery | April 28, 2025 | November 26, 2024 |
| Reply in Support of Class Certification | May 5, 2025 | July 19, 2024 |
| Opening Expert Reports | May 26, 2025 | January 24, 2025 |
| Rebuttal Expert Reports | June 30, 2025 | March 21, 2025 |
| Close of Expert Discovery | August 25, 2025 | May 2, 2025 |
| Summary Judgment Motions | September 29, 2025 | June 27, 2025 |
| Summary Judgment Oppositions | November 24, 2025 | August 22, 2025 |
| Summary Judgment Replies | December 22, 2025 | October 3, 2025 |
| Dispositive Motion Hearing | March 5, 2026 | November 12, 2025 |
| Final Pretrial Conference | June 11, 2026 | March 2, 2026 |
| Trial | July 13, 2026 | March 23, 2026 |

**17.      Trial**

This case will be decided by a jury trial. Plaintiffs currently estimates the trial in this case to last 10-14 days.

**18.      Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Civil L.R. 3-15, Plaintiffs filed a Certification of Interested Entities or Persons ("Certificate) on December 8, 2022 (ECF 2). Defendant Paradigm Operations LP filed its Certificate on January 6, 2023 (ECF No. 33). Defendant AH Capital Management, L.L.C. filed its Certificate on February 21, 2023 (ECF No. 52). Defendant Polychain Alchemy, LLC filed its Certificate on February 27, 2023 (ECF No. 66). Defendant Bain Capital Ventures (GP), LLC filed

its Certificate on March 13, 2023 (ECF No. 72). Defendants Leshner, Hayes, and Gauntlet Networks, Inc. filed their Certificate on October 23, 2023 (ECF Nos. 116, 117, 118).

As required by the Standing Order, the Parties restate here any entities having either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. For Plaintiffs: Counsel for Plaintiffs. For Defendant Paradigm Operations LP: Fred Erhsam, Matt Huang, and Paradigm Operations GP LLC. For Defendant AH Capital Management, L.L.C.: No persons or entities. For Defendant Polychain Alchemy, LLC: No persons or entities. For Defendant Bain Capital Ventures (GP), LLC: Bain Capital Ventures, LP. For Defendant Leshner: No persons or entities. For Defendant Hayes: No persons or entities. For Defendant Gauntlet Networks, Inc.: No persons or entities.

### 19. Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 20. Other Matters

The Parties currently have no other matters to address.

Respectfully submitted,

                          GERSTEIN HARROW LLP

                          */s/ Jason Harrow*
                          Jason Harrow
                          (Cal. Bar No. 308560)
                          GERSTEIN HARROW LLP
                          3243B S. La Cienega Blvd.
                          Los Angeles, CA 90016
                          jason@gerstein-harrow.com
                          (323) 744-5293

Charles Gerstein (*pro hac vice*)
Emily Gerrick (*pro hac vice*)
810 7th Street NE, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

*Attorneys for Plaintiffs*

FAIRMARK PARTNERS, LLP

*/s/Michael Lieberman*
Michael Lieberman (*pro hac vice*)
James Crooks (*pro hac vice*)
1825 7th Street NW, #821
Washington, DC 20001
jamie@fairmarklaw.com
(619) 507-4182

*Attorneys for Plaintiffs*


CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Jared Gerber*
Jennifer Kennedy Park (SBN 344888)
jkpark@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Roger A. Cooper (Admitted *pro hac vice*)
racooper@cgsh.com
Jared Gerber (Admitted *pro hac vice*)
jgerber@cgsh.com
Samuel Levander (Admitted *pro hac vice*)
slevander@cgsh.com
One Liberty Plaza
New York, NY 10006
Tel: +1 (212) 225-2000

*Attorneys for Defendant*
*Polychain Alchemy, LLC*

1  LATHAM & WATKINS LLP

2  */s/ Morgan E. Whitworth*                               \_\_\_\_\_

3  Matthew Rawlinson (SBN 231890)
4  matt.rawlinson@lw.com
   140 Scott Drive
5  Menlo Park, CA 94025
   Tel: +1 (650) 328-4600
6

7  Morgan E. Whitworth (SBN 304907)
   morgan.whitworth@lw.com
8  505 Montgomery Street, Suite 2000
   San Francisco, CA 94111
9  Tel: +1 (415) 391-0600

10 Douglas K. Yatter (SBN 236089)
   douglas.yatter@lw.com
11 Benjamin Naftalis (Admitted *pro hac vice*)
12 benjamin.naftalis@lw.com
   1271 Avenue of the Americas
13 New York, NY 10020
   Tel: +1 (212) 906-1200
14

15 Susan E. Engel (Admitted *pro hac vice*)
   susan.engel@lw.com
16 555 Eleventh Street, NW, Suite 1000
   Washington, D.C. 20004
17 Tel: +1 (212) 637-2200

18
   *Attorneys for Defendant*
19 *AH Capital Management, L.L.C.*

20  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

21 */s/ Zachary M. Faigen*                            _____
   Peter B. Morrison (SBN 230148)
22 peter.morrison@skadden.com
   Zachary M. Faigen (SBN 294716)
23 zack.faigen@skadden.com
   300 South Grand Avenue, Suite 3400
24 Los Angeles, CA 90071
25 Tel: +1 (213) 687-5000

26
   Alexander C. Drylewski (Admitted *pro hac vice*)
27 alexander.drylewski@skadden.com

28

One Manhattan West
New York, NY 10001
Tel: +1 (212) 735-3000

*Attorneys for Defendant*
*Paradigm Operations LP*

JENNER & BLOCK LLP

*/s/ Kayvan B. Sadeghi*
Kayvan B. Sadeghi (Admitted *pro hac vice*)
ksadeghi@jenner.com
1155 Avenue of the Americas
New York, NY 10036
Tel: +1 (212) 891 1600

H. An N. Tran (SBN CA 267685)
ATran@Jenner.com
Benjamin T. Hand (Cal. Bar No. 330451)
bhand@jenner.com
455 Market Street Suite 2100
San Francisco, CA 94105
Tel: +1 (628) 267-6800

*Attorneys for Defendant*
*Bain Capital Ventures (GP), LLC*

MORRISON COHEN LLP

*/s/ Michael Mix*
Jason Gottlieb (Admitted *pro hac vice*)
jgottlieb@morrisoncohen.com
Michael Mix (Admitted *pro hac vice*)
mmix@morrisoncohen.com
Edward P. Gilbert (Admitted *pro hac vice*)
egilbert@morrisoncohen.com
Vani Upadhyaya (Admitted *pro hac vice*)
vupadhyaya@morrisoncohen.com
909 Third Avenue
New York, NY 10022
Tel: +1 (212) 735-8600

LONDON & STOUT P.C.
Ellen London (SBN 325580)
elondon@londonstoutlaw.com
1999 Harrison St., Suite 655

Oakland, CA 94612
Tel: +1 (415) 862-8494

*Attorneys for Defendants
Robert Leshner, Geoffrey Hayes,
and Gauntlet Networks, Inc.*