UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Amanda Houghton; Charles Douglas; and Susan Franklin, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>Compound DAO; Robert Leshner; Geoffrey Hayes; AH Capital Management, LLC; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc.; Paradigm Operations LP,<br><br>      Defendants. | Case No. 3:22-cv-07781-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Case Management Conference**<br>**Date: May 7, 2024**<br>**Time: 2:00 PM**<br>**Courtroom 2 (videoconference)**<br>**Before the Hon. William H. Orrick** |

Pursuant to Federal Rule of Civil Procedure 16, and Civil Local Rule 16-10(d), the parties to the above-captioned action hereby jointly submit the following Joint Case Management Statement, reporting progress or changes since the initial Joint Case Management Statement was filed on October 24, 2023.  *See* ECF No. 119.

On October 31, 2023, the Court entered the currently operative schedule for this matter (ECF No. 132):

| Event | Date |
| --- | --- |
| Case Management Statement | April 30, 2024 |
| Further Case Management Conference | May 7, 2024 at 2:00 p.m. |
| Deadline to Amend Pleadings to add Parties or Claims pursuant to FRCP 15(a)(2) | November 4, 2024 |
| Class Certification Motion | February 10, 2025 |
| Opposition to Class Certification | March 24, 2025 |
| Close of Fact Discovery | April 28, 2025 |
| Reply in Support of Class Certification | May 5, 2025 |
| Class Certification Hearing | May 21, 2025 (time TBD) |
| Opening Expert Reports | May 26, 2025 |
| Rebuttal Expert Reports | June 30, 2025 |
| Close of Expert Discovery | August 25, 2025 |
| Summary Judgment Motions | September 29, 2025 |
| Summary Judgment Oppositions | November 24, 2025 |
| Summary Judgment Replies | December 22, 2025 |
| Dispositive Motion Hearing | February 5, 2026 |
| Final Pretrial Conference | April 13, 2026 at 2:00 p.m. |
| Jury Trial | May 11, 2026 at 8:30 a.m. |

Consistent with this schedule, the parties have exchanged discovery requests and engaged in three global meet and confers.  On March 25, 2024, the Court entered the parties' stipulated Protective Order.  ECF No. 152.  The parties have agreed to a stipulated ESI protocol based on this district's model order, which they will file shortly, and are discussing search

methodologies for purposes of document discovery (*see* § 5). The parties continue to meet and confer on various issues relating to certain discovery requests. There are no motions pending before the Court.

**Lead Plaintiffs' Request for Substantial Completion Deadline.** Lead Plaintiffs propose that the Court enter a deadline of July 8, 2024, for substantial completion of document productions in response to requests for production served as of the date of this status report. The parties exchanged discovery requests months ago—Lead Plaintiffs served RFPs on December 14, 2023, and Defendants served RFPs between January 19, 2024 and March 3, 2024. The parties have since met and conferred extensively on the scope of the document requests. While Lead Plaintiffs have made two productions, consisting of 68 documents, to date, Defendants collectively have produced *zero* documents. A deadline for the substantial completion of productions of July 8, 2024—more than six months after Lead Plaintiffs served their discovery requests—will ensure the parties can efficiently move on to deposition discovery and ensure the parties exchange discovery in advance of the class certification briefing (scheduled for February 2025) and the April 28, 2025 fact discovery deadline. Federal courts routinely compel substantial completion of document productions by a date certain, in accordance with Rule 34(b)(2)(B)'s requirement to specify a "reasonable time" for production, notwithstanding ongoing negotiations over search terms or discovery disputes. *See, e.g.*, *Tyler v. City of San Diego*, No. 14-cv-01179-GPC-JLB, 2015 WL 1955049, at *2–3 (S.D. Cal. Apr. 29, 2015) (granting motion to compel production of responsive ESI by a date certain). Defendants' contention that it is premature for the Court to set a substantial completion deadline—more than four months after the RFPs were served—is meritless.

**Defendants' Response: Lead Plaintiffs' Request for a Substantial Completion Deadline of July 8, 2024 Is Premature, Unnecessary, and Unrealistic.**

Plaintiffs sought an 18-month fact discovery schedule—over Defendants' objections and request for a shorter schedule—in which fact discovery will not end until April 28, 2025. *See* ECF No. 119, at 7. Plaintiffs have since propounded 90 document requests on each Defendant. In response to those broad discovery requests, the parties have been engaged in global meet and

confer sessions with the understanding that the parties would continue to negotiate in good faith to (hopefully) resolve their disputes regarding the scope of Plaintiffs' requests, after which the parties would negotiate search terms for Defendants to run across relevant custodians, as contemplated in the parties' stipulated ESI Protocol. That meet-and-confer process is ongoing, and the ball has been in Plaintiff's court for nearly a month following an April 2, 2024 meeting. Plaintiffs now ask the Court to impose an arbitrary deadline of July 8, 2024—ten months before the end of fact discovery—for Defendants to substantially complete their document productions. The Court should deny Plaintiffs' request for at least three reasons.

*First*, it is premature to set a substantial completion deadline. The parties have just reached an agreement on the ESI protocol, are still meeting and conferring over Plaintiffs' requests, and have not yet begun to negotiate search terms as required under the stipulated ESI Protocol. Once the parties have agreed on scope of discovery and search terms, there will be more clarity as to the total number of potentially responsive documents and the time required to complete the review.

