United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| AMANDA HOUGHTON, et al., | Case No. 22-cv-07781-WHO |
|---|---|
| Plaintiffs, | |
| v. | **ORDER REGARDING COINBASE DISCOVERY DISPUTE** |
| ROBERT LESHNER, et al., | Re: Dkt. Nos. 173, 178 |
| Defendants. | |

Having reviewed the discovery dispute between plaintiffs and third-party Coinbase, Inc. (Dkt. Nos. 173, 178) regarding the appropriate scope of production by Coinbase of COMP transaction data, I find that production of a 5% sample of that data – using reasonable parameters determined by plaintiffs – is appropriate at this juncture. Coinbase asserts that it would take from two or three months up to a year to produce the full dataset. It also notes that plaintiffs' counsel agreed that an "equivalent" percent sample from Coinbase was sufficient in a similar case. *See In re Ripple Labs, Inc. Litig.*, No. 18-CV-06753-PJH. While plaintiffs argue that defendants in the *In re Ripple Labs* case subsequently attacked the sufficiency of the sampled data, Dkt. No. 173 at 2, from review of that record the defendants in that case did not attack the sample size but attacked the types of data requested and how that data was analyzed. *See* Docket No. 345 in *In re Ripple Labs* at 22-23.

If, after reviewing the data from the 5% sample, plaintiffs make a good cause showing that they or their experts require more data from Coinbase, they may seek it. At that point, if plaintiffs demonstrate good cause, Coinbase's burden argument will not carry as much weight.

Coinbase's request to defer production of the sample until after defendants' motion to compel is heard is DENIED.

**IT IS SO ORDERED.**

Dated: September 5, 2024



William H. Orrick
United States District Judge

United States District Court
Northern District of California