**CLEARY GOTTLIEB STEEN
& HAMILTON LLP**
Jennifer Kennedy Park (SBN 344888)
jkpark@cgsh.com

1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Roger A. Cooper (Admitted *pro hac vice*)
Jared Gerber (Admitted *pro hac vice*)
Samuel Levander (Admitted *pro hac vice*)

One Liberty Plaza
New York, NY 10006

Attorneys for Defendant
POLYCHAIN ALCHEMY, LLC

[*additional parties in signature block*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Amanda Houghton; Charles Douglas; and Susan Franklin,<br><br>   Plaintiffs,<br><br>   v.<br><br>Compound DAO; Robert Leshner; Geoffrey Hayes; AH Capital Management, LLC; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc.; Paradigm Operations LP,<br><br>   Defendants. | Case No. 3:22-cv-07781-WHO<br><br>**RESPONDING DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE**<br><br>Hearing Date: November 13, 2024<br>Time: 2pm<br>Courtroom: Courtroom 2<br>Before: Hon. William H. Orrick |

# TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 2 |
| ARGUMENT | 4 |
| I. Plaintiffs' Motion Should Be Denied Because Plaintiffs Have Not Yet Defined and Established the Existence of the "Compound DAO." | 4 |
|     a. Plaintiffs Do Not Define the "Compound DAO" Yet Seek to Serve It Anyway. | 4 |
|     b. Allowing Alternative Service on an Undefined Party Would Cause Confusion and Violate Due Process. | 6 |
|     c. This Court's Decision in *Ooki DAO* Does Not Support Plaintiffs' Argument. | 7 |
| II. Plaintiffs' Motion Seeks to Employ Impermissible Means of Service. | 8 |
|     a. Plaintiffs Cannot Serve the Compound DAO by Serving Other Defendants. | 8 |
|     b. Plaintiffs Cannot Serve the Compound DAO via the Compound Community Forum. | 10 |
| CONCLUSION | 12 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beecher v. Wallace*,
381 F.2d 372 (9th Cir. 1967)..................................................................................................7

*Commodity Futures Trading Comm'n v. Ooki DAO*,
No. 3:22-cv-05416-WHO, 2022 WL 17822445 (N.D. Cal. Dec. 20, 2022).............. 1, 7, 11

*DisputeSuite.com, LLC v. Credit Umbrella Inc.*,
No. CV 14–6340–MWF, 2015 WL 12911757 (C.D. Cal. June 2, 2015) ...........................9

*Fagbohungbe v. Caltrans*,
No. 13–cv–03801–WHO, 2014 WL 644008 (N.D. Cal. Feb. 19, 2014) ...........................7

*Fed. Ins. Co. v. Caldera Med., Inc.*,
No. 15-cv-393, 2015 WL 12655601 (C.D. Cal. Apr. 8, 2015) ........................................ 10

*Hickory Travel Sys., Inc. v. TUI AG*,
213 F.R.D. 547 (N.D. Cal. 2003)..........................................................................................9

*Oh My Green, Inc. v. Cuffe*,
No. 20-cv-2509, 2020 WL 3213715 (C.D. Cal. Mar. 20, 2020) ..................................... 10

*Samuels v. Lido DAO*,
No. 3:23-cv-06492-VC, 2024 WL 4231598 (N.D. Cal. June 27, 2024)........................ 8, 9

*Searles v. Archangel*,
60 Cal. App. 5th 43 (2021)................................................................................................10

*SEC v. Ross*,
504 F.3d 1130 (9th Cir. 2007)..............................................................................................7

*Splash News & Picture Agency, LLC v. Benson*,
No. 20-cv-10864, 2021 WL 3598736 (C.D. Cal. May 19, 2021) ................................... 10

*Vu v. Internal Rev. Serv.*,
No. 15-cv-02397-BAS(WVG), 2016 WL 1573413 (S.D. Cal. Apr. 18, 2016) .................7

**Rules and Statutes**

Cal. Code Civ. Proc. § 416.40(a) ...................................................................................... 10

Cal. Code Civ. Proc. § 413.30...................................................................................... 2, 10

N.Y. C.P.L.R. § 308(5) ...................................................................................................... 10

**Other Authorities**

Compound Community Forum, *Potential Design of Staked COMP* (Sept. 18, 2024),
https://perma.cc/2LXH-M7J3 ..........................................................................................3, 6

Sebastian Sinclair, *Securities lawsuit against Compound founders, investors to proceed*,
Blockworks (Sept. 22, 2023), https://perma.cc/E2P6-4L4P ..........................................3, 6

**PRELIMINARY STATEMENT**

Plaintiffs' Motion for Alternative Service (the "Motion") marks the fourth time Plaintiffs have asked the Court or its Clerk to authorize alternative service on or enter default against the "Compound DAO." This Court has rejected all three of Plaintiffs' prior requests, and Plaintiffs have not identified any reason that would merit a different result now. As before, Plaintiffs' Motion is improper, and seeks to effectuate service through means that California law does not permit. The Court should deny the Motion.

