STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
ROHIT D. NATH (316062)
rnath@susmangodfrey.com
NICHOLAS N. SPEAR (304281)
nspear@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

TAYLOR H. WILSON, JR. (*pro hac vice*)
twilson@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

JASON HARROW (308560)
jason@gerstein-harrow.com
**GERSTEIN HARROW LLP**
3243B S. La Cienega Blvd.
Los Angeles, California 90016
Telephone: (323) 744-5293

JAMES CROOKS (*pro hac vice*)
jamie@fairmarklaw.com
MICHAEL LIEBERMAN (*pro hac vice*)
michael@fairmarklaw.com
**FAIRMARK PARTNERS, LLP**
1001 G Street NW, Suite 400 East
Washington, DC 20001
Telephone: (619) 507-4182

CHARLES GERSTEIN (*pro hac vice*)
charlie@gerstein-harrow.com
**GERSTEIN HARROW LLP**
1001 G Street NW, Suite 400 East
Washington, DC 20001
Telephone: (202) 670-4809

Attorneys for Plaintiffs
AMANDA HOUGHTON, CHARLES DOUGLAS,
and SUSAN FRANKLIN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA HOUGHTON, CHARLES DOUGLAS, and SUSAN FRANKLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMPOUND DAO, a California general partnership; ROBERT LESHNER; GEOFFREY HAYES; AH CAPITAL MANAGEMENT, LLC; POLYCHAIN ALCHEMY, LLC; BAIN CAPITAL VENTURES (GP), LLC; GAUNTLET NETWORKS, INC.; PARADIGM OPERATIONS, LP,<br><br>Defendants. | Case No. 3:22-cv-7781-WHO<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**<br><br>DATE:   December 18, 2024<br>TIME:   2:00 p.m.<br>PLACE:   Courtroom 2<br>BEFORE:   Hon. William H. Orrick<br><br>**[REDACTED]** |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on December 18, 2024, at 2:00 p.m., or at some other time as the Court directs, Lead Plaintiffs Amanda Houghton, Charles Douglas, and Susan Franklin will move this Court for an order granting Lead Plaintiffs leave to amend their First Amended Complaint, Dkt. 76, and ordering the filing of the proposed Second Amended Complaint attached to this motion.

Dated: November 4, 2024

| | |
|---|---|
| **SUSMAN GODFREY L.L.P.** | **FAIRMARK PARTNERS, LLP** |
| By:*/s/ Nicholas N. Spear*<br>Steven G. Sklaver (237612)<br>ssklaver@susmangodfrey.com<br>Oleg Elkhunovich (269238)<br>oelkhunovich@susmangodfrey.com<br>Rohit D. Nath (316062)<br>rnath@susmangodfrey.com<br>Nicholas N. Spear (304281)<br>nspear@susmangodfrey.com<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br><br>Taylor H. Wilson, Jr. (*pro hac vice*)<br>twilson@susmangodfrey.com<br>1000 Louisiana St., Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 651-9366<br>Facsimile: (713) 654-6666 | James Crooks (*pro hac vice*)<br>jamie@fairmarklaw.com<br>Michael Lieberman (*pro hac vice*)<br>michael@fairmarklaw.com<br>1001 G Street NW, Suite 400 East<br>Washington, DC 20001<br>Telephone: (619) 507-4182<br><br>**GERSTEIN HARROW LLP**<br><br>Charles Gerstein (*pro hac vice*)<br>charlie@gerstein-harrow.com<br>1001 G Street NW, Suite 400 East<br>Washington, DC 20001<br>Telephone: (202) 670-4809<br><br>Jason Harrow (308560)<br>jason@gerstein-harrow.com<br>3243B S. La Cienega Blvd.<br>Los Angeles, California 90016<br>Telephone: (323) 744-5293<br><br>*Attorneys for Lead Plaintiffs Amanda Houghton, Charles Douglas, and Susan Franklin* |

**PRELIMINARY STATEMENT**

The Court should grant Plaintiffs leave to amend their First Amended Complaint ("FAC") with the proposed Second Amended Complaint ("SAC") attached to this motion. Plaintiffs seek leave to amend to: (1) add a claim for control-person liability under Section 15 of the Securities Act of 1933, with allegations corresponding to that claim; and (2) add Polychain Ventures LP, Polychain Master Fund I LP, Polychain Parallel Fund I LP, and DFINITY Ecosystem Fund LP as defendants based on discovery to date. Plaintiffs bring this motion in good faith; filed this motion within the Court's prescribed timeframe; add a single, new claim based on the same factual theory Plaintiffs previously asserted; and seek an amendment that will not prejudice Defendants. An order granting leave to amend is proper.

## I.   STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should grant Plaintiffs leave to amend their First Amended Complaint ("FAC") to add a claim for control-person liability and add additional defendants based on discovery to date.

## II.   ARGUMENT

Leave to amend is appropriate in this case. A party may amend its complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The Ninth Circuit has expressed that "leave to amend should be granted with extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (internal quotation marks omitted). Factors to consider include: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). "In the absence of these concerns, there is 'a presumption under Rule 15(a) in favor of granting leave to amend.'" *N.C. v. City & Cnty. of San Francisco*, 2018 WL 3207909, at *1 (N.D. Cal. June 29, 2018) (Orrick, J.) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). All of these factors weigh in favor of amendment.

