1  LATHAM & WATKINS LLP
   Douglas K. Yatter (SBN 236089)
2    *douglas.yatter@lw.com*
   Benjamin Naftalis (Admitted *pro hac vice*)
3    *benjamin.naftalis@lw.com*
   1271 Avenue of the Americas
4  New York, NY 10020
   Tel: +1 (212) 906-1200
5
   Susan E. Engel (Admitted *pro hac vice*)
6    *susan.engel@lw.com*
   555 Eleventh Street, NW, Suite 1000
7  Washington, D. C. 20004
   Tel: +1 (212) 637-2200
8
   *Attorneys for AH Capital Management, L.L.C.*
9
   *[Additional Counsel on Signature Page]*
10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14  Amanda Houghton; Charles Douglas; and      Case No. 3:22-cv-07781-WHO
    Susan Franklin, on behalf of themselves and
15  all others similarly situated,               **DEFENDANTS' BRIEF IN SUPPORT
                                                  OF STAY PENDING APPEAL
16              Plaintiffs,                       PURSUANT TO ECF 213**

17         v.                                     Judge:  Honorable William H. Orrick

18
    Compound DAO; Robert Leshner; Geoffrey
19  Hayes; AH Capital Management, LLC;
    Polychain Alchemy, LLC; Bain Capital
20  Ventures (GP), LLC; Gauntlet Networks,
    Inc.; Paradigm Operations LP,
21
                Defendants.
22
    AH Capital Management, LLC, et al.,
23
                Counterclaimants,
24
           v.
25
    Amanda Houghton, et al.,
26
27              Counterclaim Defendants.

28

In *Coinbase, Inc. v. Bielski*, the Supreme Court held that a "district court *must* stay its proceedings while [an] interlocutory appeal" under Section 16 of the FAA "is ongoing." 599 U.S. 736, 738 (2023) (emphasis added). As the Court explained, "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* at 740 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). And here, "[b]ecause the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Id.* (citation omitted). *Bielski* is controlling and it ends the inquiry: "[T]he District Court [is] required to stay its proceedings." *Id.* at 747. Indeed, *Bielski* repeatedly describes this stay as "automatic." *E.g., id.* at 742, 743, 744.

Despite *Bielski*, Plaintiffs have previously suggested that the Court has discretion *not* to stay proceedings if it denies a motion to compel arbitration based on waiver, rather than another ground. But nothing in *Bielski* supports the view that a district court's obligation to stay proceedings turns on the *reason* it denies arbitration. Rather, *Bielski* explains that the "benefits of arbitration . . . would be irretrievably lost" without a stay—reasoning that applies regardless of the basis for denying arbitration. *Id.* at 743. Notably, since *Bielski*, not a single court has refused to enter the "automatic" stay *Bielski* requires. *See, e.g., Gabourel v. Luxottica of Am.*, 2023 WL 6851738, at *1 (C.D. Cal. June 23, 2023) (*sua sponte* reconsidering pre-*Bielski* denial of stay, and granting stay pending appeal of arbitration denial given "intervening change in controlling law"). And multiple courts have specifically rejected the argument that a denial based on waiver permits a different outcome. *See Pilkington v. Nat'l Oilwell Varco L.P.*, 2024 WL 3967638, at *3 (E.D. Ark. Aug. 28, 2024) ("The FAA appears to make no exception to [9 U.S.C. § 16], even if the reason that a district court declines to compel arbitration is that a party waived its right to arbitration."); *TT Int'l Co. v. BMP Int'l, Inc.*, 2023 WL 5804195, at *1 (M.D. Fla. July 13, 2023) (granting stay after denying motion to compel on waiver grounds because the "Court is constrained by the *Coinbase* Court's reiteration of the rule that 'an appeal, including an interlocutory appeal, divests the district court of its control over those aspects of the case involved in the appeal.'").

1    On December 6, Plaintiffs moved for a certification pursuant to *Chuman v. Wright*, 960

2  F.2d 104 (9th Cir. 1992).  ECF No. 220.  *Chuman* recognized a narrow exception "in the context

3  of interlocutory qualified immunity appeals" to the rule that a notice of appeal "divests the court

4  of jurisdiction to proceed with trial."  960 F.2d at 104-05.  Under *Chuman*, "a district court may

5  retain jurisdiction" only if it affirmatively "certifies the appeal as either 'frivolous or forfeited.'"

6  *Id.* at 105.  Absent such certification, the case must be stayed.  *Id.*

7    By invoking *Chuman* and arguing that certification is a way for this Court to "regain[]

8  jurisdiction," ECF No. 220 at 2, Plaintiffs tacitly admit that filing the notice of appeal has already

9  divested this Court of jurisdiction.  They therefore essentially concede the question that this Court

10  requested briefing on, namely, that this Court's waiver holding alone is *not* a sufficient basis for

11  this Court to deny a stay.  ECF No. 213 at 6 n.8.  But as Defendants will explain in their opposition

12  to Plaintiffs' motion, the *Chuman* exception is not applicable in the arbitration context.  Indeed,

13  the Supreme Court in *Bielski* directly overruled the former Ninth Circuit rule that gave district

14  courts discretion whether to stay a case pending appeal of an arbitration denial.  *See Bielski*, 599

15  U.S. at 739 (overruling *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990), which

16  let district courts deny a stay pending appeal to prevent "a defendant [from] stall[ing] a trial simply

17  by bringing a frivolous motion to compel arbitration")).  And regardless, *Chuman* applies only to

18  a "frivolous or forfeited appeal"—i.e., where *the right to appeal*, not the underlying request for

19  relief, is waived.  960 F.2d at 105.  This appeal is plainly neither forfeited nor frivolous.  *Marks v.*

20  *Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (appeal frivolous if "so baseless that it does not

21  invoke appellate jurisdiction"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 301 (6th Cir. 1986)

22  (appeal forfeited if order not "appealable under law" or not "appealed within the time set by law");

23  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (appeal frivolous only if "it lacks an arguable basis

24  either in law or in fact").  Because *Chuman* is unavailable for multiple separate and independent

25  reasons, and Plaintiffs identify no other basis upon which this Court could retain jurisdiction, the

26  case must be stayed.  *Bielski*, 599 U.S. at 738.

