UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HOUGHTON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ROBERT LESHNER, et al.,<br><br>  Defendants. | Case No. 22-cv-07781-WHO<br><br>**ORDER DENYING MOTION FOR CHUMAN CERTIFICATION**<br><br>Re: Dkt. No. 220 |

In *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), the Supreme Court ruled that a party seeking to arbitrate could freeze litigation in district court after losing a motion to compel. It briefly considered and rejected arguments about the inequity and inefficiency of interlocutory appeals where the motion to compel was frivolous or would result in unwarranted delay. *Id*. at 744-745. I am of course bound by that decision.

I have the authority, as plaintiffs request, to certify to the Ninth Circuit that defendants' appeal is frivolous under *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992).[1] And, to be sure, I did not think the legal issues underlying defendants' motion to compel arbitration were particularly challenging. But I cannot conclude that they were frivolous. For that reason, I will not issue a *Chuman* certification.

I do urge the Ninth Circuit to take up defendants' appeal expeditiously and to develop a procedure to address such appeals expeditiously. *See Bielski*, 599 U.S. at 745. Defendants' motion to compel came 20 months after the commencement of this case, and plaintiffs can be forgiven for their belief that defendants' motion is "transparently designed to delay" the resolution

---

[1] "[A] district court may certify in writing that the appeal is frivolous or waived. Without such certification, the trial is automatically delayed until disposition of the appeal." *Chuman*, 960 F.2d at 105. Frivolousness is the only possible ground for *Chuman* certification here. Defendants did not "waive" the right to appeal my order denying their motion to compel arbitration.

of this case. Dkt. No. 220 at 5. But I cannot conclude that defendants are acting in bad faith or that their legal positions will not find more sympathetic ears on the appellate court. For that reason, I DENY plaintiffs' request for a *Chuman* certification and hope for a prompt resolution in the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: January 28, 2025

William H. Orrick
United States District Judge