| | |
|---|---|
| 1 | **LATHAM & WATKINS LLP** |
| 2 | Morgan E. Whitworth (SBN 304907)<br>morgan.whitworth@lw.com |
| 3 | 505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111 |
| 4 | Douglas K. Yatter (SBN 236089) |
| 5 | douglas.yatter@lw.com<br>Benjamin Naftalis (Admitted *pro hac vice*) |
| 6 | benjamin.naftalis@lw.com<br>1271 Avenue of the Americas |
| 7 | New York, NY 10020 |
| 8 | Susan E. Engel (Admitted *pro hac vice*)<br>susan.engel@lw.com |
| 9 | 555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004 |
| 10 | *Attorneys for Defendant AH Capital* |
| 11 | *Management, L.L.C.* |
| 12 | *[Additional Counsel on Signature Page]* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Amanda Houghton; Charles Douglas; and Susan Franklin, | Case No. 3:22-cv-07781-WHO |
| Plaintiffs, | **DEFENDANTS A.H. CAPITAL MANAGEMENT, L.L.C. AND PARADIGM OPERATIONS LP'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | |
| Compound DAO; Robert Leshner; Geoffrey Hayes; AH Capital Management, LLC; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc.; Paradigm Operations LP, | Hearing Date: March 25, 2026<br>Time: 2:00 PM<br>Courtroom: Courtroom 2<br>Before: Hon. William H. Orrick |
| Defendants. | |

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE THAT** on March 25, 2026, at 2:00 PM, or at such other date as may be agreed upon or ordered, at the courtroom of the Honorable William H. Orrick, Courtroom 2, Defendants AH Capital Management, L.L.C. ("a16z") and Paradigm Operations LP ("Paradigm") will and hereby do move the Court, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 267). The Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the arguments of counsel, and all other matters properly considered by the Court. This motion to dismiss is brought on the grounds that the Complaint fails to state a claim against Defendants upon which relief can be granted.

## REQUESTED RELIEF

Defendants a16z and Paradigm request that the Court grant their Motion and dismiss the claims asserted against them with prejudice.

Dated: January 30, 2026

Respectfully submitted,
LATHAM & WATKINS LLP

/s/ *Morgan E. Whitworth*
Morgan E. Whitworth (SBN 304907)
morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: +1 (415) 391-0600

Douglas K. Yatter (SBN 236089)
douglas.yatter@lw.com
Benjamin Naftalis (Admitted *pro hac vice*)
benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: +1 (212) 906-1200

Susan E. Engel (Admitted *pro hac vice*)
susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: +1 (212) 637-2200

*Attorneys for Defendant A.H. Capital Management,*

| | | |
|---|---|---|
| 1 | | *L.L.C.* |
| 2 | | |
| 3 | Dated: January 30, 2026 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 4 | | /s/ <u>Zachary M. Faigen</u> |
| 5 | | Peter B. Morrison (SBN 230148)<br>peter.morrison@skadden.com |
| 6 | | Zachary M. Faigen (SBN 294716)<br>zack.faigen@skadden.com |
| 7 | | 2000 Avenue of the Stars, Suite 200N<br>Los Angeles, California 90067 |
| 8 | | Telephone: (213) 687-5000 |
| 9 | | Alexander C. Drylewski (*pro hac vice*)<br>alexander.drylewski@skadden.com |
| 10 | | One Manhattan West<br>New York, New York 10001 |
| 11 | | Telephone: (212) 735-3000 |
| 12 | | *Attorneys for Defendant Paradigm Operations LP* |

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

a16z and Paradigm (the "Defendants") move to dismiss the SAC because the newly added allegations affirmatively undermine any theory that they can be held liable as supposed partners in the "Compound DAO partnership,"[1] a contrived entity that Plaintiffs continue to fail to define.

