CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jennifer Kennedy Park (CA Bar # 344888)
jkpark@cgsh.com
1841 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-815-4100
Facsimile: 650-815-4199

Roger A. Cooper (admitted *pro hac vice*)
racooper@cgsh.com
Samuel Levander (admitted *pro hac vice*)
slevander@cgsh.com
Andrew G. Khanarian (admitted *pro hac vice*)
akhanarian@cgsh.com
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel for Defendants Polychain Ventures LP;*
*Polychain Master Fund I LP; Polychain Parallel*
*Fund I LP; Dfinity Ecosystem Fund LP; and*
*Polychain Alchemy, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Amanda Houghton; Charles Douglas; and Susan Franklin, <br><br> Plaintiffs, <br><br> v. <br><br> Robert Leshner; Geoffrey Hayes; Compound DAO; AH Capital Management, LLC; Polychain Ventures LP; Polychain Master Fund I LP; Polychain Parallel Fund I LP; Dfinity Ecosystem Fund LP; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc.; Paradigm Operations LP, <br><br> Defendants. | Case No. 3:22-cv-07781-WHO <br><br> **DEFENDANTS POLYCHAIN VENTURES LP; POLYCHAIN MASTER FUND I LP; POLYCHAIN PARALLEL FUND I LP; DFINITY ECOSYSTEM FUND LP; AND POLYCHAIN ALCHEMY, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** <br><br> Date: May 13, 2026 <br> Time: 2:00 p.m. <br> Courtroom: Videoconference <br> Judge: Hon. William H. Orrick <br><br> Trial Date: December 6, 2027 <br> Date Action Filed: December 8, 2022 |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 2

A.  The Securities Act's Three-Year Statute of Repose is Not Subject to Relation Back. .......................................................................................................... 2

i.  Plaintiffs' Authority Is Inapplicable Under These Circumstances. ...................... 3

ii.  Plaintiffs Cannot Circumvent the "Absolute Bar" Created by the Securities Act's Statute of Repose. ........................................................................................... 4

iii.  Courts Universally Reject Plaintiffs' Definition of "Action." ............................. 5

iv.  The Rules Enabling Act Prohibits Relation Back Here. ...................................... 6

v.  The Congressional Purpose of the Statute of Repose Forecloses Plaintiffs' Argument. ............................................................................................................. 8

vi.  The Court Should Not Defer Ruling on the Statute of Repose. ........................... 9

B.  Plaintiffs Fail to Plead Relation Back. ................................................................. 10

C.  The SAC's Alter Ego Allegations Fail to State A Veil Piercing Claim................. 11

i.  Plaintiffs Concede They Fail to Plead Alter Ego Liability under Delaware or Cayman Law, Which Apply Here. ...................................................................... 11

ii.  Plaintiffs' Allegations Fail to State a Claim under California Law. ................... 12

D.  The Statute of Limitations for Partnership Liability Cannot Obviate the Securities Act's Statute of Repose. ..................................................................................... 13

CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anixter v. Home-Stake Prod. Co.,*
939 F.2d 1420 (10th Cir. 1991)................................................................................9

*Asher v. Unarco Material Handling, Inc.,*
596 F.3d 313 (6th Cir. 2010)...................................................................................5

*Barilli v. Sky Solar Holdings, Ltd.,*
389 F. Supp. 3d 232 (S.D.N.Y. 2019)......................................................................5

*Boeing Co. v. KB Yuzhnoye,*
2014 WL 12601330 (C.D. Cal. Feb. 20, 2014).......................................................11

*Bohannon v. McDonald,*
2024 WL 2198659 (N.D. Cal. May 7, 2024) ...........................................................2

*China Agritech v. Michael H. Resh,*
584 U.S. 732 (2018).................................................................................................7

*Corcoran v. CVS Health Corp.,*
169 F. Supp. 3d 970 (N.D. Cal. 2016) ...................................................................12

*De Vito v. Liquid Holdings Grp., Inc.,*
2018 WL 6891832 (D.N.J. Dec. 31, 2018) ..........................................................2, 6

*Dekalb Cnty. Pension Fund v. Transocean Ltd.,*
817 F.3d 393 (2d Cir. 2016)..................................................................................6, 8

*Evanston Ins. Co. v. Dillard Dep't Stores, Inc.,*
602 F.3d 610 (5th Cir. 2010)..................................................................................13

*Fed. Deposit Ins. Corp. for Colonial Bank v. First Horizon Asset Sec. Inc.,*
291 F. Supp. 3d 364 (S.D.N.Y. 2018).............................................................*passim*

*Fields v. Legacy Health Sys.,*
413 F.3d 943 (9th Cir. 2005)....................................................................................7

*Greenlight Sys., LLC v. Breckenfelder,*
2021 WL 2651377 (N.D. Cal. June 28, 2021) ...................................................11-12

*Hogan v. Pilgrim's Pride Corp.,*
73 F.4th 1150 (10th Cir. 2023) ..............................................................................3-4

*Hollifield v. Resolute Cap. Partners Ltd.*,
2023 WL 8170334 (C.D. Cal. Oct. 2, 2023) ................................................................... 9

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
966 F. Supp. 2d 1018 (C.D. Cal. 2013) ......................................................................... 9

*In re Honest Co., Inc.*,
2024 WL 466822 (C.D. Cal. Jan. 31, 2024) ................................................................. 10

*In re Hoover WSCR Assocs. Ltd.*,
268 B.R. 227 (Bankr. C.D. Cal. 2001) ......................................................................... 14

*In re Lehman Bros. Sec. & Erisa Litig.*,
800 F. Supp. 2d 477 (S.D.N.Y. 2011) ........................................................................... 2

*In re Longtop Fin. Techs. Ltd. Secs. Litig.*,
939 F. Supp. 2d 360 (S.D.N.Y. 2013) ........................................................................... 7

