**LATHAM & WATKINS LLP**
Morgan E. Whitworth (SBN 304907)
morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Douglas K. Yatter (SBN 236089)
douglas.yatter@lw.com
Benjamin Naftalis (Admitted *pro hac vice*)
benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020

Susan E. Engel (Admitted *pro hac vice*)
susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004

*Attorneys for Defendant AH Capital
Management, L.L.C.*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Amanda Houghton, Charles Douglas, and Susan Franklin, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Robert Leshner; Geoffrey Hayes; Compound DAO; AH Capital Management, LLC; Polychain Ventures LP; Polychain Master Fund I LP; Polychain Parallel Fund I LP; DFINITY Ecosystem Fund LP; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc.; Paradigm Operations LP,<br><br>Defendants. | Case No. 3:22-cv-07781-WHO<br><br>**DEFENDANTS A.H. CAPITAL MANAGEMENT, L.L.C. AND PARADIGM OPERATIONS LP'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hearing Date: May 13, 2026<br>Time: 2:00 PM<br>Courtroom: Courtroom 2<br>Before: Hon. William H. Orrick |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ......................................................................................................... 1

II.     ARGUMENT.................................................................................................................. 2

      A.      The Motion Was Procedurally Proper ................................................................ 2

      B.      The New SAC Allegations Show that a16z and Paradigm Were Not
           Members in Any Alleged Partnership................................................................. 7

III.    CONCLUSION............................................................................................................ 10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abdulkarim Janahi v. Zuberi*,
No. 2:21-cv-03975-VAP-PLAx, 2022 WL 2101728 (C.D. Cal. Mar. 11, 2022) .....................4

*Askins v. U.S. Department of Homeland Security*,
899 F.3d 1035 (9th Cir. 2018) ..................................................................................................2

*Bank of California v. Connolly*,
36 Cal. App. 3d 350 (1973) ......................................................................................................7

*Brooks v. Caswell*,
No. 3:14-cv-01232-AC, 2016 WL 866303 (D. Or. Mar. 2, 2016)............................................4

*Burton v. Ghosh*,
961 F.3d 960 (7th Cir. 2020) ....................................................................................................4

*Bush v. Liberty Life Assurance Co. of Boston*,
130 F. Supp. 3d 1320 (N.D. Cal. 2015) ...................................................................................4

*Doe v. Fitzgerald*,
No. CV 20-10713-MWF (RAOx),
2022 WL 2784805 (C.D. Cal. May 13, 2022) ..........................................................................3

*Flaa v. Hollywood Foreign Press Ass'n*,
55 F.4th 680 (9th Cir. 2022) .....................................................................................................9

*Fosbre v. Las Vegas Sands Corp.*,
Nos. 2:10-cv-00765-KJD-GWF, 2:10-cv-01210-KJD-GWF,
2012 WL 5879783 (D. Nev. Nov. 20, 2012) .............................................................................6

*Garcia v. City of Los Angeles*,
No. Cv 19-6182 DSF (PLAx), 2020 WL 6586300 (C.D. Cal. June 2, 2020)............................4

*Gonzalez v. Arizona*,
677 F.3d 383 (9th Cir. 2012), *aff'd sub nom.*,
*Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013) ........................................2

*Gopher Media LLC v. Melone*,
No. 3:21-cv-01909-RBM-VET, 2024 WL 5442826 (S.D. Cal. Apr. 17, 2024) ........................2

*Hamman v. Cava Grp., Inc.*,
No. 22-cv-593-MMA (MSB), 2023 WL 8374747 (S.D. Cal. Dec. 4, 2023)............................5

*In re Accellion, Inc. Data Breach Litigation*,
No. 21-cv-01155-EJD, 2024 WL 4592367 (N.D. Cal. Oct. 28, 2024) .....................................2

*In re CFS-Related Securities Fraud Litigation*,
179 F. Supp. 2d 1260 (N.D. Okla. 2001) ................................................................................6

*In re Packaged Seafood Products Antitrust Litigation*,
277 F. Supp. 3d 1167 (S.D. Cal. 2017) ..................................................................................4

