# EXHIBIT I

**JENNER & BLOCK LLP**
Kayvan B. Sadeghi (*pro hac vice*)
KSadeghi@jenner.com
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone:    +1 212 891 1600
Facsimile:    +1 212 891 1699

H. An N. Tran (Cal. Bar No. 267685)
ATran@Jenner.com
525 Market Street 29th Floor
San Francisco, CA 94105-2708
Telephone:    +1 628 267 6800
Facsimile:    +1 628 267 6859

*Attorneys for Defendant*
*Bain Capital Ventures (GP), LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA HOUGHTON; CHARLES DOUGLAS; and SUSAN FRANKLIN, <br><br> *Plaintiffs*, <br><br> v. <br><br> COMPOUND DAO; ROBERT LESHNER; GEOFFREY HAYES; AH CAPITAL MANAGEMENT, LLC; POLYCHAIN ALCHEMY, LLC; BAIN CAPITAL VENTURES (GP), LLC; GAUNTLET NETWORKS, INC.; and PARADIGM OPERATIONS LP, <br><br> *Defendants*. | Case No.: 3:22-CV-07781-WHO <br><br> **DEFENDANT BAIN CAPITAL VENTURES (GP), LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:** Plaintiffs Amanda Houghton, Charles Douglas, Susan Franklin

**RESPONDING PARTY:**    Defendant Bain Capital Ventures (GP), LLC

**SET NUMBER:**    TWO

Pursuant to Federal Rule of Civil Procedure 33 and the Local Rules of this Court, Defendant Bain Capital Ventures (GP), LLC ("Bain") hereby objects and responds to Plaintiffs Amanda Houghton, Charles Douglas, and Susan Franklin's ("Lead Plaintiffs" or "Plaintiffs") Second Set of Interrogatories, served on Bain on August 27, 2024 (the "Interrogatories") as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Bain makes its responses and objections to Plaintiffs' Interrogatories by, among other things, incorporating by reference the following general responses and objections and objections to definitions and instructions ("General Objections"):

1.     Bain generally objects to Plaintiffs' Interrogatories in light of Defendants' August 12, 2024 Motion to Compel Arbitration and Stay Proceedings. *See* Dkt. 169. Bain responds and objects to the Interrogatories without waiving this objection and reserving all rights.

2.     Bain's responses to Plaintiffs' Interrogatories are based on information known or reasonably available to Bain at this time. Bain's investigation is ongoing. Accordingly, Bain reserves the right to modify or supplement its responses with information that post-dates these responses or that may be subsequently discovered.

3.      Bain is responding to Plaintiffs' Interrogatories, and the corresponding Definitions and Instructions, as Bain reasonably interprets and understands the relevant language. If Plaintiffs assert an interpretation that differs from Bain's reasonable understanding of any Interrogatory, Definition, or Instruction, Bain reserves the right to amend or modify its responses accordingly.

4.     Bain's response to Plaintiffs' Interrogatories shall not be construed in any way as an admission that any definition provided or assertion made by Plaintiffs is factually correct or legally binding upon Bain, or as a waiver of any of Bain's objections, including but not limited to objections based on relevance, competence, materiality, privilege, confidentiality, discoverability, or admissibility. Bain reserves its right to challenge the relevance, competence, materiality, or admissibility at trial, or any subsequent proceeding, of this or any other action, of any information it provides in response to these Interrogatories.

5.     Bain generally objects to Plaintiffs' Interrogatories, and the corresponding Definitions and Instructions, to the extent they purport to impose burdens on Bain that are greater than or inconsistent with

those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable Order of this Court.

6.   Bain generally objects to Plaintiffs' Interrogatories to the extent they are overly broad, unduly burdensome, vague, ambiguous, or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7.   Bain generally objects to Plaintiffs' Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Bain shall not produce such information in response to Plaintiffs' Interrogatories. Any inadvertent production or disclosure of such information shall not constitute a waiver of any privilege or immunity with respect to that information, the subject matter thereof, or Bain's right to object to the use of such information in this or any subsequent proceeding, as more fully set forth in the protective order entered by the Court in this matter.