*Second*, the prematurity of Plaintiffs' requests is underscored by the fact that there is nearly a year remaining in the fact discovery period. Plaintiffs provide no legitimate reason why document production has to be substantially complete nearly 10 months before the end of fact discovery on April 28, 2025, a date that Plaintiffs chose. Plaintiffs point to the deadline for class certification, but that will not occur until February 2025, and Plaintiffs have not identified what discovery they need from Defendants related to class certification. Defendants have also agreed to make their first productions within the next few weeks while the parties continue to meet and confer. Thus, any purported concern by Plaintiffs about potential discovery delay by Defendants is pretextual and belied by the parties' communications.

*Third*, while the Parties have not yet negotiated search terms, Defendants anticipate that they will each need to review a substantial number of documents based on the breadth of Plaintiffs' 90 initial requests for production. Given the anticipated volume and the lack of agreement on the scope of review, Defendants expect that it will be unduly burdensome, and potentially unrealistic to complete their review and production by July 8, 2024.

Rather than seeking an arbitrary, unnecessary and impractical deadline, Defendants respectfully submit that the parties should continue to meet and confer in order to hopefully resolve their outstanding issues or at least narrow them, and to agree on a mutually-agreeable substantial completion deadline. If the parties are unable to do so within 30 days of the CMC, the parties can seek relief from this Court as necessary.

No settlement discussions have taken place. The Parties have discussed the possibility of settlement discussions and are in compliance with ADR L.R. 3-5, but believe that such settlement discussions are premature at this time.

Respectfully submitted,

Dated: 04/30/2024  **LATHAM & WATKINS LLP**

By: /s/ Morgan E. Whitworth
Matthew Rawlinson (SBN 231890)
matt.rawlinson@lw.com
140 Scott Drive
Menlo Park, CA 94025
Tel: +1 (650) 328-4600

Morgan E. Whitworth (SBN 304907)
morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Douglas K. Yatter (SBN 236089)
douglas.yatter@lw.com
Benjamin Naftalis (Admitted *pro hac vice*)
benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: +1 (212) 906-1200

Susan E. Engel (Admitted *pro hac vice*)
susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D. C. 20004
Tel: +1 (212) 637-2200

*Attorneys for AH Capital Management, L.L.C.*

Dated: 04/30/2024  **CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: /s/ Jared Gerber
Jennifer Kennedy Park (SBN 344888)
jkpark@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304

Roger A. Cooper (Admitted *pro hac vice*)
racooper@cgsh.com
Jared Gerber (Admitted *pro hac vice*)
jgerber@cgsh.com
Samuel Levander (Admitted *pro hac vice*)
slevander@cgsh.com
One Liberty Plaza

New York, NY 10006

*Attorneys for Defendant*
*Polychain Alchemy, LLC*

Dated: 04/30/2024

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By: /s/ Zachary M. Faigen
Peter B. Morrison (SBN 230148)
peter.morrison@skadden.com
Zachary M. Faigen (SBN 294716)
zack.faigen@skadden.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000

Alexander C. Drylewski (Admitted *pro hac vice*)
alexander.drylewski@skadden.com
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000

*Attorneys for Defendant Paradigm Operations LP*

Dated: 04/30/2024

**JENNER & BLOCK LLP**

By: /s/ Kayvan B. Sadeghi
H. An N. Tran (SBN 267685)
ATran@Jenner.com
Benjamin T. Hand (SBN 330451
bhand@jenner.com
Benjamin T. Halbig (Cal. Bar No. 321523)
bhalbig@jenner.com
455 Market Street Suite 2100
San Francisco, CA 94105-2453
Telephone: +1 628 267 6800

Kayvan B. Sadeghi (Admitted *pro hac vice*)
ksadeghi@jenner.com
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: +1 212 891 1600

*Attorneys for Defendant Bain Capital Ventures (GP), LLC*

Dated: 04/30/2024

**MORRISON COHEN LLP**

By: /s/ Michael Mix
Jason Gottlieb (Admitted *pro hac vice*)
Edward P. Gilbert (Admitted *pro hac vice*)
Michael Mix (Admitted *pro hac vice*)
Vani Upadhyaya(Admitted *pro hac vice*)

909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Defendants
Robert Leshner, Geoffrey Hayes,
and Gauntlet Networks, Inc*

Dated: 04/30/2024

**GERSTEIN HARROW LLP
FAIRMARK PARTNERS, LLP
SUSMAN GODFREY, L.L.P.**

By: /s/ Rohit D. Nath
Jason Harrow (Cal. Bar No. 308560)
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293(323) 744-5293

Charles Gerstein (*pro hac vice*)
Emily Gerrick (*pro hac vice*)
810 7th Street NE, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

James Crooks (*pro hac vice*)
Michael Lieberman (*pro hac vice*)
FAIRMARK PARTNERS, LLP
1499 Massachusetts Ave. NW, #113A
Washington, DC 20005
jamie@fairmarklaw.com
(619) 507-4182

Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Rohit D. Nath (316062)
rnath@susmangodfrey.com
Nicholas N. Spear (304281)
nspear@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Taylor H. Wilson (*pro hac vice*)
twilson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366

Facsimile: (713) 654-6666

*Attorneys for Plaintiffs*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: April 30, 2024        By:    /s/ Rohit D. Nath
                                    Rohit D. Nath