One of the key contested legal issues in this case is whether the Defendant Compound DAO is a general partnership and, if so, who is a partner. *See* ECF No. 119 at 3. To date, Plaintiffs have failed to articulate how the Compound DAO is a California general partnership, identify the general partners that make up the Compound DAO, describe the criteria for partnership, or explain how they can recover under a general partnership theory when they too hold COMP tokens—a situation that has not changed since Plaintiffs made their previous meritless requests for alternative service. Plaintiffs' theory that the Compound DAO is a general partnership will fail on the merits—but Plaintiffs have not even attempted to support that theory here. Instead, Plaintiffs once again attempt to direct service at this supposed (but undefined) general partnership, while also signaling that Plaintiffs will challenge anyone's ability to show up to respond on behalf of that undefined entity. Plaintiffs cannot leave the Compound DAO undefined when it suits them and simultaneously ask the Court to declare that this undefined entity has somehow been served with proper process.

The core purpose of service is to provide notice of a legal action to affected parties so that they have an opportunity to present their defenses. But Plaintiffs frustrate that purpose by refusing to identify which holders of COMP tokens are purportedly general partners of the Compound DAO, and therefore would be entitled to reasonable notice so they can defend themselves against Plaintiffs' claim. Without providing this basic information, the core purpose of service—to give notice—cannot be fulfilled. That distinguishes this case from *Commodity Futures Trading Comm'n v. Ooki DAO*, No. 3:22-cv-05416-WHO, 2022 WL 17822445 (N.D. Cal. Dec. 20, 2022), which granted alternative service as to a defined entity, namely, an unincorporated association of all token holders. Indeed, granting the Motion would sanction an absurd result: COMP holders

"served" with purported notice of the litigation would have no means of ascertaining whether they are members of the putative class or, by stark contrast, Defendants. The Court should decline Plaintiffs' invitation to create further confusion and uncertainty in this case.

Moreover, Plaintiffs' two proposed means of providing alternative service are impermissible under relevant law. *First*, Plaintiffs cannot serve the Compound DAO by serving Polychain Alchemy LLC ("Polychain Alchemy") because Plaintiffs have not established that Polychain Alchemy is a general partner of the Compound DAO. Polychain Alchemy held only *de minimis* amounts of COMP tokens, and did not vote these tokens or delegate any voting rights. If Polychain Alchemy is a partner in the Compound DAO "partnership" under those facts, then so are Plaintiffs.

*Second*, California law does not permit alternative service of an alleged general partnership by means of posting a news article in the Compound Community Forum. Alternative service under California Code of Civil Procedure § 413.30, on which Plaintiffs purport to rely here, is only available under California law "[w]here no provision is made in this chapter or other law for the service of summons." Cal. Code Civ. Proc. § 413.30. Plaintiffs assert that the Compound DAO is a general partnership, and California Code of Civil Procedure § 416.40 governs service of a general partnership. Plaintiffs have not proven their theory that the "Compound DAO" is a general partnership; that lack of proof does not make the rules governing service of process more permissive. And Plaintiffs cite no authority suggesting that posts referring to news articles about ongoing litigation constitute adequate notice of Plaintiffs' claims, much less their yet-to-be unveiled theory of who is subject to liability in this case.

## BACKGROUND

Plaintiffs asserted a single claim on behalf of themselves and a putative class of unspecified holders of COMP tokens pursuant to Sections 5 and 12(a) of the Securities Act of 1933 for the alleged offer and sale of COMP tokens, which Plaintiffs allege were unregistered securities. ECF No. 76 ("AC") ¶¶ 194, 216. Plaintiffs allege that the Compound DAO is a general partnership and that Defendants Robert Leshner, Geoffrey Hayes, AH Capital Management, LLC, Polychain Alchemy, Bain Capital Ventures (GP), LLC, Gauntlet Networks, Inc., and Paradigm Operations

LP (the "Responding Defendants") somehow are its general partners. Plaintiffs have thus far refused to say who aside from the Responding Defendants is a partner in the Compound DAO "partnership."