### A.  Plaintiffs Bring This Motion in Good Faith

Plaintiffs are acting in good faith when seeking leave to amend their complaint. In the Ninth Circuit, plaintiffs do not act in bad faith when "they wait[] until they [have] sufficient evidence of conduct upon which they could base claims of wrongful conduct." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Plaintiffs seek amendment in light of new information learned through discovery.

The proposed SAC contains two substantive changes: (1) adding a control-person liability claim; and (2) adding the Polychain entities as Defendants.  ▌

▌

Similarly, on September 26, 2024, Polychain Alchemy, LLC ("Polychain Alchemy") represented that it held a *de minimis* amount of COMP. **One day later**, Polychain Alchemy produced "organizational charts that contain non-public confidential information about the ownership and structure of Polychain Alchemy and other entities," Dkt. 200 at 3–4, ▌

▌

Plaintiffs have acted in good faith by seeking leave to amend roughly six weeks after learning this information. *See N. C. v. City & Cnty. of San Francisco*, 2018 WL 3207909, at *1 (N.D. Cal. June 29, 2018) (Orrick, J.) (no bad faith where documents produced "provided necessary details" about additional defendants to "justify[] their being added as named defendants").

### B.  Plaintiffs Have Not Unduly Delayed in Bringing This Motion

There is no undue delay in bringing this motion. Plaintiffs brought this motion within a reasonable time—roughly six weeks—after receiving Defendants' document productions.

"Under Ninth Circuit precedent, in evaluating undue delay courts inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *East West Bank v. Shanker* (*EWB I*), 2021 WL 1893062, at *4 (N.D. Cal. May 11, 2021) (Orrick, J.) (quotations omitted). A plaintiff that waits to "bring [a] cause of action until it learn[s] of the full extent" of a claim has not unduly delayed. *PNY Techs., Inc. v. SanDisk Corp.*,

1  2014 WL 294855, at *4 (N.D. Cal. Jan. 27, 2014) (Orrick, J.). Additionally, this Court has held that
2  "a three-month delay" for seeking leave to amend based on new information is not "undue delay."
3  *East West Bank v. Shanker* (*EWB II*), 2021 WL 3471177, at *3 (N.D. Cal. Aug. 6, 2021) (Orrick,
4  J.).

5       Plaintiffs have not unduly delayed in bringing this motion. Plaintiffs' FAC relied on
6  publicly available materials, statements, interviews, and documents showing Defendants'
7  participation in the Compound DAO general partnership. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓  And like the plaintiff in *EWB II*, Plaintiffs brought this motion within months of
13 learning the new information giving rise to the proposed amendment. *See EWB II*, 2021 WL
14 3471177, at *3. Plaintiffs have not unduly delayed.

15      **C.    Defendants Will Not Suffer Prejudice From Amendment**

16      Defendants will not suffer prejudice from Plaintiffs' proposed amendment. This amendment
17 comes five months before the close of fact discovery; adds a control-person claim based on the
18 same transactions or occurrences previously alleged; and adds Polychain entities as defendants who
19 have had notice of this litigation.

20      "The party opposing amendment bears the burden of showing prejudice." *DCD Programs,*
21 *Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987). "The burden of having to defend a new claim
22 alone is not undue prejudice under Rule 15," nor is "the prospect of additional discovery needed
23 by the non-moving party." *PNY Techs.*, 2014 WL 294855, at *4. "Rule 15 specifically allows for
24 new causes of action so long as they have 'some relation' to the existing claims." *Id.* at *5. And a
25 motion filed with "months remaining for discovery and within the time period for making a motion
26 to amend" gives a defendant "a heavy burden of showing prejudice." *Id.* The new claim and new
27 defendants Plaintiffs seek to allege are related to Plaintiffs' existing Securities Act claim.
28      Plaintiffs' control-person liability claim is related to the primary violation alleged—

unregistered distribution of COMP by the Compound DAO. Under Section 15, liability extends to persons or entities "who, pursuant to or in connection with an agreement or understanding with one or more other persons … controls any [person or entity] liable" for a Section 12(a)(1) violation. 15 U.S.C. § 77*o*. Here, Plaintiffs will have to demonstrate: (1) that the distribution of COMP violated Section 12(a)(1); and (2) that one or more of the Defendants controlled the Compound DAO, which distributed COMP to the public. *See SEC v. Todd*, 642 F.3d 1207, 1223 (9th Cir. 2011).[1] "Control," as interpreted by the SEC, "means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies" of a person or entity. 17 C.F.R. § 230.405. The primary violation—the distribution of COMP—is part and parcel of Plaintiffs' control-person claim, and Plaintiffs have long asserted that a small cabal of insiders managed the Compound DAO. Defendants have had notice of this theory of liability and will not suffer prejudice from its addition.