27

28

1    Dated:  December 9, 2024                    Respectfully submitted,

2                                                LATHAM & WATKINS LLP

3                                                */s/ Susan E. Engel*
                                                 Susan E. Engel (Admitted pro hac vice)
4                                                susan.engel@lw.com
                                                 555 Eleventh Street, NW, Suite 1000
5                                                Washington, D. C. 20004
                                                 Tel: +1 (212) 637-2200
6
7                                                Douglas K. Yatter (SBN 236089)
                                                 douglas.yatter@lw.com
8                                                Benjamin Naftalis (Admitted pro hac vice)
                                                 benjamin.naftalis@lw.com
                                                 1271 Avenue of the Americas
9                                                New York, NY 10020
                                                 Tel: +1 (212) 906-1200
10
11                                               Morgan E. Whitworth (SBN 304907)
                                                 morgan.whitworth@lw.com
                                                 505 Montgomery Street, Suite 2000
12                                               San Francisco, CA 94111

13                                               *Attorneys for Defendant AH Capital Management,*
                                                 *L.L.C.*
14
15                                               CLEARY GOTTLIEB STEEN & HAMILTON
                                                 LLP
16                                               */s/ Roger A. Cooper*
17                                               Jennifer Kennedy Park (SBN 344888)
                                                 jkpark@cgsh.com
18                                               1841 Page Mill Rd Suite 250
                                                 Palo Alto, CA 94304
19                                               Tel: +1 (650) 815-4100

20                                               Roger A. Cooper (Admitted *pro hac vice*)
                                                 racooper@cgsh.com
21                                               Jared Gerber (Admitted *pro hac vice*)
                                                 jgerber@cgsh.com
22                                               Samuel Levander (Admitted *pro hac vice*)
                                                 slevander@cgsh.com
23                                               One Liberty Plaza
                                                 New York, NY 10006
24                                               Tel: +1 (212) 225-2000
25
26                                               *Attorneys for Defendant*
                                                 *Polychain Alchemy, LLC*
27
28                                               SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                                 LLP

LATHAM&WATKINS LLP
ATTORNEYS AT LAW                                 3

1

2
                                        /s/ Peter B. Morrison
                                        Peter B. Morrison (SBN 230148)
3                                       peter.morrison@skadden.com
                                        Zachary M. Faigen (SBN 294716)
4                                       zack.faigen@skadden.com
                                        2000 Avenue of the Stars, Suite 200N
5                                       Los Angeles, CA 90067
                                        Tel: +1 (213) 687-5000
6

7                                       Alexander C. Drylewski (Admitted *pro hac vice*)
                                        alexander.drylewski@skadden.com
8                                       One Manhattan West
                                        New York, NY 10001
9                                       Tel: +1 (212) 735-3000

10                                      *Attorneys for Defendant Paradigm Operations LP*

11
                                        JENNER & BLOCK LLP
12
                                        /s/ Kayvan B. Sadeghi
13                                      Kayvan B. Sadeghi (Admitted *pro hac vice*)
                                        ksadeghi@jenner.com
14                                      1155 Avenue of the Americas
                                        New York, NY 10036
15                                      Tel: +1 (212) 891 1600

16
                                        H. An N. Tran (SBN 267685)
17                                      atran@jenner.com
                                        525 Market Street 29th Floor
18                                      San Francisco, CA 94105
                                        Tel: +1 (628) 267-6800
19

20                                      *Attorneys for Defendant Bain Capital Ventures
                                        (GP), LLC*
21

22                                      MORRISON COHEN LLP

23                                      /s/ Jason Gottlieb
                                        Jason Gottlieb (Admitted *pro hac vice*)
24                                      jgottlieb@morrisoncohen.com
                                        Michael Mix (Admitted *pro hac vice*)
25                                      mmix@morrisoncohen.com
                                        Vani Upadhyaya (Admitted *pro hac vice*)
26                                      vupadhyaya@morrisoncohen.com
                                        909 Third Avenue
27                                      New York, NY 10022
                                        Tel: +1 (212) 735-8600
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LONDON & NAOR P.C.
Ellen London
elondon@londonnaor.com
1999 Harrison St., Suite 2010
Oakland, CA 94612
Tel: +1 (415) 862-8494

*Attorneys for Defendants*
*Robert Leshner, Geoffrey Hayes,*
*and Gauntlet Networks, Inc.*

1

**ATTESTATION**

2

In compliance with Civil Local Rule 5-1(i)(3), I attest that all other counsel on

3

whose behalf this filing is jointly submitted have approved of and concurred in this filing.

4

*/s/ Susan E. Engel*

5

Susan E. Engel

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6