Plaintiffs are not proceeding against Defendants on the basis of *direct* Section 12 liability because they made a strategic decision to abandon that theory. During briefing on Defendants' previous motion to dismiss, Plaintiffs stated unequivocally that they did "not presently allege that the Partner Defendants are *directly* liable under Section 12." Dkt. 89-2 at 2 (emphasis in original). Instead, Plaintiffs pivoted to an *indirect* theory of liability, arguing that "the Partner Defendants are liable because the Compound DAO is liable," on the grounds that "[the Partner Defendants allegedly] answer for the DAO's liabilities." *Id.*; *see also* Dkt. 82 at 12 (pursuing a solicitation claim against the Compound DAO and arguing that individual defendants were liable only as alleged partners). In their reply brief and in a motion for reconsideration, Defendants asked the Court to reject Plaintiffs' novel theory that Defendants were "partners" in the DAO. The Court denied the request, noting that Plaintiffs' change to an indirect theory would not "affect[] discovery," while acknowledging "we're at the beginning of the case" and "it's an issue [Defendants] can raise down the road." Dkt. 136 (Tr. of 10/31/2023 CMC) at 10.

This case is now "down the road." Three years and extensive document and written discovery later, Plaintiffs chose to file the SAC that adds allegations drawn from discovery in an attempt to shore up their position that Defendants were "partners" in the Compound DAO, and thus derivatively liable for its actions. Yet, rather than support Plaintiffs' theory, these new allegations affirmatively and directly contradict their claim. Indeed, the new allegations—drawn from documents produced in this case—make clear that the partnership Plaintiffs imagine does not exist, and Defendants a16z and Paradigm certainly are not partners in it. This case should thus be dismissed.

---

[1] Defendants dispute that the Compound DAO is a juridical entity capable of being sued and continue to reserve all rights and defenses with respect to this issue.

To allege a partnership, California law requires Plaintiffs to show that Defendants agreed to carry on a business as co-owners for profit by manifesting mutual assent to form a partnership, mutually consenting to admit one another as partners, sharing profits (as opposed to holding or voting tokens), and exercising the type of ultimate control that is characteristic of partners. Far from meeting these standards, the new allegations in the SAC show exactly the opposite: that Defendants did not have any ability to control or manage the Compound DAO, and in fact governance decisions and efforts were made by dispersed individuals and entities that are not even alleged to be "partners," belying any theory of some centralized managerial authority controlled or directed by a16z or Paradigm.

Plaintiffs' new allegations reveal Plaintiffs' partnership theory for what it is: a made-for-litigation attempt to sue mere investors in a digital asset project, presumably because they reside in California. But California law does not allow Plaintiffs to simply will a "partnership" into existence because it is expedient; and their attempt to mislabel decentralized governance activity as co-ownership or conflate open-source protocol participation with partnership should be rejected. On Plaintiffs' amended pleadings, the alleged "partnership" fails as a matter of law. And because Plaintiffs' sole basis for holding Defendants liable is that they were purported partners in this "partnership," Plaintiffs' amended pleading must be dismissed.

## II.   BACKGROUND

The crux of Plaintiffs' First Amended Complaint (Dkt. 76) was that Defendants individually took actions constituting solicitations to purchase the COMP token. But none of these supposed solicitations—at least as they involve Paradigm and a16z—urged anyone to purchase COMP tokens. Instead, most were simply generic statements about Defendants' expertise in the digital asset industry that did not even mention COMP. Notably, the only statement allegedly made by Paradigm was that it "take[s] a deeply hands-on approach to help projects reach their full potential." ¶ 102.[2] And Plaintiffs point to similarly generic statements allegedly made by a16z. *See* ¶ 104 (a16z supports its investments with its "research organization," "[e]ngineering and security teams," "[l]egal and regulatory teams," "[g]o-to-market expertise," "[r]ecruiting

---

[2] All references to ¶ refer to paragraphs in the SAC.