*In re Petrobras Sec. Litig.*,
116 F. Supp. 3d 368 (S.D.N.Y. 2015) ........................................................................... 2

*In re Petrobras Sec. Litig.*,
152 F. Supp. 3d 186 (S.D.N.Y. 2016) ........................................................................... 9

*In re Ripple Labs, Inc. Litig.*,
2026 WL 206301 (9th Cir. Jan. 27, 2026) ..................................................................... 2

*In re Schwarzkopf*,
626 F.3d 1032 (9th Cir. 2010) ..................................................................................... 11

*In re Syntex Corp. Sec. Litig.*,
95 F.3d 922 (9th Cir. 1996) ........................................................................................... 6

*Karasek v. Regents of Univ. of Cal.*,
500 F. Supp. 3d 967 (N.D. Cal. 2020) ........................................................................... 9

*Kessev Tov, LLC v. Doe(s)*,
2022 WL 2356626 (N.D. Ill. June 30, 2022) ............................................................. 4, 9

*Kingsbury v. Westlake Mgmt. Co.*,
2015 WL 1649994 (W.D. Okla. Apr. 13, 2025) ........................................................... 13

*Krupski v. Costa Crociere S. p. A.*,
560 U.S. 538 (2010) ................................................................................................. 8, 10

*Kumaran v. Northland Energy Trading, LLC*,
762 F. Supp. 3d 322 (S.D.N.Y. 2025)............................................................................ 2

*Kuwait Inv. Off. v. Am. Int'l Grp., Inc.*,
128 F. Supp. 3d 792 (S.D.N.Y. 2015)............................................................................ 9

*MacRae v. HCR Manor Care Servs., LLC*,
2017 WL 11480091 (C.D. Cal. Sep. 14, 2017)............................................................. 11

*McOmie-Gray v. Bank of Am. Home Loans*,
667 F.3d 1325 (9th Cir. 2012)....................................................................................... 7

*Miguel v. Country Funding Corp.*,
309 F.3d 1161 (9th Cir. 2002)..................................................................................... 6-7

*Mills v. Molina Healthcare, Inc.*,
2022 WL 17825534 (C.D. Cal. Dec. 8, 2022) ........................................................... 4, 9

*Norris v. Wirtz*,
818 F.2d 1329 (7th Cir. 1987)........................................................................................ 9

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999)....................................................................................................... 6

*Pac. Mar. Freight, Inc. v. Foster*,
2010 WL 3339432 (S.D. Cal. Aug. 24, 2010) ............................................................. 12

*Pizana v. SanMedica Int'l LLC*,
2022 WL 1241098 (E.D. Cal. Apr. 27, 2022)............................................................... 11

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
721 F.3d 95 (2d Cir. 2013).......................................................................................... 4, 6-7

*Ret. Sys. v. ANZ Sec., Inc.*,
582 U.S. 497 (2017)...................................................................................................4-5, 8-9

*Romero v. Countrywide Bank, N.A.*,
740 F. Supp. 2d 1129 (N.D. Cal. 2010) ....................................................................... 10

*RRX Indus. v. Lab-Con, Inc.*,
772 F.2d 543 (9th Cir. 1985)........................................................................................ 12

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs.*,
12 F.4th 337 (3d Cir. 2021).......................................................................................... 3, 7

*Silvercreek Mgmt., Inc. v. Citigroup, Inc.*,
    248 F. Supp. 3d 428 (S.D.N.Y. 2017).................................................................................... 2, 9

*Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*,
    821 F.3d 780 (6th Cir. 2016)................................................................................................ 9

*Stewart v. Screen Gems-EMI Music, Inc.*,
    81 F. Supp. 3d 938 (N.D. Cal. 2015) ................................................................................. 12

*Sunseri v. Proctor*,
    487 F. Supp. 2d 905 (E.D. Mich. 2007), *aff'd*, 286 F. App'x 930 (6th Cir. 2008) ................ 14

*Telesaurus VPC, LLC v. Power*,
    2011 WL 5024239 (D. Ariz. Oct. 21, 2011) ...................................................................... 11

*U.S. ex rel. Rollinson v. Johns Hopkins Med. Servs. Corp.*,
    2025 WL 1518238 (D. Me. May 28, 2025) ......................................................................... 4

*United States ex rel. Osinek v. Permanente Med. Grp, Inc.*,
    2022 WL 16943886 (N.D. Cal. Nov. 14, 2022)................................................................. 2-3

*Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*,
    121 F.3d 1332 (9th Cir. 1997)........................................................................................ 13-14

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ........................................................................................................... 6

*Wehlage v. EmpRes Healthcare Inc.*,
    821 F. Supp. 2d 1122 (N.D. Cal. 2011) ............................................................................ 11

*Wilkins-Jones v. Cnty. of Alameda*,
    2012 WL 3116025 (N.D. Cal. July 31, 2012)................................................................... 10

**State Cases**

*Paul Elton, LLC v. Rommel Del., LLC*,
    2020 WL 2203708 (Del. Ch. May 7, 2020) ...................................................................... 13

*Wenske v. Blue Bell Creameries, Inc.*,
    2018 WL 5994971 (Del. Ch. Nov. 13, 2018) ................................................................... 13

**INTRODUCTION[1]**

The Securities Act's three-year statute of repose acts as an "absolute bar" on claims against new parties such as the Proposed Defendants. Plaintiffs' opposition concedes that they missed the three-year window. That uncontested fact is dispositive.

Plaintiffs do not dispute that the Securities Act's statute of repose acts as a bar on claims raised more than three years after the securities offering on which they are based, or that the statute of repose had run by the time the Second Amended Complaint was filed. It is also common ground that the Securities Act's statute of repose is not subject to tolling or a discovery rule. Likewise, Plaintiffs do not dispute that information about the Proposed Defendants and their roles was publicly available before Plaintiffs filed this action.