*Interior Electric Inc. Nevada v. T.W.C. Construction, Inc.*,
No. 2:18-cv-01118-JAD-VCF, 2020 WL 5983882 (D. Nev. Oct. 8, 2020) ............................4

*Leung v. Federal Deposit Insurance Corp.*,
No. 24-cv-00337-NW, 2025 WL 1397205 (N.D. Cal. May 14, 2025)......................................4

*LLE One, LLC v. Facebook Inc.*,
No. 16-cv-06232-JSW, 2019 WL 13201973 (N.D. Cal. Apr. 25, 2019) .................................4

*Lopez v. Dang*,
No. SACV 21-353 JVS (KESx), 2022 WL 1567452 (C.D. Cal. Apr. 21, 2022),
*aff'd*, 2023 WL 2301511 (9th Cir. Mar. 1, 2023).....................................................................3

*Maomanivong v. National City Mortgage Co.*,
No. C-13-05433 DMR, 2014 WL 4623873 (N.D. Cal. Sept. 15, 2014)....................................5

*Niantic, Inc. v. Global++*,
No. 19-cv-03425-JST, 2020 WL 8620002 (N.D. Cal. Sept. 2, 2020) .....................................4

*Pascal v. Concentra, Inc.*,
No. 19-cv-02559-JCS, 2020 WL 4923974 (N.D. Cal. Aug. 21, 2020) ...................................4

*Petrie v. Electronic Game Card, Inc.*,
761 F.3d 959 (9th Cir. 2014) ...................................................................................................6

*Roberts v. Gainsforth*,
No. CV 14-07595-AB (VBKx), 2015 WL 12765021 (C.D. Cal. Apr. 28, 2015).....................4

*Rosenblum v. Blackstone*,
No. SA CV 18-966-JVS(E), 2020 WL 1049916 (C.D. Cal. Jan. 22, 2020) ............................4

*Rowley v. McMillan*,
502 F.2d 1326 (4th Cir. 1974) .................................................................................................4

*Scilex Pharmaceuticals Inc. v. Sanofi-Aventis U.S. LLC*,
No. 21-cv-01280-JST, 2022 WL 20286688 (N.D. Cal. Feb. 24, 2022) ..................................2

*Sedona Corp. v. Ladenburg Thalmann & Co.*,
No. 03 Civ. 3120 LTSTHK, 2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) .............................6

*Somers v. Apple, Inc.*,
729 F.3d 953 (9th Cir. 2013) ...................................................................................................9

*Townsend Farms v. Goknur Gida Madderleri Enerji Imalat Ithalat Ihracat Ticaret Ve Sanayi A.S.*,
No. SA CV 15-0837-DOC (JCGx),
2016 WL 10570248 (C.D. Cal. Aug. 17, 2016)..........................................................................4

*Weiss v. NNN Capital Fund I, LLC*,
No. 14-CV-02689-H (NLS), 2015 WL 11995251 (S.D. Cal. June 11, 2015) ..........................5

**RULES**

Fed. R. Civ. P. 12(g) ..............................................................................................1, 3, 4, 5

**TREATISES**

5C Wright & Miller, Fed. Prac. & Proc. § 1388 (3d ed. 2025) ........................................4

## I.      INTRODUCTION

Plaintiffs contend that they have the right to file an amended complaint based on new allegations that the Court must accept without affording a16z and Paradigm (the "Defendants") an opportunity to challenge them.  That is not the law.  It was Plaintiffs, not Defendants, who elected to amend their complaint by adding new factual allegations drawn from documents produced in discovery.  Plaintiffs feign shock and accuse Defendants of acting improperly by moving to dismiss, but nothing in Rule 12(g) or otherwise prevents Defendants from doing so.  The Opposition's flawed procedural arguments cannot hide the fact that the new allegations foreclose Plaintiffs' claim.