8.   Bain generally objects to Plaintiffs' Interrogatories to the extent they may be construed to seek information that is: (i) not in Bain's possession, custody, or control; (ii) publicly available or already in Plaintiffs' possession, custody, or control; (iii) in the possession, custody, or control of third parties; or (iv) available from other, more convenient, more efficient, less burdensome, or less expensive sources than Bain.

9.   Bain generally objects to Plaintiffs' Interrogatories to the extent they are cumulative or duplicative of any other discovery request, or to the extent they seek information duplicative of information already provided in Bain's initial disclosures.

10.   Bain generally objects to Plaintiffs' Interrogatories to the extent they are comprised of subparts that should count as separate interrogatories pursuant to the Federal Rules. Bain reserves the right to object to further interrogatories from Plaintiffs beyond the number provided for by Federal Rule 33(a)(l), the Local Rules of this Court, or any applicable Order of this Court.

BAIN'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No.: 3:22-CV-07781-WHO

11.     Bain expressly reserves all objections pertaining to the relevance, competency, materiality, and admissibility of any information disclosed by Bain as evidence, as well as the right to object to further discovery relating to the subject matter of any information provided.

12.     Bain objects to the use of the undefined term "Compound DAO" as vague and ambiguous in that it is unclear what Plaintiffs purport comprises Compound DAO, in general or at any given time.

13.     Bain objects to the definition of "COMP" as circular and therefore vague and ambiguous. Defendant will interpret "COMP" to mean the digital asset that is used as the governance token for the decentralized finance digital asset lending protocol on the Ethereum blockchain created by Compound Labs, Inc.

14.     Bain objects to the definition of "Compound Labs" to the extent it includes "its predecessors, successors, subsidiaries, divisions, subdivisions, affiliates, present and former officers, directors, partners, principals, employees, representatives, trustees, agents, attorneys, accountants, advisors, consultants, vendors, and all other persons acting or purporting to act on its behalf." Such a boilerplate definition (i) calls for a legal conclusion; (ii) is overbroad; (iii) seeks documents from outside of Bain's possession, custody, or control; (iv) is vague and ambiguous; and (v) is unduly burdensome. Bain will interpret "Compound Labs" to mean "Compound Labs, Inc."

15.     Bain objects to the terms "You" and "Your" as used in Plaintiffs' Interrogatories directed to Bain, to the extent those terms purport to refer to or incorporate any entity other than Bain Capital Ventures (GP), LLC ("Bain") or the employees, officers, directors, or managers of Bain acting within the scope of their employment or expected duties to Bain. Bain further objects to the definition of "You" and "Your" to the extent those terms seek to expand the scope of any request beyond information in the possession, custody, or control of Bain, and to the extent the use of those terms purport to attribute any statement, purchase, sale, ownership, or other action or status to Bain. Bain further objects to the use of the phrases "Your digital asset wallets containing COMP" and "Your investment(s) in Compound Labs" and "any investigation You performed" and "Your efforts to have COMP listed" and "Your voting decisions" and "Your sponsorship" and "You delegated COMP voting capabilities" and "You terminated the delegation" insofar as those statements suggest that there is a factual basis for such purported attribution to Bain, as opposed to other entities. Nevertheless, pursuant to the agreement reached with

3

BAIN'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No.: 3:22-CV-07781-WHO

Plaintiffs' counsel during the meet and confer on May 20, 2024, Bain will include in its responses to these Interrogatories information concerning the investments, digital asset wallets, and COMP tokens to which Bain understands the interrogatories to be referring, and will not withhold any information from discovery on the basis of this objection, while reserving all rights and waiving none.

**RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 2:**

Identify all people with access to any of Your digital asset wallets containing COMP, including all people with knowledge of the private keys for Your digital asset wallets containing COMP.