On December 16, 2022, Plaintiffs purported to have served the Compound DAO via Polychain Alchemy, ECF No. 16, which did not have the requisite authority to accept service, ECF No. 186-3. Plaintiffs then tried to post purported notice of this litigation on the Compound Community Forum. ECF No. 39-1. Plaintiffs' purported notice was "never posted" and Plaintiffs made no further efforts to successfully post. Mot. at 3.[1]

Despite refusing to provide even a basic explanation of this Compound DAO "partnership," Plaintiffs have asked the Court three times to authorize service on it or enter default against it. Each request has been denied. *First*, on February 1, 2023, Plaintiffs filed a motion for entry of default against the Compound DAO, ECF No. 39, which the Clerk's Office declined six days later, ECF No. 48. *Second*, Plaintiffs filed a renewed motion for entry of default against the Compound DAO on June 22, 2023, ECF No. 83, which the Clerk's Office declined the following day, ECF No. 84. *Third*, Plaintiffs stated in their portion of the parties' October 24, 2023 Joint Case Management Statement that they had already successfully served the Compound DAO "partnership." ECF No. 119 at 2. But the Court rejected that assertion, explaining that "discovery [would] shed light on whether" Plaintiffs had "something there or not" with respect to their allegations regarding the "Compound DAO." ECF No. 136 at 4. Simply "saying that the [DAO] is already in the case" does not "get [Plaintiffs] anywhere." ECF No. 136 at 4, 6. Rather, this Court suggested that Plaintiffs "address" service "as the matter goes through discovery" because Plaintiffs "may learn in discovery more about the relationship between the individual defendants and the [DAO] that would bolster the argument that [they] would want to make with respect to the [DAO]." ECF No. 136 at 4, 6.

---

[1] Years later, as part of a discussion that had nothing to do with this lawsuit, a forum user (apparently unaffiliated with Plaintiffs) vaguely referred to an "ongoing lawsuit" in a post. ECF No. 186-4 at 7. The post linked to an article that did not mention the "Compound DAO" at all. Sebastian Sinclair, *Securities lawsuit against Compound founders, investors to proceed*, Blockworks (Sept. 22, 2023), https://perma.cc/E2P6-4L4P. The archived webpage indicates that the link in the forum post was clicked a total of six times. *See* Compound Community Forum, *Potential Design of Staked COMP* (Sept. 18, 2024), https://perma.cc/2LXH-M7J3.

Plaintiffs appeared to agree, indicating that they were "happy to proceed . . . against . . . the partners individually and then figure out later whether the [Compound DAO] is a proper defendant." *Id.* at 5.

A year later, Plaintiffs continue to take the position in discovery that questions asking them to define or explain the makeup of the purported partnership are premature. For example, Defendant Paradigm Operations LP served interrogatories on Plaintiffs asking them to explain the scope of the alleged "Compound DAO general partnership," including what facts or characteristics made someone a partner. Declaration of Zachary Faigen ("Faigen Decl.") Ex. 1 at 4-5; Faigen Decl. Ex. 2 at 4-5; Faigen Decl. Ex. 3 at 4-5. Plaintiffs refused to answer, stating that such requests are "premature," and that Plaintiffs will not answer those interrogatories until a week after they move for class certification in mid-February. Faigen Decl. Ex. 1 at 4-6; Faigen Decl. Ex. 2 at 4-6; Faigen Decl. Ex. 3 at 4-6; Faigen Decl. Ex. 4.

## ARGUMENT

**I.  Plaintiffs' Motion Should Be Denied Because Plaintiffs Have Not Yet Defined and Established the Existence of the "Compound DAO."**

This is the fourth time Plaintiffs have asked the Court or its Clerk to authorize alternative service on or enter default against the "Compound DAO." The last time Plaintiffs asked, the Court rejected their request. ECF No. 136 at 4, 6. Since that time, nothing has happened to alter that conclusion or the Court's analysis; to the contrary, Plaintiffs' recent actions only underscore the impropriety of their Motion, which, if granted at this juncture, would lead to confusion and violate due process. Accordingly, Plaintiffs' request for alternate service on the "Compound DAO" remains improper and the Court should deny it once again.