Plaintiffs' addition of the Polychain entities is also not prejudicial. Under Rule 15(c), a party may amend a complaint to "change the party … against whom a claim is asserted" if: (i) the claim arises "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (ii) that the new defendant "received such notice of the action that it will not be prejudiced in defending on the merits"; and (iii) that the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). For example, in *Wang v. Zymergen Inc.*, 2024 WL 3811844, at *7 (N.D. Cal. Aug. 4, 2024), a plaintiff amended a securities complaint against a group of funds to include those funds' management companies, which led the court to "draw the reasonable inference … that the management companies would have received notice" when the action was brought "against the funds they managed"—particularly because "each newly-named management company [was] represented by the same counsel as each set of previously-named funds." *Id.*

This case is no different from *Wang*. Polychain recently produced "organizational charts

---

[1] Although *Todd* involves a claim under Section 20(a) of the Securities Exchange Act of 1934, that provision is "not materially different" from Section 15 of the Securities Act. *Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1568 n.4 (9th Cir. 1990). Courts often consider cases interpreting Section 20(a) when evaluating Section 15 claims. *See, e.g., Pirani v. Slack Techs., Inc.*, 13 F.4th 940, 950 n.10 (9th Cir. 2021), *vacated on other grounds*, 143 S. Ct. 1433.

that contain **non-public** confidential information about the ownership and structure of Polychain Alchemy and other entities." Dkt. 200 at 3–4 (emphasis added). The FAC's plain language shows that the Polychain entities at issue are those that held COMP: The FAC refers to Polychain as "an investment fund headquartered in San Francisco," FAC ¶ 11, states that Compound Labs raised seed and Series A funding from "Polychain," *id.* ¶¶ 34, 37, and quotes Polychain founder Olaf Carlson-Wee stating that Polychain was "definitely involved in the high-level design of the entire Compound token system," *id.* ¶ 99. Polychain's various entities received notice of this lawsuit. Polychain Alchemy retained counsel that has defended Polychain's entities zealously in this proceeding. ███████████████████████████████████████████████████████████████ There will be no prejudice to Polychain from this amendment.

### D. The Proposed Amended Claims Are Not Futile

The proposed additions would not result in futile claims. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rukoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). And if Defendants elect to "contest the merits" of the proposed SAC, those "issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *EWB II*, 2021 WL 3471177, at *4. This Court has already held that the "numerous allegations regarding the Partner Defendants' roles with Compound and then Compound DAO, including their design and governance decisions, their efforts to successfully monetize COMP and bring it to secondary markets, and their public comments" sufficed for purposes of Section 12(a)(1) liability and "should be tested on an evidentiary basis." *Houghton v. Leshner*, 2023 WL 6826814, at *3 (N.D. Cal. Sept. 20, 2023). Because the control-person claim and the claims against the Polychain entities are based on the same conduct, transactions, or occurrences as Plaintiffs' prior claims, these claims are not futile.

### E. Plaintiffs' Prior Amendment Should Not Affect This Analysis

Plaintiffs' prior amendment should weigh neutrally in this analysis. Plaintiffs have amended their Complaint once, on March 31, 2023. *See* Dkt. 76. This amendment did not affect the gravamen

of Plaintiffs' original complaint: that a cabal of insiders, including the Partner Defendants, managed the Compound DAO and its distribution of COMP. The proposed amendment incorporates information gleaned through discovery that was previously unavailable to Plaintiffs. The mere fact that Plaintiffs have amended their complaint once before does not warrant denying leave to amend, particularly in light of the "extreme liberality" afforded to amendment in the Ninth Circuit. *See Brown*, 953 F.3d at 574.

## III. CONCLUSION

The Court should grant Plaintiffs leave to amend their First Amended Complaint and order Plaintiffs' Second Amended Complaint to be filed on the public docket.

Dated: November 4, 2024             Respectfully submitted,

By: /s/ *Nicholas N. Spear*
    Nicholas N. Spear

STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
ROHIT D. NATH (316062)
rnath@susmangodfrey.com
NICHOLAS N. SPEAR (304281)
nspear@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

TAYLOR H. WILSON, JR. (*pro hac vice*)
twilson@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

JASON HARROW (308560)
jason@gerstein-harrow.com
**GERSTEIN HARROW LLP**
3243B S. La Cienega Blvd.
Los Angeles, California 90016
Telephone: (323) 744-5293

JAMES CROOKS (*pro hac vice*)
jamie@fairmarklaw.com

MICHAEL LIEBERMAN (*pro hac vice*)
**FAIRMARK PARTNERS, LLP**
1001 G Street NW, Suite 400 East
Washington, DC 20001
Telephone: (619) 507-4182

CHARLES GERSTEIN (*pro hac vice*)
charlie@gerstein-harrow.com
**GERSTEIN HARROW LLP**
1001 G Street NW, Suite 400 East
Washington, DC 20001
Telephone: (202) 670-4809

*Attorneys for Plaintiffs*
AMANDA HOUGHTON, CHARLES DOUGLAS, and SUSAN FRANKLIN

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to any non-CM/ECF participants indicated on the attached Manual Notice List.

Dated: November 4, 2024                    By:    /s/ *Nicholas N. Spear*
                                                  Nicholas N. Spear