services," "[e]ducational content," and a "Crypto Startup School."). Defendants moved to dismiss the Amended Complaint, arguing in a combined brief that Plaintiffs failed to plead that any individual defendant solicited the purchase of Plaintiffs' COMP. Dkt. 79. In opposition, confronted with Defendants' arguments, Plaintiffs about-faced, arguing for the first time that it was the Compound DAO only—*not* any individual defendant—that solicited their purchases of COMP. Dkt. 82 at 11–12 (asserting that the "Compound [DAO] solicited Plaintiffs' purchases" and that "each Defendant is liable to Plaintiffs based on the partnership's solicitation activities"). Defendants responded to this new position in reply, including by arguing that Section 12 does not impose liability on partners based on the acts of a partnership. Plaintiffs filed a sur-reply contending this argument was raised too late, while also making crystal clear that they were disclaiming any theory of direct liability. Dkt. 89-2 at 2 ("Plaintiffs do not presently allege that the Partner Defendants are directly liable under Section 12.").

In denying Defendants' motion to dismiss, the Court concluded that there were "sufficient allegations against each of the Partner Defendants to allow the Securities Act claim to go forward at this juncture," and declined to consider whether the "contours of liability" "flow[] from the acts of 'Compound DAO'" (which Plaintiffs themselves say is the only theory of liability left) or "the acts of one or more Partner[s]." Dkt. 94 at 9. Defendants subsequently sought leave to move for reconsideration, emphasizing that Plaintiffs had abandoned any theory of direct liability. The Court denied leave, reasoning that a change in theory would not "affect[] discovery," while acknowledging that "we're at the beginning of the case" and "it's an issue [defendants] can raise down the road." Dkt. 136 at 10.

Defendants substantially completed document production in the Fall of 2024. On January 16, 2025, Plaintiffs filed the SAC. In it, Plaintiffs double down on their theory that the DAO, rather than a16z or Paradigm individually, engaged in solicitation. Indeed, the SAC does not include any new allegations suggesting that a16z or Paradigm directly solicited Plaintiffs' purchases. Instead, the SAC cherry-picks documents from the discovery record in an apparent effort to show that a specific subset of COMP token holders formed a partnership called the "Compound DAO" in order to manage and co-run a business also called the "Compound DAO"

for their own profit—profits they purportedly will somehow keep for themselves to the exclusion of the rest of the COMP token holders who are ostensibly not partners.  Even accepting that implausible premise, the new allegations in the SAC affirmatively undermine Plaintiffs' theory, and only underscore that a16z and Paradigm were not part of any Compound-related "partnership" and did not manage or control the DAO.

## III.   LEGAL STANDARD

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiffs' sole claim arises under Section 12(a)(1) of the Securities Act, which applies only to individuals and entities that (1) "passed title, or other interest in the security, to the buyer for value," or (2) "successfully solicit[ed] the purchase [of a security], motivated at least in part by a desire to serve his own financial interests or those of the securities' owner."  *Pinter v. Dahl,* 486 U.S. 622, 642, 647 (1988).

"Once the plaintiff elects to file an amended complaint, the new complaint is the only operative complaint before the district court."  *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018).  The Court is not "bound by any law of the case" in its prior decision and may adjudicate the SAC from a blank slate.  *Id.*; *see also Doe v. Fitzgerald*, 2022 WL 2784805, at *5 (C.D. Cal. May 13, 2022) (dismissing allegations in amended complaint despite previous denial of motion to dismiss same allegations); *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 2022 WL 20286688, at *2 (N.D. Cal. Feb. 24, 2022) (recognizing that "[t]he amended complaint is a new complaint" entitled to judgment on its "own merits"); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 893-94 (C.D. Cal. 2012) (where plaintiffs have "chosen to amend their complaint in lieu of proceeding with their remaining claims, the [amended complaint] supersedes the original and Defendants are not held to the reconsideration standards").

## IV.   ARGUMENT

The procedural history of this case confirms that Plaintiffs have put all of their eggs in the secondary liability basket.  Their only claim against a16z and Paradigm is in their alleged capacity as partners of the so-called Compound DAO partnership.  That claim fails.