Instead, Plaintiffs' primary argument is that the Securities Act's statute of repose is subject to relation back.[2] Plaintiffs cite no case for the novel proposition that a plaintiff can add new defendants after the Securities Act's statute of repose expires, and instead rely on out-of-circuit cases that explicitly do not reach this issue. Every court that actually has reached this issue has rejected Plaintiffs' argument. That is for good reason—Rule 15 of the Federal Rules of Civil Procedure cannot override Congress's "absolute bar" on new claims outside the repose period.

Plaintiffs' arguments in support of their alter ego claims similarly fail. Plaintiffs' only argument is that California law—not Delaware law—governs their alter ego claims. But that is contrary to Ninth Circuit precedent, which requires application of Delaware law to alter ego claims against Delaware entities, and Plaintiffs concede that they fail to allege alter ego liability under Delaware law. In any event, even if California law were to apply, Plaintiffs fall far short of the high bar for piercing the corporate veil.

Plaintiffs' final throw of the dice is to suggest that their Securities Act claims should not be governed by the Act's own statute of repose, but instead is governed by the statute of limitations

---

[1] Unless otherwise indicated, all capitalized terms are as defined in Defendants' memorandum in support of their Motion to Dismiss the Second Amended Complaint, Dkt. No. 268 (the "Motion to Dismiss" or "Mot."). The "Opposition" or "Opp." refers to Plaintiffs' memorandum in opposition to the Motion to Dismiss, Dkt. No. 289.

[2] Plaintiffs' argument that other defendants' motions to dismiss are procedurally improper, Opp. at 7–14, does not apply to the Proposed Defendants, which have not previously moved to dismiss the case, or to Polychain Alchemy LLC, which faces Plaintiffs' alter ego allegations for the first time in the Second Amended Complaint.

for a partnership claim they do not allege in this case. The Ninth Circuit squarely rejected this argument in *Valley National Bank*, and no court has ever adopted Plaintiffs' far-fetched theory, which would allow any plaintiff to circumvent the Securities Act's statute of repose by also naming a supposed partnership as a defendant.

**ARGUMENT**

**A.    The Securities Act's Three-Year Statute of Repose is Not Subject to Relation Back.**

Plaintiffs do not dispute that they brought their Securities Act claims against the Proposed Defendants more than three years after the purported initial offering. *See* Mot. at 2–3. Accordingly, the three-year repose period had run for the Proposed Defendants when Plaintiffs brought claims against them. *See* 15 U.S.C. § 77m; *In re Ripple Labs, Inc. Litig.*, 2026 WL 206301, at *1–2 (9th Cir. Jan. 27, 2026) ("the three-year statute of repose began to run when XRP was first offered to the public in 2013" via a digital asset exchange). The Opposition ignores the well-reasoned authority cited in the Motion to Dismiss holding that the Securities Act's statute of repose "permits no exceptions" and "cannot be circumvented by the relation-back doctrine." *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 450–52 (S.D.N.Y. 2017) (holding Securities Act's statute of repose prohibits adding new claims upon expiration of statute of repose and is not subject to relation back); *see Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 335 (S.D.N.Y. 2025) (same); *De Vito v. Liquid Holdings Grp., Inc.*, 2018 WL 6891832, at *23–24 (D.N.J. Dec. 31, 2018) (same); *Fed. Deposit Ins. Corp. for Colonial Bank v. First Horizon Asset Sec. Inc.*, 291 F. Supp. 3d 364, 370–74 (S.D.N.Y. 2018) (same); *In re Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 385 (S.D.N.Y. 2015) (same); *In re Lehman Bros. Sec. & Erisa Litig.*, 800 F. Supp. 2d 477, 481–83 (S.D.N.Y. 2011) (same); *see also Bohannon v. McDonald*, 2024 WL 2198659, at *1–3 (N.D. Cal. May 7, 2024) (rejecting relation back where the plaintiff sought to add a new party because it would "evade the statute of repose" under California law); *United States ex rel. Osinek v. Permanente Med. Grp, Inc.*, 2022 WL 16943886, at *10 (N.D. Cal. Nov. 14, 2022) (rejecting relation back of claims under the False Claims Act where the proposed amendment involved "adding a new party to the litigation").

Rather than addressing this profusion of case law rejecting their position, Plaintiffs: (i) analogize to out-of-circuit cases that expressly do not apply to the addition of new parties; (ii) advance a textual interpretation of Section 13 that is contrary to precedent and would lead to absurd results; (iii) ignore the Rules Enabling Act's prohibition on relation back under these circumstances; (iv) rely on equitable arguments that run contrary to Congressional intent; and (v) ask this Court to defer ruling on this purely legal question until a later stage of the case. Each of these arguments fails.

### i.     Plaintiffs' Authority Is Inapplicable Under These Circumstances.

Plaintiffs rest their argument on two out-of-circuit decisions permitting relation back where the amendments did *not* add new claims or new parties. *See Se. Pa. Transp. Auth. v. Orrstown Fin. Servs.* ("*SEPTA*"), 12 F.4th 337, 350–53 (3d Cir. 2021) (holding that the Securities Act's statute of repose does not bar a Third Amended Complaint that "reasserts no more than the same claims, against the same parties, as the timely filed First Amended Complaint"); *Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1155, 1158–59 (10th Cir. 2023) (holding that a statute of repose in the Securities Exchange Act did not bar a second amended complaint that "did not add any new parties or causes of action, nor did it identify any additional statements by Defendants that were allegedly false or misleading"). In deciding these cases, both courts explicitly stated that their holdings do not apply to the circumstances here.