The Second Amended Complaint (Dkt. 267, the "SAC") reveals the fundamental implausibility of Plaintiffs' partnership theory.  Plaintiffs posit that Defendants, independent investment firms that compete fiercely with one another, formed a partnership simply because they made separate investments in Compound Labs—the company that created the Compound protocol—and share a mutual desire to see the protocol succeed.  On this basis, Plaintiffs ask the Court to hold Defendants jointly liable as de facto insurers for the losses that *all* COMP token holders incurred when the value of COMP tokens declined.  Plaintiffs seize on the fact that the Compound protocol was governed by a democratic, "decentralized" structure in which token holders voted their tokens pro rata on issues affecting the protocol.  But none of Plaintiffs' new allegations plausibly suggests that Defendants had greater control over the Compound protocol than any other COMP token holder had on a pro rata basis, or that Defendants had any unique rights with respect to COMP.  Indeed, Plaintiffs' allegations show the opposite: that other entities and individuals *who are not alleged to be partners* made governance decisions for the Compound business that Defendants purportedly "controlled."

The federal pleading rules may not be onerous, but they require more than Plaintiffs' implausible theory to turn investors into partners.  It would stretch the securities laws past the breaking point to hold Defendants liable for federal securities law violations based on the unsupported, contradictory theory that Defendants' independent minority investments made them controlling partners (and the enterprise a partnership), while Plaintiffs' investments did not.

## II.    ARGUMENT

### A.    The Motion Was Procedurally Proper

Hoping to avoid a searching review of the SAC's allegations, Plaintiffs argue that the Motion is "procedurally improper" and, therefore, the Court should not consider its substance. (Opp. 7-14.)  Plaintiffs are wrong.

*First*, Plaintiffs argue the Court should not consider the Motion because "the law of the case doctrine bars the relitigation of issues the Court already considered and rejected." (Opp. 8 (citing *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012).)  That doctrine does not apply here.  As the Ninth Circuit held in a case cited in the Motion (which the Opposition ignores), "once the plaintiff elects to file an amended complaint, the new complaint is the only operative complaint before the district court" and "the district court is ***not*** . . . bound by any law of the case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018).  Notably, Plaintiffs' counsel made this exact law-of-the-case argument to Judge Davila two years ago, and he rejected it:

> Plaintiffs assert that law of the case applies because the Court had previously rejected the sole argument that Accellion advances in its instant motion.... However, Plaintiffs are incorrect about law of the case.  Motion practice regarding an amended complaint "does not ask the court to reconsider its analysis of the initial complaint" because an "amended complaint is a new complaint."  This means that the parties are "entitled to judgment on the new complaint's own merits" rather than on the initial complaint's merits.  *Id.*  As such, the Court "is not... bound by any law of the case." *Id.*

*In re Accellion, Inc. Data Breach Litig.*, 2024 WL 4592367, at *2 (N.D. Cal. Oct. 28, 2024) (quoting *Askins*, 899 F.3d at 1043) (internal citations omitted).

Applying the same controlling holding from *Askins*, district courts throughout the Ninth Circuit routinely reject the law-of-the-case argument Plaintiffs make here.  *See, e.g.*, *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 2022 WL 20286688, at *2 (N.D. Cal. Feb. 24, 2022) (holding the "law of the case doctrine does not apply to [plaintiff's] second amended complaint because 'the amended complaint is a new complaint, entitling the plaintiff to judgment on the complaint's own merits,'" and explaining that "[t]his rule allows district courts 'to correct any errors or misunderstandings without having to find its prior decision clearly erroneous'") (quoting *Askins*, 899 F.3d at 1043); *Gopher Media LLC v. Melone*, 2024 WL 5442826, at *7 (S.D. Cal. Apr.

17, 2024) (citing *Askins* and holding "[t]he law of the case doctrine does not apply to Defendants' TACC, which is a new complaint, entitling Defendants to judgment on the complaint's own merits"); *Lopez v. Dang*, 2022 WL 1567452, at *3 (C.D. Cal. Apr. 21, 2022) (same, explaining that "[j]ust as Plaintiffs may bring new allegations in its amended complaint, [defendant] may present new arguments in his motion to dismiss, and the Court may rule on those arguments"); *Doe v. Fitzgerald*, 2022 WL 2784805, at *5 (C.D. Cal. May 13, 2022) (citing *Askins* and dismissing claim in amended complaint despite denial of previous motion to dismiss same claim based on same allegations in prior pleading).