**RESPONSE TO INTERROGATORY NO. 2:**

Bain incorporates the foregoing General Objections. Bain further objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks information that is highly sensitive, seeks information that could present unnecessary security risks for any individuals and entities involved, and is not relevant to any party's claim or defense. Bain further objects that the Interrogatory is vague and ambiguous in its use of the phrases "with access to" and "with knowledge of the private keys."

**INTERROGATORY NO. 3:**

Identify the three people most knowledgeable about Your investment(s) in Compound Labs, and any investigation You performed into Compound Labs prior to Your investment(s).

**RESPONSE TO INTERROGATORY NO. 3:**

Bain incorporates the foregoing General Objections. Bain further objects that the Interrogatory is vague and ambiguous in its use of the term "most knowledgeable." Bain further objects to this Interrogatory as containing multiple subparts and compound disjunctive questions.

Subject to the foregoing General and Specific Objections, Bain agrees to meet and confer with Plaintiffs in good faith to clarify the scope of these Interrogatories.

**INTERROGATORY NO. 4:**

Identify the three people most knowledgeable about Your efforts to have COMP listed on Digital Asset Exchanges.

**RESPONSE TO INTERROGATORY NO. 4:**

Bain incorporates the foregoing General Objections. Bain further objects to this Interrogatory as improperly assuming that Bain engaged in "efforts to have COMP listed on Digital Asset Exchanges." Bain further objects that the Interrogatory is vague and ambiguous in its use of the terms "most knowledgeable" and "Your efforts."

Subject to the foregoing General and Specific Objections, Bain responds that Bain did not engage in "efforts to have COMP listed on Digital Asset Exchanges."

**INTERROGATORY NO. 5:**

Identify the three people most knowledgeable about Your voting decisions on Compound DAO proposals and Your sponsorship of any Compound DAO proposals.

**RESPONSE TO INTERROGATORY NO. 5:**

Bain incorporates the foregoing General Objections. Bain further objects that the Interrogatory is vague and ambiguous in its use of the undefined terms "most knowledgeable" and "sponsorship."

Subject to the foregoing General and Specific Objections, Bain responds that it did not "sponsor" any Compound DAO proposals and otherwise agrees to meet and confer with Plaintiffs in good faith to clarify the scope of this Interrogatory.

**INTERROGATORY NO. 6:**

For every instance where You delegated COMP voting capabilities to another individual or entity, identify: (1) the identity of the individual or entity who received the delegation; (2) the date of the delegation; (3) the term of the delegation; (4) the amount of COMP for which you delegated voting capabilities; and (5) the date You terminated the delegation or an indication that the delegation remains in effect.

**RESPONSE TO INTERROGATORY NO. 6:**

Bain incorporates the foregoing General Objections. Bain further objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks information that is not relevant to any party's claim or defense. Bain further objects to this Interrogatory as containing multiple subparts and compound disjunctive questions.

BAIN'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No.: 3:22-CV-07781-WHO

Subject to the foregoing General and Specific Objections, Bain agrees to meet and confer with Plaintiffs in good faith to clarify the scope of these Interrogatories.

DATED: September 26, 2024                    JENNER & BLOCK LLP


By: _____/s/ Kayvan B. Sadeghi_____
KAYVAN B. SADEGHI
*Attorney for Defendant*
BAIN CAPITAL VENTURES (GP), LLC

BAIN'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No.: 3:22-CV-07781-WHO

**PROOF OF SERVICE**

I, Anna Windemuth, declare as follows:

I am employed with the law firm of Jenner & Block LLP, whose address is 1155 6th Ave., New York, NY 10036. I am over the age of eighteen years and not a party to this action. On September 26, 2024, I served the following document(s) by the method indicated below on the parties listed on the attached service list.

**DEFENDANT BAIN CAPITAL VENTURES (GP), LLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF INTERROGATORIES**

[X] (BY E-MAIL). I caused the document(s) to be sent from the email address awindemuth@jenner.com to the email addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] (BY ELECTRONIC SERVICE VIA KITEWORKS). I electronically transmitted the document(s) listed above via a Secure File Transfer application, Kiteworks. To my knowledge, the transmission was reported as complete and without error.