**a.  Plaintiffs Do Not Define the "Compound DAO" Yet Seek to Serve It Anyway.**

Plaintiffs' Amended Complaint alleges that a "DAO" is a "Decentralized Autonomous Organization" comprised of "holders of specific tokens—such as the COMP token at issue here," in which token holders "have governance rights that allow them to suggest actions that the associated DAO will take" with respect to a software protocol (here, the Compound protocol). ECF No. 76 ¶ 28. Critically, however, Plaintiffs are *not* pursuing claims against all holders of COMP

tokens, nor do Plaintiffs allege that all holders of COMP tokens are "partners" in the supposed "Compound DAO general partnership." To the contrary, Plaintiffs affirmatively admit that they themselves are COMP token holders, *see id.* ¶¶ 15-17, yet insist that they "are **not** partners" in the alleged general partnership, *see* ECF No. 149 at 3 (emphasis added). Plaintiffs' Motion thus seeks authorization to serve the "Compound DAO" without defining what the "Compound DAO general partnership" is, including which COMP token holders (or categories of COMP token holders) are supposed partners and which are not.

At the October 31, 2023 Case Management Conference, the Court told Plaintiffs that they "may learn in discovery more about the relationship between the individual defendants and the [DAO] that would bolster the argument that [they] would want to make with respect to the [DAO]." Mot. at 3; ECF No. 136 at 6. Plaintiffs argue in the Motion that "the parties have conducted extensive discovery into the scope of the Compound DAO general partnership and the relationship between the Individual Defendants and the Compound DAO." Mot. at 3. Yet, Plaintiffs do not point to anything actually learned in discovery that should alter the Court's prior conclusion. Plaintiffs have not carried—and do not attempt to carry—their burden to establish that California law governing general partnerships applies to this case, that the Compound DAO qualifies as a California general partnership, and that their own theory does not subject them to liability.

To the contrary, discovery from Plaintiffs highlights why the Motion must be denied. One of the Defendants served interrogatories on Plaintiffs asking Plaintiffs to explain the scope of the alleged "Compound DAO general partnership," including what facts or characteristics make someone a partner in the supposed partnership. *See* Faigen Decl. Ex. 1 at 4-5; Faigen Decl. Ex. 2 at 4-5; Faigen Decl. Ex. 3 at 4-5. Plaintiffs objected to the interrogatories and refused to answer them, stating that such requests are "premature." *See* Faigen Decl. Ex. 1 at 4-6; Faigen Decl. Ex. 2 at 4-6; Faigen Decl. Ex. 3 at 4-6.[2] Plaintiffs later stated that they will not even be in a position to provide answers to those questions until a week ***after*** they move for class certification in mid-

---

[2] The Responding Defendants maintain that Plaintiffs' refusal to answer those interrogatories is improper and interferes with their ability to develop their defenses in this case. The Responding Defendants continue to reserve all rights with respect to Plaintiffs' non-answers, including the right to compel further responses.

February 2025.  *See* Faigen Decl. Ex. 4.  Given Plaintiffs' position that it is "premature" to describe the "Compound DAO general partnership" or its composition, it is necessarily premature for the Court to order alternative service on that purported entity.

### b. Allowing Alternative Service on an Undefined Party Would Cause Confusion and Violate Due Process.

Granting Plaintiffs' Motion and allowing "alternative service on the Compound DAO via posts on the Compound Community Forum," Mot. at 9, will only add confusion to this case.  Plaintiffs maintain that "the Compound DAO interacts with members through the Compound Community Forum," and therefore "service via posts on that governance forum are reasonably calculated to give actual notice to the Compound DAO."  *Id.* at 6.  But that position ignores the obvious problem:  Plaintiffs point to a post in a community chat forum containing a hyperlink to an article about this litigation and claim the "Compound DAO" has been served, Mot. at 8 n.4, but fail to address who exactly has been given notice of the need to respond.  How is a COMP token holder who sees that post supposed to know whether she is (1) a member of the putative class Plaintiffs seek to represent, and therefore does not need to take any action, or (2) a member of the Defendant "Compound DAO," and therefore at risk of having a default entered against her that could give rise to liability?  Plaintiffs refuse to answer this fundamental question, and their Motion provides no clarity.