Plaintiffs do not claim that a16z or Paradigm directly violated Section 12(a)(1). Rather, Plaintiffs' sole justification for naming a16z and Paradigm as Defendants in the SAC is that they are purportedly partners in the alleged Compound DAO partnership who might ultimately be responsible for paying any judgment Plaintiffs might obtain against the Compound DAO. But Plaintiffs' newly pled allegations in the SAC preclude any such liability or responsibility for a16z and Paradigm—avowed competitors in the digital asset space—because Plaintiffs' new allegations undermine any conceivable theory of partnership.

A partnership is "the association of two or more persons to carry on as co-owners a business for profit." Cal. Corp. Code § 16202(a). A partnership "exists where there is [1] an agreement between the parties under which they have a community of interest, that is, a joint interest, in a common business undertaking, [2] an understanding as to the sharing of profits and losses, and [3] a right of joint control." *Bank of Cal. v. Connolly*, 36 Cal. App. 3d 350, 364 (1973). The burden of proving a partnership lies with the party asserting its existence. *Jones v. Goodman*, 57 Cal. App. 5th 521, 531 (2020).

Here, Plaintiffs' newly pled allegations foreclose any plausible inference of a Compound DAO partnership among the purported "Partner Defendants"—the subset of COMP holders Plaintiffs claim formed a partnership to run the Compound DAO—and, particularly, a16z and Paradigm.

*First*, Plaintiffs' new allegations show that the purported Partner Defendants (including a16z and Paradigm) lacked "joint control." Plaintiffs' theory is that "holders" of COMP tokens "govern[]" the Compound DAO "partnership." ¶ 2. In their new allegations, Plaintiffs plead that the so-called Partner Defendants first received COMP tokens in March 2020, when Compound Labs (a separate corporate entity that was founded years earlier and has not been named as a party to this action) distributed COMP to its shareholders (including a16z and Paradigm) "in proportion to their percentage shareholdings." ¶ 50. Plaintiffs also allege that Compound Labs granted "token purchase rights" to certain shareholders, including a16z and Paradigm. *Id.* But Plaintiffs now plead in the SAC that a16z and Paradigm did *not* control the tokens they received because their token ownership was subject to restrictions placed on them by others.

1    More specifically, Plaintiffs allege that Compound Labs "prohibited" a16z and Paradigm from "selling COMP tokens to the public" until Compound Labs unilaterally determined that COMP tokens were not securities. ¶ 168. Plaintiffs do not allege or explain how a16z and Paradigm could be partners in control of a Compound DAO "partnership" when their COMP token rights—the very token that, according to Plaintiffs, allows "holders" to "govern[]" the partnership—were controlled by Compound Labs, a separate entity that is not alleged to be a partner. Under California law, without control, a16z and Paradigm cannot be partners. *In re PFA Ins. Mktg. Litig.*, 696 F. Supp. 3d 822, 856 (N.D. Cal. 2022) ("[C]ontrol of the business is one of the primary elements of partnership."); *Connolly*, 36 Cal. App. 3d at 364 (explaining that the right to joint control is an "essential element" of partnership).

*Second*, Plaintiffs newly allege that, in July 2020, an "investor" from non-party and non-partner Dragonfly Digital Management, LLC sent a message to a16z, Paradigm and others "sound[ing] the alarm on COMP governance," stating: "We need to do something, and as the primary stakeholders in COMP, we need to roll up our sleeves and make some kind of proposal ourselves and work together on it." ¶ 78. This new allegation also undermines Plaintiffs' theory of a partnership among the supposed Partner Defendants. To start, the message is from an investor that is *not* alleged to be a partner in the Compound DAO partnership, yet nevertheless describes itself as a "primary stakeholder[]" in COMP. This shows that there wasn't even an agreement among the alleged "partners" as to membership, let alone to manage the Compound DAO as co-owners.