In *SEPTA*, the Third Circuit specifically cautioned that "[it did] not reach whether a plaintiff may use relation back in this context to add new parties" nor "address whether an entirely new claim—one that the plaintiffs did not bring before—may relate back to skirt statutes of repose." *SEPTA*, 12 F.4th at 350; *see also id.* at 352 ("[R]elation back does not offend the Rules Enabling Act when a plaintiff merely seeks to amend a timely filed complaint *without adding entirely new claims or parties*.") (emphasis added). Far from supporting Plaintiffs' position, *SEPTA* has been cited in this district to *reject* the precise argument Plaintiffs make here. In *Osinek*, the court noted that in *SEPTA* the plaintiff was "not bringing any new legal claims or adding new parties," and concluded that *SEPTA* suggests that adding new defendants "would not be sanctioned by way of relation back." 2022 WL 16943886, at *10.

Similarly, in *Hogan*, the Tenth Circuit permitted relation back specifically because the relevant amendment did not add new claims or defendants. 73 F.4th at 1153 ("Because . . . the SAC did not raise new claims or add any defendants . . . the SAC was not barred by the statute of repose."). The *Hogan* court explicitly distinguished the facts of that case, "where the SAC add[ed] no parties or causes of action," from a case like this one where "[a] claim [is] raised for the first time in an amendment to a complaint," in which case that claim "may well be barred by the statute [of repose]." *Id.* at 1157.

The other cases cited by Plaintiffs either did not address statutes of repose at all, or did not reach the question of whether relation back is permitted. *See* Opp. at 29 (*citing U.S. ex rel. Rollinson v. Johns Hopkins Med. Servs. Corp.*, 2025 WL 1518238 (D. Me. May 28, 2025); *Kessev Tov, LLC v. Doe(s)*, 2022 WL 2356626 (N.D. Ill. June 30, 2022); *Mills v. Molina Healthcare, Inc.*, 2022 WL 17825534 (C.D. Cal. Dec. 8, 2022)). In *Rollinson*, the court rejected the argument that the False Claims Act's limitations provision was a statute of repose, and permitted relation back on that basis. *See* 2025 WL 1518238, at *3 n.4. In *Kessev Tov*, the court did not reach the statute of repose question, instead dismissing the amended complaint on other grounds. *See* 2022 WL 2356626, at *6, *10 ("abstain[ing]" from deciding the repose issue at the motion to dismiss stage where it was unclear whether plaintiffs had fulfilled the threshold "mistake" requirement for relation back). Finally, in *Mills*, the defendant did not contest that ERISA's statute of repose was subject to relation back, and thus the court did not need to resolve the issue presented here. 2022 WL 17825534, at *9–10.[3]

    **ii.**    **Plaintiffs Cannot Circumvent the "Absolute Bar" Created by the Securities Act's Statute of Repose.**

Plaintiffs' attempt to evade the Supreme Court's holding in *CalPERS* that the Securities Act's statute of repose is an "absolute bar" on a defendant's liability also falls flat. *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.* ("*CalPERS*"), 582 U.S. 497, 507 (2017). Plaintiffs first protest that *CalPERS* addressed equitable tolling, while Plaintiffs, by contrast, invoke a federal rule. But courts have rejected this exact distinction. *See, e.g.*, *Police & Fire Ret. Sys. of City of Detroit v. IndyMac*

---

[3] *See Mills v. Molina Healthcare, Inc.*, Dkt. No. 96 at 13–14; Dkt. No. 111 at 6.

*MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013) ("Even assuming, *arguendo*, that the *American Pipe* tolling rule is 'legal'—based upon Rule 23, which governs class actions—we nonetheless hold that its extension to the statute of repose in Section 13 would be barred by the Rules Enabling Act, 28 U.S.C. § 2072(b)."). Plaintiffs also try to get around *CalPERS*'s prohibition on bringing claims outside of the Securities Act's repose period by suggesting *CalPERS* was limited to attempts to *extend* the repose period via tolling and does not apply to attempts to *freeze* the repose period. Opp. at 30. But the Supreme Court took a much broader approach in *CalPERS*: "[T]he purpose of a statute of repose is to give the defendant full protection after a certain time." 582 U.S. at 511. There is no difference between "extend" and "freeze." Any attempt to toll the Securities Act's repose period or relate back after the period expires runs afoul of *CalPERS*.

### iii.    Courts Universally Reject Plaintiffs' Definition of "Action."

Plaintiffs' textual argument—that the statute of repose applies only to a newly-filed "action," not amendments adding new defendants, Opp. at 28—fares no better. Multiple courts have rejected this reading of "action." For example, in *Barilli v. Sky Solar Holdings, Ltd.*, the court specifically rejected the argument "that the statute of repose does not apply to amendments because it bars only new 'actions,'" holding that such an interpretation would "undermine Section 13's purpose and abridge Defendants' right to be free from liability after the expiration of three years." 389 F. Supp. 3d 232, 264 (S.D.N.Y. 2019). The court in *First Horizon* also concluded that the argument "that Section 13 of the 1933 Act only bars commencing a new action after the repose period has run, but does not bar bringing new claims after the repose period has run . . . cannot be reconciled with the Supreme Court's holding [in *CalPERS*]." *First Horizon*, 291 F. Supp. 3d at 372. Similarly, the Sixth Circuit has held that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010).

Plaintiffs cite no court that has adopted Plaintiffs' artificially-narrowed definition of "action" to limit the application of the Securities Act's statute of repose. That is for good reason— if courts adopted Plaintiffs' interpretation, neither the statute of limitations nor statute of repose in Section 13 would serve as any limitation on a proposed amendment that added new claims or

parties, or that fundamentally altered existing claims. *See* 15 U.S.C. § 77m. That would obviate the very purpose of the limitations and repose periods and would be contrary to binding precedent rejecting amendments of claims after the expiration of the statute of limitations that do not meet the requirements for relation back. *E.g.*, *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996) (requiring strict application of Rule 15 for adding new defendants, and concluding that claims against new defendants were barred by Securities Exchange Act's statute of limitations, which can be tolled, because requirements for relation back not met).