Further, even if law of the case prevented a defendant from seeking to dismiss claims in an amended pleading based on a previously rejected argument—and under *Askins*, it does not—the doctrine **still** would not bar Defendants' argument here.  The Motion argues that Paradigm and a16z should be dismissed from this case because the SAC fails to adequately plead the existence of a "Compound DAO partnership," or that Paradigm and a16z are partners in it.  (*See* Mot. 1, 5-7.)  That is not an argument the Court "already considered and rejected." (Opp. 8.)  To the contrary, when Defendants previously moved to dismiss the FAC, they "assum[ed]" for purposes of that motion that "the 'Compound DAO' is a partnership." (Dkt. 88 at 4.)  Thus, even if the law-of-the-case doctrine could be applied to foreclose already-rejected arguments made a second time against an amended pleading, it would not bar the new argument that Defendants raise here.

*Second*, Plaintiffs argue the Motion is "barred under Rule 12(g)(2)" because "'a party that makes a motion under Rule 12 must not make another motion under Rule 12 raising a defense or objection that was available to the party but omitted from its earlier motion.'" (Opp. 9 (quoting Fed. R. Civ.  P. 12(g)(2)) (alterations and emphasis omitted).)  That is wrong, too.[1]

As the Opposition acknowledges, "if an amended complaint 'contains new information or different allegations making it subject to a defense or objection that was not previously apparent to the movant,' then 'a party may move to dismiss on the basis of the newly discovered ground

---

[1] By arguing that the Motion should be barred because Defendants failed to make their partnership argument against the FAC, Plaintiffs concede that the Court did not previously consider this partnership argument and, therefore, there cannot possibly be any law of the case on this issue.

even if she has filed a Rule 12 motion previously.'" (Opp. 10 (quoting 5C Wright & Miller, 5C Fed. Prac. & Proc. § 1388 (3d ed. 2025) (alterations omitted)).) That is the case here. Per Plaintiffs' own explanation, the SAC pleads "new supporting allegations about the Compound DAO general partnership from documents produced in discovery." (Opp. 2; *see also id.* 6 (SAC adds "additional allegations from documents produced in discovery about the Partner Defendants' partnership efforts").) Those partnership allegations are the target of the Motion because it is those allegations that undermine Plaintiffs' partnership theory and defeat any plausible inference that an undefined group of separately situated venture capital firms decided (for the first time in any of their histories) to join forces with their avowed competitors to co-run a business for profit. (*See* Mot. 5-7 (showing why the new allegations in SAC ¶¶ 50, 78, 133 and 168 foreclose Plaintiffs' partnership theory).) Notably, Plaintiffs do not identify any arguments in the Motion that relate to preexisting allegations or that Defendants could have raised in their motion to dismiss the FAC.[2]