[ ] (BY FIRST CLASS MAIL). I caused true copies thereof to be placed in sealed envelopes, addressed as shown below, for collection and mailing pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business.

[ ] (BY HAND DELIVERY). I personally arranged for delivery of the document(s) by hand to the addressee, as noted below, via messenger service.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct and that this proof of service was executed on September 26, 2024, in New York, NY.

/s/ *Anna Windemuth*
Anna Windemuth

Steven G. Sklaver (Cal. Bar No. 237612)
Oleg Elkhunovich (Cal. Bar No. 269238)
Rohit D. Nath (Cal. Bar No. 316062)
Nicholas N. Spear (Cal. Bar No. 304281)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Email: ssklaver@susmangodfrey.com
        oelkhunovich@susmangodfrey.com
        rnath@susmangodfrey.com
        nspear@susmangodfrey.com

Taylor H. Wilson (*pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana St., Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Email: twilson@susmangodfrey.com

*Attorneys for Plaintiffs Amanda Houghton,
Charles Douglas, and Susan Franklin*

James Crooks (*pro hac vice*)
Michael Lieberman (*pro hac vice*)
FAIRMARK PARTNERS, LLP
1825 7th Street NW, #821
Washington, DC 20001
Telephone: (617) 621-6500
Email: jamie@fairmarklaw.com
        michael@fairmarklaw.com

Jason Harrow (Cal. Bar No. 308560)
GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
Telephone: (323) 744-5293
Email: jason@gerstein-harrow.com

Charles Gerstein (*pro hac vice*)
Emily Gerrick (*pro hac vice*)
GERSTEIN HARROW LLP
810 7th Street NE, Suite 301
Washington, DC 20002
Telephone: (202) 670-4809
Email: charlie@gerstein-harrow.com

Jason Gottlieb (*pro hac vice*)
Michael Mix (*pro hac vice*)
Vani Upadhyaya (*pro hac vice*)
MORRISON COHEN, LLP
909 Third Avenue
New York, NY 10022-4784
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
        mmix@morrisoncohen.com
        vupadhyaya@morrisoncohen.com

Ellen London (Cal. Bar No. 325580)
LONDON & STOUT P.C.
1999 Harrison St., Suite 655
Oakland, CA 94612
Telephone: (415) 862-8494
Email: elondon@londonstoutlaw.com

*Attorneys for Defendants
Geoffrey Hayes, Robert Leshner, and
Gauntlet Networks, Inc.*

Jennifer Kennedy Park (Cal. Bar No. 344888)
CLEARY GOTTLIEB STEEN & HAMILTON
LLP
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4100
Email: jkpark@cgsh.com

Roger A. Cooper (*pro hac vice*)
Jared Gerber (*pro hac vice*)
Samuel Levander (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON
LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Email: racooper@cgsh.com
        jgerber@cgsh.com
        slevander@cgsh.com

*Attorneys for Defendant
Polychain Alchemy, LLP*

Peter B. Morrison (Cal. Bar No. 230148)
Zachary M. Faigen (Cal. Bar No. 294716)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Email: peter.morrison@skadden.com
          zack.faigen@skadden.com

Alexander C. Drylewski (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Email: alexander.drylewski@skadden.com

*Attorneys for Defendant*
*Paradigm Operations LP*

Matthew Rawlinson (Cal. Bar No. 231890)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025-1008
Email: matt.rawlinson@lw.com

Morgan E. Whitworth (Cal. Bar No. 304907)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Email: morgan.whitworth@lw.com

Douglas K. Yatter (Cal. Bar No. 236089)
Benjamin Naftalis (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Email: douglas.yatter@lw.com
          benjamin.naftalis@lw.com

Susan E. Engel (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Email: susan.engel@lw.com

*Attorneys for Defendant*
*AH Capital Management, LLC*