The purported notice that Plaintiffs provided is patently inadequate.  The forum post merely refers to an "ongoing lawsuit," ECF No. 186-4 at 7, and the article to which it links refers to "a case against key figures in Compound Labs and its associated entities" without mentioning the "Compound DAO" at all, Sebastian Sinclair, *Securities lawsuit against Compound founders, investors to proceed*, Blockworks (Sept. 22, 2023), https://perma.cc/E2P6-4L4P.  Moreover, the archived webpage indicates that the link in the forum post had been clicked a total of six times.  *See* Compound Community Forum, *Potential Design of Staked COMP* (Sept. 18, 2024), https://perma.cc/2LXH-M7J3.

The purpose of service is to uphold the constitutional requirements of due process, pursuant to which notice must be "reasonably calculated to apprise interested parties of the pendency of the

action and afford them an opportunity to present their objections." *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation and alteration omitted); *see also Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) ("The purpose of process is to give the addressee notice of the proceeding ***against him***.") (emphasis added); *Fagbohungbe v. Caltrans*, No. 13–cv–03801–WHO, 2014 WL 644008, at *6 (N.D. Cal. Feb. 19, 2014) (Orrick, J.) ("To be constitutional service of process must be 'reasonably calculated' to give an interested party actual notice of the proceedings and an opportunity to be heard."); *Vu v. Internal Rev. Serv.*, No. 15-cv-02397-BAS(WVG), 2016 WL 1573413, at *2 (S.D. Cal. Apr. 18, 2016) (the "core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections") (quoting *Henderson v. United States*, 517 U.S. 654, 672 (1996)). The means of service Plaintiffs propose here would violate due process.

The same problem would undermine Plaintiffs' service argument even if Plaintiffs had posted a copy of the summons and complaint in the community chat forum. ECF No. 186-1 at 3 (acknowledging that summons and complaint have not been "publicly posted to the [Compound Community] Forum"). Plaintiffs do not propose any mechanism to alert COMP token holders whether the service is directed at them: whether they are a member of the putative class, a potential "partner" in the Defendant "Compound DAO general partnership," or something else. Worse still, Plaintiffs admit that they themselves are not in a position to answer those questions yet. Under these circumstances, allowing service in the manner Plaintiffs propose would create confusion and violate notions of due process and fairness.

### c. This Court's Decision in *Ooki DAO* Does Not Support Plaintiffs' Argument

This Court's decision in *Ooki DAO*, 2022 WL 17822445, further illustrates why the Motion should be denied. In *Ooki DAO*, this Court concluded that the Commodity Futures Trading Commission ("CFTC") had successfully served a DAO under the theory that it was an "unincorporated association." But that case involved a purported defendant that the plaintiff had clearly defined. As the Court emphasized: "so long as an individual holds a token, they 'comprise' the DAO under the CFTC's theory." *Id.* at *13 n.14. As a result, token holders had the opportunity to understand that, under the CFTC's theory of the case, each of them was alleged to be a member

of the unincorporated association, and thus could respond accordingly. Here, in stark distinction, Plaintiffs have proceeded under a partnership theory in lieu of the "unincorporated association" theory, have ***disclaimed*** that all COMP token holders are members of the alleged Compound DAO partnership, and thus far have refused to articulate who is and is not a member of the purported entity they seek to serve. Thus, *Ooki DAO* provides no support for Plaintiffs' Motion.[3]

* * *

In sum, Plaintiffs want this Court to order alternative service on an entity they call the "Compound DAO" but refuse to define or explain it, and thus fail to give COMP token holders reasonable notice of this action. The Court should decline Plaintiffs' invitation to create further confusion and uncertainty in this case, reject their gamesmanship, and deny the Motion.

## II. Plaintiffs' Motion Seeks to Employ Impermissible Means of Service.

Plaintiffs' requested relief should be denied for the additional reason that Plaintiffs cannot serve the Compound DAO by the two means described in the Motion under applicable law.

### a. Plaintiffs Cannot Serve the Compound DAO by Serving Other Defendants.

Plaintiffs contend that they have served the Compound DAO in accordance with California Code of Civil Procedure § 416.40 by serving an alleged general partner, Polychain Alchemy. Mot. at 5-6. But consistent with this Court's rejection of Plaintiffs' prior service attempts, Plaintiffs have not established (and will not be able to establish) that Polychain Alchemy was a general partner of the Compound DAO. Partnership is a key disputed merits issue in this case that has not yet properly been raised before the Court. As discussed above, Plaintiffs have not even tried to explain who is a partner in the Compound DAO entity, or why Lead Plaintiffs (COMP token holders themselves) are not also partners. As Plaintiffs' own cited authority recognizes, simply asserting that the