Moreover, the message from the non-partner investor highlights that, as of July 2020—months after the Partner Defendants allegedly received their COMP tokens and a month after COMP tokens had already been offered to the public—the purported Partner Defendants were *not* "roll[ing] up [their] sleeves," making "proposal[s]" or "work[ing] together on" running the Compound DAO. Thus, Plaintiffs' new allegations in the SAC foreclose any inference that the Partner Defendants were co-running or managing a business together, as required for Plaintiffs to allege a partnership. *In re PFA*, 696 F. Supp. 3d at 856 (partnership requires "the association of two or more persons to carry on as co-owners a business for profit") (citation omitted).

*Third*, Plaintiffs allege for the first time that, in 2021, the founder of Compound Labs "announced 'Gateway,' a purportedly 'open, distributed ledger for cross-chain interest rate markets' that would be 'governed by COMP token-holders . . . by voting on code upgrades.'" ¶ 133. But Plaintiffs then admit in the very next sentence: "That same day, [the Compound Labs founder] sent an email to the Partner Defendants announcing this 'Gateway' prototype." *Id.* Learning about updates to the Compound DAO and developments in the Compound protocol at the same time as every other COMP holder—and apparently without being asked to approve or even contribute to these developments—defeats any claim that Defendants controlled the Compound DAO governance. *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1010 (N.D. Cal. 2018) (no joint control where party could "request[] desired features [and] approved changes," but had no "ability to hold [the controlling party] to actually implementing those changes"); *Schaffer Fam. Invs., LLC v. Sonnier*, 120 F. Supp. 3d 1028, 1046-47 (C.D. Cal. 2015) (no joint control where defendant was "not entitled to control" the properties at issue). Instead, these new allegations confirm the reality that a16z and Paradigm were merely investors in a digital asset project—just as they invest in many other portfolio projects—and that they were not involved in running any purported business as co-owners.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion and dismiss the Second Amended Complaint as to a16z and Paradigm.

| | | |
|---|---|---|
| 1 | Dated: January 30, 2026 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | /s/ *Morgan E. Whitworth* |
| | | Morgan E. Whitworth (SBN 304907) |
| 4 | | morgan.whitworth@lw.com |
| 5 | | 505 Montgomery Street, Suite 2000 |
| | | San Francisco, CA 94111 |
| 6 | | Tel: +1 (415) 391-0600 |

Dated: January 30, 2026

Respectfully submitted,
LATHAM & WATKINS LLP

/s/ *Morgan E. Whitworth*
Morgan E. Whitworth (SBN 304907)
morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: +1 (415) 391-0600

Douglas K. Yatter (SBN 236089)
douglas.yatter@lw.com
Benjamin Naftalis (Admitted *pro hac vice*)
benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: +1 (212) 906-1200

Susan E. Engel (Admitted *pro hac vice*)
susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: +1 (212) 637-2200

*Attorneys for Defendant A.H. Capital Management, L.L.C.*

Dated: January 30, 2026

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Zachary M. Faigen*
Peter B. Morrison (SBN 230148)
peter.morrison@skadden.com
Zachary M. Faigen (SBN 294716)
zack.faigen@skadden.com
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000

Alexander C. Drylewski (*pro hac vice*)
alexander.drylewski@skadden.com
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000

*Attorneys for Defendant Paradigm Operations LP*

**SIGNATURE ATTESTATION**

I, Morgan E. Whitworth, am the ECF User whose identification and password are being used to file the foregoing Defendants' A.H. Capital Management, L.L.C. and Paradigm Operations LP's Notice of Motion and Motin to Dismiss Second Amended Complaint. Pursuant to L.R. 5-1(i)(3) regarding signatures, I, Morgan E. Whitworth, attest that concurrence in the filing of this document has been obtained.

DATED: January 30, 2026                         */s/ Morgan E. Whitworth*
                                                Morgan E. Whitworth