### iv. The Rules Enabling Act Prohibits Relation Back Here.

The Rules Enabling Act—which prohibits any interpretation of the Federal Rules of Civil Procedure that would "abridge, enlarge or modify any substantive right"—prohibits Plaintiffs' requested application of relation back here. 28 U.S.C. § 2072(b). Plaintiffs argue that "Rule 15(c) is valid" under the Rules Enabling Act. Opp. at 30–33. This is a red herring. The Proposed Defendants do not contend that Rule 15(c) is unconstitutional or invalid under the Rules Enabling Act as a general matter. Rather, it is Plaintiffs' desired *application* of Rule 15(c) that would violate the Rules Enabling Act by abridging the Proposed Defendants' substantive rights. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) ("[T]he Rules Enabling Act forbids *interpreting* Rule 23 to 'abridge, enlarge or modify any substantive right'") (emphasis added); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999) ("[N]o *reading* of the Rule can ignore the Act's mandate that 'rules of procedure "shall not abridge, enlarge or modify any substantive right."'") (emphasis added).

Plaintiffs' proposed application of relation back violates the Rules Enabling Act because it would abridge the Proposed Defendants' vested rights to be free from suit after the repose period has expired. Courts, including the Ninth Circuit, have repeatedly held that the expiration of a period of repose creates a substantive right not subject to relation back. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164–65 (9th Cir. 2002) (holding statutes of repose not subject to relation back); *Dekalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 414 (2d Cir. 2016) (same); *Police & Fire Ret. Sys. of City of Detroit*, 721 F.3d at 109 (same); *First Horizon Asset Sec. Inc.*, 291 F. Supp. 3d at 374; *De Vito*, 2018 WL 6891832 at *24 ("The kind of relation-back proposed

here limits the effect of a statute of repose, which is a substantive component of a Section 11 claim. To permit relation-back under Rule 15(c) would violate the Rules Enabling Act because it would abridge a party's right to be free from suit under that statute of repose, which is a substantive entitlement."); *see also In re Longtop Fin. Techs. Ltd. Secs. Litig.*, 939 F. Supp. 2d 360, 379–80 (S.D.N.Y. 2013).  Plaintiffs cite no case holding that Rule 15(c) permits a party to add defendants after the expiration of the repose period consistent with the Rules Enabling Act.

Plaintiffs seek to distinguish the Ninth Circuit's decision in *Miguel* on the ground that it discussed the "jurisdictional" nature of the Truth in Lending Act's statute of repose.  Opp. at 32. But the holding in *Miguel* was that once a repose period expires, the right to sue is extinguished, and does not turn on whether the statute of repose is jurisdictional.[4]  Section 13 operates the same way, extinguishing the right to sue upon the expiration of the repose period.  *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 961 n.7 (9th Cir. 2005) (the expiration of a statute of repose "terminates a right of action"); *Police & Fire Ret. Sys. of City of Detroit*, 721 F.3d at 109 (holding "the statute of repose in Section 13 . . . extinguish[es] claims after a three-year period").  Once the right to sue is extinguished, Rule 15(c) cannot restore it.[5]  Plaintiffs also try to sidestep *Miguel* by suggesting its holding on the inapplicability of relation back to repose periods is dicta, Opp. at 31–32, but the Ninth Circuit has made clear that *Miguel*'s holding is that "*any claims* filed more than three years after" the repose date are barred by the statute of repose.  *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012) (abrogated on different grounds).

Finally, Plaintiffs' argument that the Securities Act's statute of repose is not substantive for purposes of the Rules Enabling Act contravenes the Supreme Court's holding in *China Agritech* that limitations periods are substantive for purposes of the Rules Enabling Act.  *China Agritech v. Michael H. Resh*, 584 U.S. 732, 745 (2018) ("Today's clarification of *American Pipe*'s reach does not run afoul of the Rules Enabling Act by causing a plaintiff's attempted recourse to Rule 23 to abridge or modify a substantive right . . . Plaintiffs have no substantive right to bring their claims

---

[4] *Miguel* described the jurisdictional consequence as following from that extinguishment: "these limits, when completely extinguishing the right previously created, deprive courts of jurisdiction."  309 F.3d at 1164.

[5] Notably, the *SEPTA* court distinguished *Miguel* because, "unlike the plaintiff in *Miguel*, SEPTA [was] not seeking to add any additional defendants after the repose deadline."  *SEPTA*, 12 F.4th at 346 n.5.  As in *Miguel*, Plaintiffs here *do* seek to add additional defendants after the repose deadline.

outside the statute of limitations."); *see also Dekalb Cnty. Pension Fund*, 817 F.3d at 414 (holding that the Rules Enabling Act bars application of *American Pipe* tolling to Securities Act's statute of repose and that "all statutes of repose create a substantive right").