---

[2] For that reason, the cases Plaintiffs cited on pages 10-12 and in footnotes 5-6 of the Opposition are inapposite. In those cases, unlike here, courts declined to consider a defendant's arguments that could have raised against the prior pleading. *See Interior Elec. v. T.W.C. Constr.*, 2020 WL 5983882, at *2-4 (D. Nev. Oct. 8, 2020) (holding Rule 12(g) barred motion to dismiss, but only to the extent it targeted arguments that were available but not raised in initial motion); *Brooks v. Caswell*, 2016 WL 866303, at *2 (D. Or. Mar. 2, 2016) (explaining that a defendant cannot raise defenses it waived in initial motion to dismiss, but "may attack … new allegations" that were "not contained in the original complaint"); *Rowley v. McMillan*, 502 F.2d 1326, 1332-33 (4th Cir. 1974) (Rule 12(g) barred personal jurisdiction defense that could have been raised earlier); *Roberts v. Gainsforth*, 2015 WL 12765021, at *10 (C.D. Cal. Apr. 28, 2015) (Rule 12(g) barred argument regarding breach of fiduciary duty allegations that appeared in prior pleading); *In re Packaged Seafood Prods. Antitrust Litig.*, 277 F. Supp. 3d 1167, 1173-76 (S.D. Cal. 2017) (Rule 12(g) barred argument regarding implausibility of allegations that could have been raised in initial motion to dismiss); *Burton v. Ghosh*, 961 F.3d 960, 968 (7th Cir. 2020) (rejecting res judicata defense where amended complaint did not change theory or scope of case); *Abdulkarim Janahi v. Zuberi*, 2022 WL 2101728, at *4 (C.D. Cal. Mar. 11, 2022) (defendant could not challenge claims on grounds available but omitted in prior motion to dismiss); *LLE One, LLC v. Facebook Inc.*, 2019 WL 13201973, at *3 (N.D. Cal. Apr. 25, 2019) (Rule 12(g) barred reliance defense that was available in initial motion); *Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1326 (N.D. Cal. 2015) (barring defenses that could have been raised in initial motion); *Garcia v. City of Los Angeles*, 2020 WL 6586300, at *6 (C.D. Cal. June 2, 2020) (denying motion to extent it raised defenses available but omitted in prior motion); *Niantic, Inc. v. Global++*, 2020 WL 8620002, at *3 (N.D. Cal. Sept. 2, 2020) (barring statutory defense available but not raised in prior motion); *Townsend Farms v. Goknur Gida Madderleri Enerji Imalat Ithalat Ihracat Ticaret Ve Sanayi A.S.*, 2016 WL 10570248, at *6 (C.D. Cal. Aug. 17, 2016) (barring challenge to claim on grounds available but omitted from prior motion); *Rosenblum v. Blackstone*, 2020 WL 1049916, at *8 (C.D. Cal. Jan. 22, 2020) (same); *Pascal v. Concentra, Inc.*, 2020 WL 4923974, at *2 (N.D. Cal. Aug. 21, 2020) (defendant waived challenges aimed at old material in amended pleading); *Leung v. Fed. Deposit Ins. Corp.*, 2025 WL 1397205, at *6 (N.D. Cal. May 14, 2025) (arguments barred where allegations in amended complaint indistinguishable from those in original).

Unable to explain how Defendants could have attacked allegations Plaintiffs did not previously plead, Plaintiffs shift the focus, arguing that the "factual footing" in the SAC has not "substantively changed" and "the few added allegations are not materially different than the allegations in the FAC." (Opp. 11 (quotations and alterations omitted).)  That is wrong.  Courts find that the "factual footing" has not "substantively changed" when there are "very minimal alterations" between the original and amended pleadings.  *See Hamman v. Cava Grp., Inc.*, 2023 WL 8374747, at *3 (S.D. Cal. Dec. 4, 2023).  Here, Plaintiffs admit that they pled "additional allegations"—spanning more than a dozen paragraphs—"from documents produced in discovery about the Partner Defendants' partnership efforts." (Opp. 6.)  These are the allegations that gave rise to the Motion.  Having made the strategic decision to add new allegations to the SAC, Plaintiffs should not be permitted to backtrack.  Plaintiffs chose to plead new substantive allegations because they thought those allegations would bolster their partnership theory.  Plaintiffs were wrong.  The new allegations did the opposite: they revealed the illogic and inconsistency of Plaintiffs' theory.  Now, with that illogic exposed, Plaintiffs seek to downplay the new allegations, asking the Court to overlook their import.  Plaintiffs cannot have it both ways.  They cannot add allegations in an attempt to bolster their claim and then ask the Court to ignore those same allegations when it turns out they undermine Plaintiffs' theory.  *See, e.g.*, *Maomanivong v. Nat'l City Mortg. Co.*, 2014 WL 4623873, at *6 (N.D. Cal. Sept. 15, 2014) (dismissing claim, explaining that "Plaintiff cannot have it both ways" where plaintiff pled allegations in an effort to bolster one theory of liability, but those same allegations affirmatively undermined plaintiff's other theory); *Weiss v. NNN Cap. Fund I, LLC*, 2015 WL 11995251, at *6 (S.D. Cal. June 11, 2015) (same).

Because Rule 12(g)(2) does not bar Defendants' Motion, Plaintiffs' argument that the Court should not exercise its discretion to consider the Motion is irrelevant.  (Opp. 12-13.)  Yet even considering this argument, it lacks any merit.  Plaintiffs accuse Defendants of engaging in "abusive attempts" to "revive waived and rejected arguments . . . while simultaneously helping themselves to another discovery stay." (Opp. 13 & n.7.)  As explained above, however, Defendants' argument against Plaintiffs' partnership theory was not rejected (because Defendants did not previously make it), nor was it waived (because it is based on newly pled allegations).