---

[3] *Samuels v. Lido DAO*, No. 3:23-cv-06492-VC, 2024 WL 4231598 (N.D. Cal. June 27, 2024), further illustrates the confusion that granting the Motion would cause. After the *Samuels* court authorized alternative service on the "Lido DAO," certain token holders—presumably unsure whether they had been served—voted to authorize the creation of an LLC called Dolphin to make an appearance in the action. This did not advance the case; it only raised more questions, as the *Samuels* plaintiff "challenged 'whether [the newly created LLC] purports to have the authority to bind Lido DAO.'" Mot. at 5. At the hearing for Dolphin's motion to dismiss, Judge Chhabria also questioned the propriety of Dolphin arguing on behalf of Lido DAO. *See* Sept. 5, 2024 Hrg Tr. at 4-5, *Samuels v. Lido DAO*, No. 3:23-cv-06492-VC, 2024 WL 4231598 (N.D. Cal. Sept. 5, 2024), ECF No. 108. This Court has the opportunity to avoid such confusion here.

Responding Defendants—including Polychain Alchemy—are general partners of the "Compound DAO" is insufficient. *Samuels v. Lido DAO*, No. 3:23-cv-06492-VC, 2024 WL 4231598 (N.D. Cal. June 27, 2024) (rejecting argument "that service on AH Capital Management was proper for effectuating service against Lido DAO based on [plaintiff's] allegations that AH Capital Management is a general partner of Lido DAO"). That is why this Court suggested that Plaintiffs should seek to address the question of service based on the record developed in discovery. ECF No. 136 at 4, 6.

This Court's guidance is consistent with case law from this Circuit holding that a plaintiff must establish that an entity is a partnership before service can be effective. Courts reject service attempts based on "general allegations" of a partnership where the plaintiff fails to provide evidence in support. *See Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 554-55 (N.D. Cal. 2003) (rejecting request for default because "general allegations" about corporate connections "do not suffice" to show effective service of one corporation through another where "key links" in the chain "remain undemonstrated"); *see also DisputeSuite.com, LLC v. Credit Umbrella Inc.*, No. CV 14–6340–MWF, 2015 WL 12911757, at *3 (C.D. Cal. June 2, 2015) (service not proper where plaintiff did not provide "any details" to determine that the served person was the "general manager"). Plaintiffs have not even attempted to meet their burden here.

Polychain Alchemy has already informed Plaintiffs that it rejected any purported service on it or its agents for purposes of serving the Compound DAO, that Polychain Alchemy is not authorized to accept service on behalf of the Compound DAO, and any attempt to serve the Compound DAO by means of service on Polychain Alchemy was and remains without legal effect. ECF No. 185-3. Indeed, as Polychain Alchemy will demonstrate at summary judgment, it cannot possibly be considered a general partner of the Compound DAO, and therefore cannot accept service on its behalf, where discovery has shown that Polychain Alchemy held only a *de minimis* amount of COMP tokens, and did not vote these tokens or delegate any voting rights.[4] *See* Declaration of Samuel Levander Ex. 1 (Polychain Alchemy LLC's Second Set of Interrogatory

---

[4] Plaintiffs incorrectly alleged in their Amended Complaint that Polychain Alchemy held close to 12% of COMP tokens. *See* AC ¶ 11.

Responses). Plaintiffs have not defined the criteria necessary for a holder of COMP tokens to qualify as a partner, but if Plaintiffs are not partners based on their own *de minimis* holdings, Polychain Alchemy is also not a partner by the same logic.