### v.     The Congressional Purpose of the Statute of Repose Forecloses Plaintiffs' Argument.

Plaintiffs' argument that the dismissal of the Proposed Defendants would be a "windfall," *see* Opp. at 28–29, ignores the carefully calibrated policy judgments Congress made in drafting Sections 12 and 13 of the Securities Act.[6]  As a threshold matter, the Supreme Court has expressly rejected equitable attempts to circumvent the Securities Act's statute of repose.  *See CalPERS*, 582 U.S. at 516 (holding that the Securities Act's statute of repose "displaces the traditional power of courts to modify statutory time limits in the name of equity").  In any event, the application of the statute of repose here serves the very purpose for which Congress enacted the statute: to ensure that a defendant will be absolutely free from liability after the legislatively-determined time period of three years.  The Supreme Court has emphasized that the Securities Act's statute of repose was designed to be an "absolute bar" against "future liability."  *Id.* at 507; *id*. at 511 ("[T]he text, purpose, structure, and history of the statute all disclose the congressional purpose to offer defendants full and final security after three years.").  The strict language of the statute—providing that "[i]n no event" shall an action be brought after the three-year period—clearly reflects an intent to cut off liability completely.  *Id.* at 505.  The text "admits of no exception and on its face creates a fixed bar against future liability."  *Id.*; *see also First Horizon*, 291 F. Supp. 3d at 372 ("Allowing [plaintiff] to assert claims for liability that no longer exists through an amendment to the pleading would contradict Section 13's purpose of freeing defendants absolutely from liability.").

The statute's legislative history further supports this purpose.  In 1934, Congress amended the Securities Act's repose period from ten years to three years.  *See* Securities Exchange Act of 1934, Pub. L. No. 73-291, § 207, 48 Stat. 881, 908 (1934) (amending Section 13 of the Securities Act).  The record of the U.S. Senate's debate over the Securities Act's repose period shows "no

---

[6] Plaintiffs base this argument on dicta from *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 542–43 (2010), which addressed a contractual limitations period, not a statute of repose.

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: **3:22-CV-07781-WHO**

disagreement over the need for an absolute bar." *Anixter v. Home-Stake Prod. Co.*, 939 F.2d 1420, 1435 (10th Cir.), *amended on denial of reh'g*, 947 F.2d 897 (10th Cir. 1991), *and cert. granted, judgment vacated sub nom. Dennler v. Trippet*, 503 U.S. 978 (1992).  Indeed, Congress shortened the repose period to "protect defendants' financial security in fast-changing markets by reducing the open period for potential liability." *CalPERS*, 582 U.S. at 506; *see also Norris v. Wirtz*, 818 F.2d 1329, 1332 (7th Cir. 1987), *overruled on other grounds by Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385 (7th Cir. 1990) ("The legislative history in 1934 makes it pellucid that Congress included statutes of repose because of fear that lingering liabilities would disrupt normal business and facilitate false claims.  It was understood that the three-year rule was to be absolute.").

### vi.    The Court Should Not Defer Ruling on the Statute of Repose.

Plaintiffs' last resort effort is to ask the Court to defer ruling on the statute of repose "until the record is more complete."  Opp. at 33.  The Court should deny this request because the application of the statute of repose turns on a pure question of law, not on any factual issue.  "A district court may consider timeliness arguments on a motion to dismiss when the circumstances are 'sufficiently clear on the face of the complaint . . . as to make the time-bar ruling appropriate[.]'" *Kuwait Inv. Off. v. Am. Int'l Grp., Inc.*, 128 F. Supp. 3d 792, 806–07 (S.D.N.Y. 2015) (dismissing Securities Act claims as untimely under Section 13's statute of repose) (internal citation omitted); *see also, e.g.*, *Hollifield v. Resolute Cap. Partners Ltd.*, 2023 WL 8170334, at *1, *3 (C.D. Cal. Oct. 2, 2023) (same); *First Horizon*, 291 F. Supp. 3d at 372–74, 378 (same); *Silvercreek Mgmt., Inc.*, 248 F. Supp. 3d at 451–52 (same); *In re Petrobras Sec. Litig.*, 152 F. Supp. 3d 186, 198–199 (S.D.N.Y. 2016) (same); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1018, 1021 (C.D. Cal. 2013) (same); *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 795 (6th Cir. 2016) (affirming district court's dismissal of Securities Act claims as barred by the statute of repose).[7]  Here, it is uncontested that the repose period lapsed after June

---

[7] Each of the cases cited by Plaintiffs in support of their suggestion that the Court "should defer ruling on the . . . statute-of-repose defense until the record is more complete" involved contested factual questions.  *See Mills*, 2022 WL 17825534, at *10 (whether the requirements of Rule 15(c)(1)(C) had been met);  *Kessev Tov, LLC*, 2022 WL 2356626, at *5–6 (whether plaintiffs were reasonably diligent in discovering their claims and whether the requirements of Rule 15(c)(1)(C) had been met; *Karasek v. Regents of Univ. of Cal.*, 500 F. Supp. 3d 967, 981 (N.D. Cal. 2020) (whether plaintiffs were on constructive notice of their claims).

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**CASE NO.: 3:22-CV-07781-WHO**

16, 2023, more than two years before Plaintiffs amended the Complaint to add the Proposed Defendants. *See* Mot. at 6. There is no contested fact that could merit delay of dismissal based on the statute of repose.

**B.   Plaintiffs Fail to Plead Relation Back.**

Even if relation back could apply, the SAC does not meet the requirements for relation back under Rule 15(c)(1)(C), because Plaintiffs have not pled any facts showing a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see In re Honest Co., Inc.*, 2024 WL 466822, at *4 (C.D. Cal. Jan. 31, 2024) (granting motion to dismiss on timeliness grounds where plaintiffs "fail[ed] to provide the Court with, let alone plead, any facts to show she made a mistake in failing to name the [proposed defendants] or that the [proposed defendants] knew or should have known they would have been named but for her mistake"); *Krupski*, 560 U.S. at 541.