Moreover, Plaintiffs' assertion that Defendants filed the Motion as a "gambit to trap this case in an endless series of stays" (*id.* 1), does not even make sense.  The SAC names four new defendants.  Those defendants told Plaintiffs from the outset that they would seek to dismiss the SAC based on the statute of repose—which they did.  (*See* Dkt. 268.)  Once those defendants moved to dismiss, discovery was stayed as to all parties.  *See, e.g.*, *Fosbre v. Las Vegas Sands Corp.*, 2012 WL 5879783, at *3 (D. Nev. Nov. 20, 2012) (agreeing that "15 U.S.C. § 78u4(b)(3)(B) is unambiguous and requires that discovery be stayed when *any* motion to dismiss is pending"); *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) ("The common sense reading of the PSLRA's plain language . . . is that no litigant shall take any steps in pursuit of discovery during the pendency of any motion to dismiss."); *Sedona Corp. v. Ladenburg Thalmann & Co.*, 2005 WL 2647945, at *5 (S.D.N.Y. Oct. 14, 2005) ("[T]he stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants, and regardless of whether the motion is brought initially to dismiss a complaint, or subsequently, in response to an amended complaint."); *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1263-64 (N.D. Okla. 2001) ("As long as any defendant has filed a motion to dismiss claims arising under Chapter 2B of the 1934 Securities Act, the PSLRA stays 'all discovery,' even discovery against answering, non-moving defendants.").  Paradigm and a16z did not need to file the Motion to stay discovery.  The stay was automatic based on the motion filed by the newly added defendants.  Paradigm and a16z filed the Motion because the SAC fails to plead a plausible basis for liability as to them.  Plaintiffs' accusations of bad-faith conduct are baseless, and certainly would not justify the Court declining to consider the Motion's meritorious arguments.

*Finally*, Plaintiffs say "the Court should not permit the Partner Defendants to launder summary judgment arguments in their motions to dismiss." (Opp. 13.)  It is not clear what that means. Plaintiffs appear to be arguing that the Court should deny the Motion because "[n]o depositions have been conducted" and discovery "is not complete." (Opp. 13-14.) But Defendants are not asking the Court to make any factual findings.  Rather, the Motion makes clear that the new allegations in the SAC based on documents produced in discovery highlight the implausibility of Plaintiffs' partnership theory. The fact that discovery "is not complete" is not a basis to deny a

motion to dismiss.  If it were, courts would only ever grant motions to dismiss on the eve of trial.

Ultimately, Plaintiffs' problem is not that depositions have yet to occur.  Rather, as explained in Section II.B below, the problem is that even accepting every factual allegation in the SAC as true, Plaintiffs fail to plead a plausible theory in which separate, independent, early-stage investors in crypto projects decided to jettison their entire business model and instead co-run a business for profit with their competitors in the venture capital space.  The status of discovery has nothing to do with Plaintiffs' implausible theory of liability as to Paradigm and a16z.

**B.    The New SAC Allegations Show that a16z and Paradigm Were Not Members in Any Alleged Partnership**

The Opposition confirms that Plaintiffs have not plausibly pled the elements of a partnership under California law or Defendants' membership in it, notwithstanding Plaintiffs' brief assertions to the contrary (Opp. 21-22).