### b. Plaintiffs Cannot Serve the Compound DAO via the Compound Community Forum.

Plaintiffs next argue that they can serve the Compound DAO by means of alternative service through the Compound Community Forum under California Code of Civil Procedure § 413.30. But California law does not authorize alternative service in this way. Unlike other states, California's alternative service provision under § 413.30 is only available "[w]here no provision is made in this chapter or other law for the service of summons." Cal. Code Civ. Proc. § 413.30; *cf.* N.Y. C.P.L.R. § 308(5) (permitting alternative service where other "service is impracticable"). That is, service pursuant to § 413.30 is only available where there is no enumerated provision available for the type of defendant a plaintiff seeks to sue. *Searles v. Archangel*, 60 Cal. App. 5th 43, 53-54 (2021) ("[S]ection 413.30 is inapplicable in this situation: The necessary prerequisite for the court to authorize an alternative method of service—that 'no provision is made in this chapter or other law for the service of summons'—is unsatisfied."); *Fed. Ins. Co. v. Caldera Med., Inc.*, No. 15-cv-393, 2015 WL 12655601, at *2 (C.D. Cal. Apr. 8, 2015) (declining to permit alternative method of serving authorized agent because Civil Procedure Code § 416.90 "provid[ed] for service of summons upon authorized agents"); *see also Oh My Green, Inc. v. Cuffe*, No. 20-cv-2509, 2020 WL 3213715, at *2 (C.D. Cal. Mar. 20, 2020) (similar); *Splash News & Picture Agency, LLC v. Benson*, No. 20-cv-10864, 2021 WL 3598736, at *2 (C.D. Cal. May 19, 2021) (similar).

Plaintiffs cannot rely on § 413.30 as an alternative means of service simply because they have failed to establish that the "Compound DAO" is a general partnership or that they have served a general partner. If Plaintiffs' theory is that the "Compound DAO" is a general partnership, then Plaintiffs must prove that allegation and demonstrate compliance with California's available provisions for serving a general partnership. *See* Cal. Code Civ. Proc. § 416.40(a).[5] Under

---

[5] As this Court is aware, the Responding Defendants dispute Plaintiffs' allegation that the "Compound DAO" is a general partnership. ECF No. 94 at 9. Regardless of how this Court resolves the question of alternative service, whether the "Compound DAO" is, in fact, a general

California law, a failure of proof does not permit a plaintiff to use a more flexible means of serving process.[6]

The decision granting alternative service in *Lido DAO* provides no persuasive reason to grant Plaintiffs' motion here. To start, the court in *Lido DAO* concluded without any analysis of the text of Section 413.30 or applicable case law that alternative service was available against an alleged general partnership. 2024 WL 4231598, at *1. This Court should reject Plaintiffs' invitation to sidestep California's service requirements simply because "service is disputed based on an underlying merits issue." Mot. at 5.

Moreover, regardless of whether it is permissible to grant alternative service, the *Lido DAO* court's conclusion about the adequacy of notice there does not control this case. In *Lido DAO*, the court relied on proof that plaintiff "mailed a copy of the complaint and summons to the address associated with the entity that runs Lido DAO's user interface," "sent the complaint and summons to the DAO's general counsel via email and social media," and "posted the complaint and summons on Lido DAO's Governance Forum." 2024 WL 4231598, at *1; *see also Ooki DAO*, 2022 WL 17822445, at *3-4 ("the CFTC explained that it in fact served [the summons and the complaint] through the Chat Box and Discussion Forum" and served two admitted members of the DAO).

Plaintiffs have not provided any similar form of notice here. Plaintiffs first assert that they have "apprised the Compound DAO of this lawsuit" because they have "alleged that the Compound DAO includes Defendants Robert Leshner and Geoffrey Hayes, who both maintain accounts on the Compound Community Forum." Mot. at 8. Serving one person with an account on an online forum is not the same as "post[ing] the complaint and summons" on the online forum. 2024 WL 4231598, at *1. This argument is just as meritless as Plaintiffs' assertion that they accomplished service on the "Compound DAO" by serving Polychain Alchemy. Plaintiffs next argue that a discussion on

---

partnership is a "question going to the merits of the case" that should be "addressed on a dispositive motion later in litigation." *Ooki DAO*, 2022 WL 17822445, at *8.

[6] *Ooki DAO* is not to the contrary. As described above and as Plaintiffs have acknowledged, ECF No. 136 at 6-7, the CFTC alleged that the Ooki DAO was an unincorporated association, and this Court concluded that alternative service was available because the CFTC established that none of the agents designated by statute to accept service for such an organization existed there. *Ooki DAO*, 2022 WL 17822445, at *9 (citing Cal. Code Civ. Proc. § 416.40(b)-(c)).

the forum that alluded to "an ongoing lawsuit" and linked to an article about this case shows that the "Compound DAO" has received notice. Mot. at 8. Plaintiffs cite no authority that accepts such flimsy evidence of notice as a basis for granting alternative service, *see supra* at 5-7, let alone in a case where a plaintiff has steadfastly refused to explain the criteria that make someone a member of the group they seek to hold liable. Plaintiffs' desire to avoid "duplication of work," Mot. at 1, does not provide a basis for disregarding fundamental requirements of California law and due process. Posting a copy of the summons and complaint would make no difference; COMP token holders would still have no way of determining whether service is directed at them. Far from promoting notice and fairness, granting Plaintiffs' Motion would sow confusion.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Alternative Service.