Under *Krupski*, relation back "only comes into play once a mistake has occurred." *Wilkins-Jones v. Cnty. of Alameda*, 2012 WL 3116025, at *16 (N.D. Cal. July 31, 2012). When a plaintiff instead makes "a conscious, reasoned choice not to sue" the purportedly correct defendants, "such an error is not . . . a mistake" within the meaning of Rule 15(c)(1)(C). *Id*. at *17. Plaintiffs do not plead in the SAC or contend in the Opposition that Polychain Alchemy was the wrong party, instead asserting that the "New Polychain Entity Defendants, in conjunction with Polychain Alchemy, exercised their voting power collectively and without distinction." Opp. at 24; *see also* SAC ¶ 13. Plaintiffs also do not contest that information was publicly available that describes the relationship among Polychain Alchemy and the Proposed Defendants. If Plaintiffs were aware of the Proposed Defendants' "identity at the time the original complaint [was] filed, . . . amendment is not allowed to defeat the statute of limitations." *Wilkins-Jones*, 2012 WL 3116025, at *16 (quoting *In re ATM Fee Antitrust Litig.*, 768 F. Supp. 2d 984, 1000 (N.D. Cal. 2009)). Likewise, if Plaintiffs failed to uncover the identities of the Proposed Defendants despite having ample opportunity to do so, "lack of knowledge is not a mistake of the kind required by Rule 15(c)(1)(C)(ii)." *See Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1144 (N.D. Cal. 2010).

Moreover, Plaintiffs do not seek to *replace* a party as contemplated by Rule 15(c)(1)(C), but to *add* new parties instead. Rule 15(c)(1)(C) authorizes relation back only when "the

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 3:22-CV-07781-WHO

amendment changes the party or the naming of the party against whom a claim is asserted[.]" Fed. R. Civ. P. 15(c)(1)(C); *see also Telesaurus VPC, LLC v. Power*, 2011 WL 5024239, at *6 (D. Ariz. Oct. 21, 2011) (limiting "Rule 15(c)(1)(C) to substitution—the only purpose for which the Rules Committee intended it").

**C.      The SAC's Alter Ego Allegations Fail to State A Veil Piercing Claim.**

> **i.      Plaintiffs Concede They Fail to Plead Alter Ego Liability under Delaware or Cayman Law, Which Apply Here.**

Plaintiffs do not contest that they fail to plead the elements required for alter ego liability under Delaware or Cayman law. Instead, their sole argument is that California law applies. But both federal and California choice-of-law rules look to the law of the place of incorporation to determine the requirements for alter ego liability. *Boeing Co. v. KB Yuzhnoye*, 2014 WL 12601330, at *1 (C.D. Cal. Feb. 20, 2014) (federal choice of law rules pointing to place of formation); *Pizana v. SanMedica Int'l LLC*, 2022 WL 1241098, at *13 (E.D. Cal. Apr. 27, 2022) (same under California choice of law rules); *Greenlight Sys., LLC v. Breckenfelder*, 2021 WL 2651377 (N.D. Cal. June 28, 2021) (same); *MacRae v. HCR Manor Care Servs., LLC*, 2017 WL 11480091, at *3 (C.D. Cal. Sep. 14, 2017) (same); *Wehlage v. EmpRes Healthcare Inc.*, 821 F. Supp. 2d 1122, 1126 (N.D. Cal. 2011) (same); *see also* Cal. Corp. Code § 17708.01(a). None of the Proposed Defendants are incorporated in California.

Rather, three of the Polychain entities are organized under Delaware law and one is organized under Cayman law. *See* Mot. at 8 n.3. As a result, Delaware and Cayman law govern Plaintiffs' alter ego claims. The Opposition does not dispute that the SAC fails to plead alter ego liability under Delaware or Cayman law. *See* SAC ¶¶ 11–14; Opp. at 34–35.

Plaintiffs' sole argument is that California substantive law, as the "law of the forum state," governs their alter ego claims. Opp. at 33–34. But the *only* case that Plaintiffs cite for this assertion involved a California corporation, not a choice of law issue involving out-of-state entities. *See In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010). Indeed, courts in this district have distinguished *Schwarzkopf* precisely on this basis. *See Greenlight Sys., LLC*, 2021 WL 2651377, at *17 (citing *Schwarzkopf*, but applying Ohio alter ego law to Ohio entity under California choice

11

of law rules), *aff'd*, 2022 WL 17222415 (9th Cir. Nov. 25, 2022).  *Schwarzkopf* is inapposite because none of the Polychain entities are organized in California.

### ii.     Plaintiffs' Allegations Fail to State a Claim under California Law.

Plaintiffs' allegations also fail to state an alter ego claim under California law, which requires pleading specific facts supporting that "(1) such a unity of interest and ownership exists that the personalities of the corporation and individual are no longer separate, and (2) an inequitable result will follow if the acts are treated as those of the corporation alone." *RRX Indus. v. Lab-Con, Inc.*, 772 F.2d 543, 545 (9th Cir. 1985).  Plaintiffs fail to satisfy both prongs of the test.

Plaintiffs' allegations that the Polychain entities share office space and email accounts and purportedly "take directions" from a common individual, *see* SAC ¶¶ 12-14, come nowhere close to meeting the nine-factor test for the first prong.  *See Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 954–57 (N.D. Cal. 2015) (complaint failed to plead alter ego liability where it alleged only three factors suggesting unity of interest—"equitable ownership, use of the same offices and employees . . . , and identical officers and directors"); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 983–84 (N.D. Cal. 2016) (similar).