*First*, restrictions on a16z's and Paradigm's ability to sell tokens that were put in place by a non-party that is not alleged to be a partner demonstrate that a16z and Paradigm did not control the Compound DAO.  (Mot. 5-6.)  The Opposition asserts that these restrictions are irrelevant because Plaintiffs' partnership allegations hinge on the *voting* of COMP tokens in Compound DAO governance initiatives, not on Defendants' ability to sell COMP tokens.  (Opp. 21.)  But that misses the point.  The SAC identifies Defendants' (eventual) ability to sell COMP tokens as the only "financial incentive" driving the alleged partnership (¶ 57), and the only remote basis for "sharing of profits and losses" among Defendants—an essential element of partnership under California law. *Bank of Cal. v. Connolly*, 36 Cal.  App. 3d 350, 364 (1973).  Yet, the SAC admits that Token Restriction Agreements "prohibited" a16z and Paradigm from "selling COMP tokens to the public" until Compound Labs unilaterally determined that COMP tokens were not securities; indeed, the SAC expressly relies on the lifting of these Token Restriction Agreements as a "critical" event after which Defendants could purportedly recognize profits.  (¶ 168.)  There is no allegation that Defendants or any of the alleged "partners" had any unique rights to trade COMP tokens that were not shared by every other COMP token holder, underscoring that there was no "profit-sharing" to the exclusion of non-"partners."  The fact that Compound Labs, a separate

entity not alleged to be a partner, unilaterally controlled when such purported profit-taking could begin is inconsistent with any "understanding" as to sharing profits.

*Second*, allegations that another non-partner non-party (Dragonfly) identified itself as a "primary stakeholder" and asked Defendants to participate in Compound governance, including allegedly organizing a meeting on that topic, show that Defendants did not have "control" over protocol governance.  (Mot. 6; SAC ¶ 78.)  Plaintiffs argue that because Dragonfly's message allegedly described a16z and Paradigm as primary stakeholders, that ends the inquiry.  (Opp. 21.) But Plaintiffs again fail to engage with Defendants' argument: the fact that a non-party that is not an alleged partner messaged Defendants (among others) with a "call to action" to "do something," apparently as two of several equals, with respect to Compound governance directly undermines Plaintiffs' theory that somehow Defendants were in control.  (SAC ¶ 78.)  Plaintiffs also admonish Defendants for "neglect[ing]" to mention the entirety of the message.  (Opp. 21.)  But looking at the entire message only reinforces Defendants' point: the non-party (Dragonfly) writes that "almost every fund... is either too afraid to directly influence governance, or not equipped to make proposals." (*Id.*)  If Defendants were the controlling partners Plaintiffs allege, they would not need an external party to mobilize them, and they would not be described as "too afraid" or "not equipped" to direct the partnership they purportedly control.[3]  Plaintiffs cannot have it both ways: they cannot cite Dragonfly's message as evidence of a16z's and Paradigm's control while ignoring that the same message shows another entity that is not alleged to be a partner was *more involved* than them and asking them to join the non-partner in participating in DAO governance.

*Third*, the message Defendants received from Leshner informing them of developments in the Compound protocol that had already been implemented shows that Defendants did not control protocol operations.  (Mot. 7; SAC ¶ 133.)  Plaintiffs argue that because all inferences must be

---

[3] Plaintiffs also argue that this message, sent in July 2020, shows Defendants "agreed on a plan" to "influence governance" going forward.  (*Id.* 21.)  But the SAC does not, in fact, allege that Defendants "agreed on a plan" to "influence governance" with anyone during or following the call referenced in SAC ¶ 78.  (*See* SAC ¶¶ 78-79.)  That is unsurprising because the document Plaintiffs reference in ¶ 78 is just a calendar invite sent by Gauntlet titled "COMP Chat," with no further information.  The SAC also fails to allege what Defendants purportedly did after this meeting with non-partners to supposedly influence or control the Compound business.

drawn in their favor, Leshner's message cannot be read to suggest that Defendants were never consulted beforehand. (Opp. 22.) But there is nothing in the SAC, the Opposition, or the document underlying Plaintiffs' allegation that permits an inference that Defendants *were* consulted in advance. (SAC ¶ 133; Opp. 22.) Plaintiffs must plead facts that give rise to inferences that are *plausible*, not just "conceivable," *Flaa v. Hollywood Foreign Press Ass'n*, 55 F.4th 680 (9th Cir. 2022) or "merely *consistent with* a defendant's liability," *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013). Courts evaluate whether allegations cross the "line between possibility and plausibility" by looking to "contradictory [] facts alleged in [the] complaint." *Id.* Here, the SAC alleges that the new "Gateway" product "would be 'governed by COMP token-holders by voting on code upgrades'" (¶ 133)—once again confirming that Defendants had no governance rights beyond those bestowed upon every token holder on a pro rata basis. Indeed, Leshner's message indicates that *all COMP holders, including Plaintiffs,* would have the opportunity to appoint validators, and any proffered inference to the contrary is unsupported and implausible.