Dated: October 22, 2024

CLEARY GOTTLIEB STEEN & HAMILTON LLP

 /s/ Roger A. Cooper
Jennifer Kennedy Park (SBN 344888)
jkpark@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Roger A. Cooper (Admitted *pro hac vice*)
racooper@cgsh.com
Jared Gerber (Admitted *pro hac vice*)
jgerber@cgsh.com
Samuel Levander (Admitted *pro hac vice*)
slevander@cgsh.com
One Liberty Plaza
New York, NY 10006
Tel: +1 (212) 225-2000

*Attorneys for Defendant*
*Polychain Alchemy, LLC*

LATHAM & WATKINS LLP

 /s/ Susan E. Engel
Matthew Rawlinson (SBN 231890)
matt.rawlinson@lw.com
140 Scott Drive
Menlo Park, CA 94025
Tel: +1 (650) 328-4600

Morgan E. Whitworth (SBN 304907)
morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: +1 (415) 391-0600

Douglas K. Yatter (SBN 236089)
douglas.yatter@lw.com
Benjamin Naftalis (Admitted *pro hac vice*)
benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: +1 (212) 906-1200

Susan E. Engel (Admitted *pro hac vice*)
susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: +1 (212) 637-2200

*Attorneys for Defendant AH Capital Management,*
*L.L.C.*

| | |
|---|---|
| 1 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 2 | |
| 3 | /s/ Peter B. Morrison |
|   | Peter B. Morrison (SBN 230148) |
| 4 | peter.morrison@skadden.com |
|   | Zachary M. Faigen (SBN 294716) |
| 5 | zack.faigen@skadden.com |
|   | 300 South Grand Avenue, Suite 3400 |
| 6 | Los Angeles, CA 90071 |
|   | Tel: +1 (213) 687-5000 |
| 7 | Alexander C. Drylewski (Admitted *pro hac vice*) |
|   | alexander.drylewski@skadden.com |
| 8 | One Manhattan West |
|   | New York, NY 10001 |
| 9 | Tel: +1 (212) 735-3000 |
| 10 | *Attorneys for Defendant Paradigm Operations LP* |
| 11 | JENNER & BLOCK LLP |
| 12 | /s/ Kayvan B. Sadeghi |
|   | Kayvan B. Sadeghi (Admitted *pro hac vice*) |
| 13 | ksadeghi@jenner.com |
|   | 1155 Avenue of the Americas |
| 14 | New York, NY 10036 |
|   | Tel: +1 (212) 891 1600 |
| 15 | |
| 16 | Benjamin T. Hand (Cal. Bar No. 330451) |
|   | bhand@jenner.com |
| 17 | 455 Market Street Suite 2100 |
|   | San Francisco, CA 94105 |
| 18 | Tel: +1 (628) 267-6800 |
| 19 | *Attorneys for Defendant Bain Capital Ventures (GP), LLC* |
| 20 | |
| 21 | MORRISON COHEN LLP |
| 22 | /s/ Jason Gottlieb |
|   | Jason Gottlieb (Admitted *pro hac vice*) |
| 23 | jgottlieb@morrisoncohen.com |
|   | Michael Mix (Admitted *pro hac vice*) |
| 24 | mmix@morrisoncohen.com |
|   | Vani Upadhyaya (Admitted *pro hac vice*) |
| 25 | vupadhyaya@morrisoncohen.com |
|   | 909 Third Avenue |
| 26 | New York, NY 10022 |
|   | Tel: +1 (212) 735-8600 |
| 27 | |
| 28 | LONDON & NAOR P.C. |
|   | Ellen London (SBN 325580) |

elondon@londonstoutlaw.com
1999 Harrison St., Suite 655
Oakland, CA 94612
Tel: +1 (415) 862-8494

*Attorneys for Defendants
Robert Leshner, Geoffrey Hayes,
and Gauntlet Networks, Inc.*

**FILER'S ATTESTATION**

I, Roger A. Cooper, am the ECF User whose ID and password are being used to file this Response to Lead Plaintiffs' Motion for Alternative Service. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document have been obtained from each of the other signatories.

Dated: October 22, 2024

*/s/ Roger A. Cooper*
Roger A. Cooper