Nor do Plaintiffs plead the second prong of the test, which requires "bad-faith conduct" that "make[s] it inequitable to recognize the corporate form." *Pac. Mar. Freight, Inc. v. Foster*, 2010 WL 3339432, at *7–8 (S.D. Cal. Aug. 24, 2010).  Plaintiffs have not pleaded any facts showing bad faith conduct and cannot meet this standard.  Public SEC filings available at the time of the original complaint outlined the Polychain entities' corporate structure and described the relationships between Polychain Alchemy and the Proposed Defendants.  *See* Mot. at 3.  To date, Plaintiffs still have not indicated why they initially identified Polychain Alchemy and named it as a Defendant in the original complaint, as Polychain Alchemy was not mentioned in any of the documents referenced in the Complaint.[8]

---

[8] Plaintiffs alternatively ask the Court to defer ruling on their alter ego allegations at this stage.  The Court should deny this request given that Plaintiffs have not met their pleading burden, and courts frequently dismiss alter ego claims at this stage.  *See, e.g., Paul Elton, LLC v. Rommel Del., LLC*, 2020 WL 2203708, at *14–15 (Del. Ch. May 7, 2020) (dismissing veil piercing claim where allegations failed to "independently support a claim of veil piercing under the traditional multi-factor analysis"); *Wenske v. Blue Bell Creameries, Inc.*, 2018 WL 5994971, at *6 (Del. Ch. Nov. 13, 2018) (dismissing veil piercing claim that failed to allege facts supporting inference that corporation exists solely "as a vehicle for fraud").

**D.     The Statute of Limitations for Partnership Liability Cannot Obviate the Securities Act's Statute of Repose.**

In a last ditch effort to revive their time-barred claims, Plaintiffs argue that the addition of the Proposed Defendants in this action is timely because the relevant statute of limitations for their claims against the Proposed Defendants runs from the date of a judgment against the partnership.[9] This argument fails for two reasons.

*First*, Plaintiffs are not asserting a claim to enforce a judgment, so the statute of limitations for such a claim cannot apply.  The Court has not even determined whether a partnership exists and no judgment has been entered against the alleged partnership (Compound DAO) or any of its purported partners.  In their Opposition, Plaintiffs cite two out-of-circuit cases in which a partnership's liability had already been established, and courts held that follow-on actions against partners to enforce that judgment were governed by a statute of limitations running from the date of the judgment.  *See Evanston Ins. Co. v. Dillard Dep't Stores, Inc.*, 602 F.3d 610, 617 (5th Cir. 2010); *Kingsbury v. Westlake Mgmt. Co.*, 2015 WL 1649994, at *2–3 (W.D. Okla. Apr. 13, 2015). But these cases are not applicable where no judgment has been obtained and Plaintiffs are seeking to add new defendants to the underlying action.

*Second*, the Ninth Circuit's decision in *Valley National Bank* forecloses Plaintiffs' argument.  *See Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*, 121 F.3d 1332 (9th Cir. 1997). *Valley National Bank* involved an attempt to enforce a judgment arising from a deficiency action against a partner of the partnership defendant.  The Ninth Circuit first held that the judgment against the partnership could not be enforced against the partners individually because they were not named in the underlying lawsuit, but then went on to explain that any such action would have been time barred:

---

[9] Tellingly, Plaintiffs do not say which statute of limitations they are arguing should apply, merely asserting "it would make little sense to require follow-on suits . . . to be brought within the limitations period applicable to the underlying suit" and the "relevant" statute of limitations must therefore "run[] from the date of a judgment against the partnership."  Opp. at 36-37.  To make matters more confusing, Plaintiffs cite cases applying statutes of limitation under Texas and Oklahoma law in support of this proposition.  *See Evanston Ins. Co.*, 602 F.3d at 617–18 (applying the Texas Civil Code's statute of limitations for a suit for debt); *Kingsbury*, 2015 WL 1649994, at *2–3 (applying the Oklahoma statute of limitations for a negligence claim).

The [plaintiff] did not bring such an action, nor can the action it filed be characterized as such post hoc *because the statute of limitations for such an action expired more than five months before the [plaintiff] filed its complaint in the district court*. Because the [plaintiff] cannot enforce the default judgment against the [partnership defendants], *and a suit against the Partnerships on the original debt is barred by the statute of limitations*, the [partnership defendants], *and therefore the [partners]*, were entitled to summary judgment.

121 F.3d at 1338 (emphasis added). Plaintiffs try to distinguish *Valley National Bank* by pointing out that the individual partners in that case were not named in the underlying lawsuit. Opp. at 37. But that is entirely the point and precisely the scenario here: The Proposed Defendants also were not named as defendants within the Securities Act's statute of repose. *See id.*; *see also Sunseri v. Proctor*, 487 F. Supp. 2d 905, 908 (E.D. Mich. 2007) ("[T]he plaintiff must still bring suit within the applicable limitations period for the underlying wrong."), *aff'd*, 286 F. App'x 930 (6th Cir. 2008); *In re Hoover WSCR Assocs. Ltd.*, 268 B.R. 227, 234 (Bankr. C.D. Cal. 2001) ("Cal. Civ. Proc. Code § 369.5 . . . is wholly procedural in nature and *does not establish a cause of action or the parameters for liability of either a partnership or its partners*.") (emphasis added).

Finally, Plaintiffs' argument would lead to absurd consequences: A plaintiff could bring a lawsuit against a purported partnership and then obtain a judgment against a defendant after the relevant statute of limitations or repose has run, so long as the complaint merely *alleges* the existence of partnership. That is not the law. Rather, the timeliness of the claims against the Proposed Defendants turns on the timeliness of the underlying Securities Act claims.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be granted with prejudice.

Dated: April 17, 2026

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Samuel Levander
Samuel Levander

Jennifer Kennedy Park (CA Bar # 344888)
jkpark@cgsh.com
1841 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-815-4100
Facsimile: 650-815-4199

Roger A. Cooper (admitted *pro hac vice*)
racooper@cgsh.com
Samuel Levander (admitted *pro hac vice*)
slevander@cgsh.com
Andrew G. Khanarian (admitted *pro hac vice*)
akhanarian@cgsh.com
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for Defendants Polychain Ventures LP; Polychain Master Fund I LP; Polychain Parallel Fund I LP; Dfinity Ecosystem Fund LP; and Polychain Alchemy, LLC*