*Lastly*, Plaintiffs argue that the SAC's partnership allegations "clear the plausibility threshold" based on the size of Defendants' COMP ownership position and alleged voting history. (Opp. 22.) But neither demonstrates the existence of a partnership in which Defendants exercised control, and both are undermined by the new allegations discussed in Defendants' Motion and above that underscore Defendants' lack of control. Plaintiffs allege that a16z and Paradigm "controlled" 9.68% and 4.2%, respectively, of the "COMP votes issued" and claim that this is evidence of their control of the Compound DAO partnership. (SAC ¶ 15; Opp. 22.) But Plaintiffs do not argue that token ownership, in the abstract, is relevant to partner status (because then Plaintiffs would be members of the partnership, too). And Plaintiffs do not allege that either Defendant's percentage of COMP holdings comes anywhere close to the majority necessary to plausibly establish control over the Compound protocol. Similar to token ownership, Plaintiffs do not allege that voting on issues affecting the Compound protocol, in the abstract, is relevant to partner status, because then anyone who voted would be a partner. The Opposition's attempted pivot to a "meaningful[]" standard for governance participation (Opp. 21), finds no factual support in the SAC as to Defendants. The SAC concedes that the alleged Partner Defendants did not

9

always vote together (despite Plaintiffs' insinuation to the contrary in their brief). (*Id.* 22.) Indeed, Plaintiffs cite a July 2020 vote in which Paradigm and Gauntlet allegedly accounted for 80% of the "no" votes as purported evidence of control, yet a16z voted on the *opposite side of that vote,* a far cry from the coordinated governance plan Plaintiffs allege. (*See* SAC ¶ 116 ("…in July 2020, Paradigm, Andreesen Horowitz, and Leshner publicly debated a proposal involving changing the parameters of certain crypto assets and reducing COMP distributions to users. ***Leshner, Paradigm, and Andreesen Horowitz came out voting on opposite sides***.") (emphasis added).) Nor was this an isolated instance. Plaintiffs also detail a March 2021 vote in which Gauntlet, Polychain, and a16z all supported a proposal to liquidate certain crypto assets—but this time Leshner voted against it (and Paradigm did not vote at all). (*Id.* ¶ 117.) In short, neither the magnitude of Defendants' COMP holdings, nor allegations about voting history, evidence control over the Compound DAO.

## III.    CONCLUSION

For the foregoing reasons, the Court should grant the Motion and dismiss the Second Amended Complaint as to a16z and Paradigm.

Dated: April 17, 2026                    Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Zachary M. Faigen*
Peter B. Morrison (SBN 230148)
peter.morrison@skadden.com
Zachary M. Faigen (SBN 294716)
zack.faigen@skadden.com
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000

Alexander C. Drylewski (*pro hac vice*)
alexander.drylewski@skadden.com
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000

*Attorneys for Defendant Paradigm Operations LP*

Dated: April 17, 2026

LATHAM & WATKINS LLP

/s/ *Morgan E. Whitworth*
Morgan E. Whitworth (SBN 304907)
morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: +1 (415) 391-0600

Douglas K. Yatter (SBN 236089)
douglas.yatter@lw.com
Benjamin Naftalis (Admitted *pro hac vice*)
benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: +1 (212) 906-1200

Susan E. Engel (Admitted *pro hac vice*)
susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: +1 (212) 637-2200

*Attorneys for Defendant A.H. Capital
Management, L.L.C.*

**SIGNATURE ATTESTATION**

I, Zachary M. Faigen, am the ECF User whose identification and password are being used to file the foregoing Defendants A.H. Capital Management, L.L.C. and Paradigm Operations LP's Reply in Support of Motion to Dismiss Second Amended Complaint.  Pursuant to L.R. 5-1(i)(3) regarding signatures, I, Zachary M. Faigen, attest that concurrence in the filing of this document has been obtained.


DATED: April 17, 2026                                    /s/ Zachary M. Faigen
                                                         Zachary M. Faigen