,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HOUGHTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT LESHNER, et al., <br><br> Defendants. | Case No. 22-cv-07781-WHO <br><br> **ORDER ON MOTIONS TO DISMISS AND TO CONTINUE CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. Nos. 268, 275, 276, 278, 279 |

Plaintiffs allege that defendant investors illegally distributed unregistered crypto securities ("COMP tokens") through defendant Compound DAO. The adequacy of the allegations and potential theories of liability against the Partner Defendants[1] were tested on a first round of motions to dismiss: In my September 2023 Order, I denied the defendants' motions to dismiss, finding that the Partner Defendants were potentially liable given plaintiffs' theory of partnership liability and plausible allegations that each Partner Defendant meaningfully participated in the governance of the DAO. I also rejected the Partner Defendants' statute of limitations defense at the motion to dismiss stage. *See* Dkt. No. 94. Each set of Partner Defendants moved for reconsideration, which I denied in October 2023. Dkt. No. 132.

After a stay required by defendants' unsuccessful appeal of my order denying their motion to compel arbitration, plaintiffs filed a Second Amended Complaint ("SAC") that added new Polychain defendants,[2] more factual allegations about the Compound DAO general

---

[1] Partner Defendants in this Order refers to Geoffrey Hayes, A.H. Capital Management, LLC (also known as "a16z"), Polychain Alchemy LLC, Bain Capital Ventures LLC, Gauntlet Networks, Inc. and Paradigm Operations LP. Robert Leshner is also alleged to be a Partner Defendant, but he did not file a motion to dismiss the SAC.

[2] Polychain Ventures LP, Polychain Master Fund I LP, Polychain Parallel Fund I LP, Dfinity Ecosystems Fund LP ("new Polychain defendants"). These defendants are related to one of the initial defendants, Polychain Alchemy LLC. Collectively, this set of defendants will be referred to

partnership, and an alternative class and subclasses.  Oppo. at 2.  Defendants again move to dismiss.  The additional facts did not substantively alter the allegations against the Partner Defendants[3] and the new Polychain defendants plausibly had notice of the claims in this case within the statute of repose.  For the reasons discussed below, the motions to dismiss are DENIED.[4]

**DISCUSSION**

**I.      PARTNER DEFENDANTS' MOTIONS TO DISMISS**

**A.      Procedural Propriety**

Plaintiffs argue that the Partner Defendants' motions to dismiss are procedurally improper as the substantive allegations against each with respect to conduct and potential liability remains unchanged.  They assert that there is no basis to revisit the sufficiency of the Securities Act claim against defendants and that the motions should be denied because of the "law of the case."  They also contend that Rule 12(g)(2) prohibits the Partner Defendants from raising arguments on this round of motions that were or could have been raised on the prior round based on the facts of the prior complaint, and even if permissible, I should not exercise my discretion to reconsider the sufficiency of the allegations against the Partner Defendants.[5]

Defendants respond that law of the case only truly binds a district court when it is the appellate court who has determined factual sufficiency or deficiency of claims, and that the law of

as "Polychain."

[3] Plaintiffs assume that defendants' purpose of the repeated filings of motions to dismiss and seeking reconsideration on issues already raised and decided is to benefit from the PSLRA's automatic stay of discovery provisions.  Oppo. at 2, 7.

[4] In Dkt. No. 277, Bain sought conditional approval to file Exhibit A to its Motion to Dismiss under seal, "until such time as the impacted parties may meet and confer on the proposed scope of sealing and any potential redactions."  Bain has not submitted a proposed redacted version of Exhibit A or submitted anything explaining what it believes should remain under seal.  Bain shall submit a revised sealing proposal, based on the parties' meet and confer efforts, within five days of the date of this Order; otherwise, Exhibit A will be unsealed.

[5] Federal Rule of Civil Procedure 12(g)(2) provides:  "Except as provided in Rule12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

2

the case doctrine does not preclude a district court from reconsidering its own orders any time before judgment. *See, e.g., Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) ("The law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case. The doctrine applies most clearly where an issue has been decided by a higher court; in that case, the lower court is precluded from reconsidering the issue and abuses its discretion in doing so except in the limited circumstances the district court identified.").

The Partner Defendants' seriatim arguments for dismissal are materially repetitive of the arguments I have rejected. As explained below, although additional facts have been added to the SAC, nothing changes the bases of the Partner Defendants' potential liability. Plaintiffs have merely augmented the facts that I already found were sufficient to state unchanged claims on the last round of motions to dismiss. Defendants' repackaged arguments are not well-taken.

### B.    Bain

Bain Capital Ventures (GP), LLC ("Bain") contends that new allegations in the SAC directly refute plaintiffs' prior theory about Bain's investment and undermine the theory that Bain engaged in prohibited solicitation. Specifically, Bain points to allegations that in March 2020, Compound Labs issued over 3 million COMP tokens and token purchase rights to certain of the Partners, but those rights came with restriction agreements on the sale of the tokens. SAC ¶ 168; Bain MTD [Dkt. No. 278] at 4.[6]

Bain asserts that the newly referenced, and therefore incorporated by reference, documents refute the allegations that it received any of those shares or tokens because those documents show that non-defendant venture funds associated with Bain received those shares and tokens. Bain MTD at 4-5. According to Bain, the SAC ignores distinctions between the various Bain-related corporate entities and makes no effort to reconcile the contradictions shown in the agreements. Contrary to plaintiffs' assertion that Bain itself was a "substantial holder" of COMP tokens – and thereby an alleged Partner Defendant – the non-defendant Bain-related entities received the COMP tokens. Bain MTD at 8. Bain also asserts that new allegations regarding corporate control

---

[6] Bain attaches seven of the agreements that it contends are incorporated by reference, as well as a page from the Bain website to the Declaration of Kayvan B. Sadeghi. Dkt. No. 278-1.

United States District Court
Northern District of California

against the other Partner Defendants, which do not reference Bain, undermine my prior conclusion that plaintiffs have sufficiently alleged meaningful participation by Bain in the governance of Compound DAO. *Id*. at 10-11.

Plaintiffs say that Bain is attempting to abuse the incorporation by reference doctrine and turn the resolution of this motion into summary judgment based on interpretation of evidence. Oppo. at 16. The many documents Bain seeks to incorporate are not, according to plaintiffs, central to their theories, and instead only act to supplement the already-existing sufficient allegations against Bain. *See, e.g., McBride v. Volvo of Orange Cnty*., 2025 WL 3305847, at *3 (C.D. Cal. Sept. 30, 2025) ("To qualify as extensively referenced, the complaint should cite the document more than once or quote from it at length. [] 'If the document merely creates a defense to the well-pled allegations in the complaint, then the document does not necessarily form the basis of the complaint.'") (quoting *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018)).

The liability of any Partner Defendant depends not simply on formal share ownership but on meaningful participation in corporate governance. *See Samuels v. Lido Dao*, 757 F. Supp. 3d 951, 962 (N.D. Cal. 2024), *motion to certify appeal denied*, No. 23-CV-06492-VC, 2025 WL 371797 (N.D. Cal. Feb. 3, 2025) (potentially liable partners are those who "meaningfully participate" in the DAO's business). Even if I consider the contents of the agreements and agree that those agreements show that the Bain-related venture funds own the shares, plaintiffs' interpretation of them is plausible that the documents suggest that Bain itself, which produced the documents in discovery and whose managing director signed all the documents, is an appropriate defendant. The sufficiency of allegations against Bain on that theory remains sufficiently pleaded in the SAC. Which Bain-related entity or entities meaningfully participated in governance, and the implications from that participation, are better tested on a full evidentiary record.

Bain's motion to dismiss is DENIED.

### C.    Gauntlet & Hayes

Gauntlet Networks, Inc. and Geoffrey Hayes[7] challenge plaintiffs' ability to hold either of them liable as a Partner, arguing that neither the SAC nor plaintiffs' opposition "coherently or consistently alleges the partnership composition" that might make them liable for meaningful participation in the DAO.  *See* Gauntlet Reply [Dkt. No. 298] at 1; Hayes Reply [Dkt. No. 299] at 1.  They argue that their alleged meaningful participation is not only inadequately alleged in the SAC but also that: (1) the meaningful participation theory of liability does not comport with California law;  (2) plaintiffs failed to articulate what they consider meaningful participation in the Compound DAO, and merely allege that Gauntlet and Hayes held significant (but less significant than the other defendants in this case) amounts of COMP; and (3) the newly added allegations confirm, at most, that Gauntlet is a third-party service provider and not as a Partner under California law.  Both also note that in *Samuels v. Lido DAO*, Judge Chhabria dismissed an investment vehicle owned by two co-founders, which simply held a large amount of tokens, because of insufficient allegations regarding meaningful participation in governance.[8]  They argue the result should be the same here for them.

I addressed materially similar arguments in my September 2023 Order on Gauntlet and Haynes' prior motions to dismiss.  *See* September Order.  The additional allegations regarding Gauntlet and Hayes do not materially change plaintiffs' theories of liability against these defendants or undermine the plausibility of plaintiffs' assertions that Gauntlet and Hayes meaningfully participated in the governing of the DAO.  Whether Gauntlet was a mere service

---

[7]  Other than drawing a few distinctions between Gauntlet as a third-party service provider and Hayes as someone who did not meaningfully participate in the governance of Compound DAO, the briefs by Gauntlet and Hayes – filed by the same counsel – are materially identical.  The argument of Gauntlet and Hayes will be considered together.  *See* Dkt. Nos. 275, 276, 298, 299.

[8]  *Samuels v. Lido Dao*, 757 F. Supp. 3d 951, 965 (N.D. Cal. 2024), motion to certify appeal denied, No. 23-CV-06492-VC, 2025 WL 371797 (N.D. Cal. Feb. 3, 2025) ("The complaint does not contain sufficient allegations to infer that Robot meaningfully participated in Lido DAO governance. It notes only that one of Robot's partners praised Lido DAO, that Robot was chosen to get involved with the DAO because it could add its 'expertise in the successful development of distributed protocols' to the DAO, and that it participated in a sale in which it—along with other entities—purchased 30 million LDO. *Id*. ¶ 45. It does not allege that Robot participated in Lido DAO governance or made any statements about doing so.").

provider or instead meaningfully shared in the profits of the alleged General Partnership and in the governance of the Compound DAO remains better tested on an evidentiary basis.

Gauntlet and Hayes' motions are DENIED.

### D.    AH Capital Management & Paradigm

AH Capital Management, LLC[9] and Paradigm Operations LP also move to dismiss again. They argue that the newly added allegations to the SAC undermine the remaining secondary liability theory against them because the token-purchase agreements on which plaintiffs rely in the SAC actually restrict AH Capital and Paradigm's ability to sell their COMP tokens for a period of time. Given those restrictions, AH Capital and Paradigm argue they could not have meaningfully participated in the control of the Compound DAO. Dkt. 279 at 5-6. They also attack the sufficiency of plaintiffs' allegations regarding the purported agreement between the alleged Partner Defendants and contend that some of the newly referenced documents in the SAC show that other parties – not named as defendants here – were running or managing the Compound DAO. *Id.* at 6.

The possible impact of restrictions on an alleged Partner's ability to sell COMP tokens or ability to own tokens cannot be resolved on this motion. As has been clear since my September 2023 Order, the question is whether an alleged Partner meaningfully participated in the governance of Compound DAO. That some tokens could not be sold or had other restrictions does not undermine the plausible allegations that these entities still meaningfully participated in the governance of the DAO. Defendants will be free to argue, on a full evidentiary record, that restrictions on the sale or use of tokens, or ownership of the token rights by entities not named as defendants, supports judgment in their favor under plaintiffs' theory. But at this juncture, nothing added in the SAC fatally undermines the plausibility of plaintiffs' claims against AH Capital or Paradigm. The SAC continues to allege that these defendants held significant amounts of tokens in their digital wallets and voted them. SAC ¶¶ 15–16. That is sufficient.

AH Capital and Paradigm's motion to dismiss is DENIED. And in sum, each of the

---

[9] AH Capital Management refers to itself as "a16z" in its Motion and Reply.

defendants' motions to dismiss based on the sufficiency of the allegations regarding meaningful participation in the Compound DAO is DENIED.

## II.    NEW POLYCHAIN DEFENDANTS' MOTION TO DISMISS

Existing defendant Polychain Alchemy, LLC and the newly added Polychain defendants[10] (collectively "Polychain") move to dismiss the new Polychain defendants, arguing that under Section 13 of the Securities Act's three year statute of repose, plaintiffs' claims are time-barred. They also contend that the Rules Enabling Act precludes using Rule 15(c) to relate these new defendants back to the initial or First Amended Complaint.  Finally, they argue that plaintiffs' threadbare alter ego allegations are  insufficient under Delaware law.  *See* Polychain Mot. [Dkt. No. 268].[11]

Plaintiffs respond that because the allegations against Polychain Alchemy are sufficient – given its functional control over the voting rights and for the reasons discussed above with respect to Bain – their addition of the new Polychain defendants was not required.  Oppo. to Polychain [Dkt. No. 288-1] at 24.  That said, in order to avoid future "technicality" arguments from defendants and in "an abundance of caution," they have added the related new Polychain defendants that discovery shows "may" possess or hold voting rights in the Polychain-held COMP tokens.  *Id*. at 23-24.[12]

There is no dispute that the Securities Act claim brought by plaintiffs is subject to a strict three-year statute of repose.  15 U.S.C. § 77m.  Plaintiffs argue that the addition of the new

[10] Polychain Ventures LP, Polychain Master Fund I LP, Polychain Parallel Fund I LP, and Dfinity Ecosystems Fund LP (collectively "new Polychain defendants").

[11] In the September 2023 Order, I found the allegations against Polychain Alchemy "sufficient to allege Polychain's status as a Partner possible liable under the Securities Act." *See* September 2023 Order, Dkt. No. 94 (relying on FAC ¶ 11 ("Polychain Alchemy LLC is an investment fund that controls at least 11.58% of the COMP votes.")).  Polychain Alchemy does not contest the sufficiency of the allegations against it on this round of motions.

[12] There is no dispute that the COMP offering took place in June 2020 and that plaintiffs purchased their COMP tokens in 2021 and 2022.  SAC ¶¶ 18-20, 52.  This case was filed naming Polychain Alchemy as a Partner Defendant in December 2022.  Dkt. No. 1.  Plaintiffs filed a motion to amend, seeking to add the new Polychain defendants as defendants on November 4, 2024, but that motion was stayed while the motion to compel arbitration was appealed.  Dkt. No. 202.

United States District Court
Northern District of California

Polychain defendants to the SAC was appropriate under the relation-back doctrine of Rule 15(c)(1)(C).[13]  Plaintiffs assert, and the new Polychain defendants do not dispute, that the elements of Rule 15(c)(1)(C) are satisfied because: (1) the claims against them arise out of the same conduct and transactions alleged against Polychain Alchemy; (2) the new Polychain defendants had knowledge of this action within the three-year statute of repose, as the new Polychain defendants are run by the same person who runs Polychain Alchemy; and (3) the new Polychain defendants knew they held the COMP tokens and so knew there might have been an error in plaintiffs initially naming only Polychain Alchemy.[14]

Defendants counter that plaintiffs cannot get around the three-year statute of repose by relying on Rule 15(c) because that would violate the Rules Enabling Act by substantively undermining defendants' rights to protection under a statute of repose.  Defendants rely heavily on *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.* ("*CalPERS*"), 582 U.S. 497, 507 (2017), where the Supreme Court concluded that *American Pipe* equitable tolling could not be applied to the Securities Act's statute of repose.  The Court recognized that the Securities Act statute of repose created an "absolute bar" against "future liability." *Id*.  Defendants also rely on the Ninth Circuit's decision in *Miguel v. Country Funding Corp*., 309 F.3d 1161 (9th Cir. 2002), *abrogated on other grounds by Hoang v. Bank of Am., N.A*., 910 F.3d 1096, 1100 (9th Cir. 2018), where, the court determined that relation back did not apply to the Truth in Lending Act's ("TILA") right of recission that was governed by a three year statute of repose.  Necessary to that holding was the

___

[13] Rule 15(c)(1) "When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

[14] Plaintiffs assert that the new Polychain defendants are controlled by the CEO of Polychain Alchemy, Olaf Carlson-Wee.  Polychain Oppo. at 23 (the "managing member of each entity and Polychain Alchemy's CEO"); *see also* SAC ¶¶ 11-14, 119.

8

Ninth Circuit's determination that TILA's statute of repose was jurisdictional. *Id*. at 1164-65. Because Rule 15(c) could "not be used to extend federal jurisdiction," the plaintiff could not use relation-back to name a new defendant and secure recission. *Id*. at 1165.

The resolution of this motion is not impacted by *Miguel*. First, that case considered the right to recission, which raises different policy implications than the right to file an action under the Securities Act, and involved TILA's differently worded statute of repose. More fundamentally, however, the foundation of *Miguel's* holding – that TILA's statute of repose for recission was jurisdictional – was abrogated. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012) ("[W]e withdraw our characterization of [TILA's statute of repose] as jurisdictional" based on intervening Supreme Court precedent).

There are significant distinctions between equitable tolling, which extends the time when claims accrue, and statutes of repose, which limit the time within which actions can be filed. This distinction was discussed in *Se. Pennsylvania Transportation Auth.* ("*SEPTA*") *v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 350 (3d Cir. 2021). In *SEPTA*, the Third Circuit distinguished the Supreme Court's *CalPERS* holding that equitable tolling could not apply to the Securities Act's statute of repose and held that relation-back under Rule 15(c) applies to Securities Act claims because relation back was "consistent" with both the nature and purpose of statutes of repose. *Id*. 345-350; *see also Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1157–58 (10th Cir. 2023) (finding relation back under Rule 15(c) could apply to the Exchange Act's five year statute of repose).

Defendants point out that in both *SEPTA* and *Hogan*, the plaintiffs did not seek to add new defendants or new claims and that both opinions addressed relation back under Rule 15(c)(1)(B) and not 15(c)(1)(C), which is at issue here. *SEPTA*, 12 F.4th at 350 (proposed amended complaint at issue sought "to expand its complaint with additional facts, SEPTA is not bringing any new legal claims or adding new parties that were not included in the First Amended Complaint."); *Hogan*, 73 F.4th at 1158 (noting "[a] claim raised for the first time in an amendment to a complaint may well be barred by the statute. But that is not the situation here, where the SAC adds no parties or causes of action; it does not even add additional statements alleged to be fraudulent.

9

We thus see no reason to bar the SAC under the repose statute."). They rely on cases from the Second Circuit following *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, (2d Cir. 2013), where the Second Circuit held, as ultimately confirmed by the Supreme Court in *CalPERS*, that equitable tolling could not defeat the Securities Act statute of repose. *Id*. at 110. The court expressly did not reach whether Rule 15(c)'s "relation back" doctrine could apply. *Id*. at 110 n. 18. Nonetheless, defendants identify district court opinions relying on *IndyMac* to hold that the Securities Act statute of repose cannot be circumvented by relation back when seeking to add new parties. *See* Polychain Reply at 2 (citing *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 451 (S.D.N.Y. 2017) (finding section "13's statute of repose itself provides strong support for the interpretation that the statute of repose permits no exceptions" as it created a substantive right that cannot – given the Rules Enabling Act – be overcome through relation-back by plaintiff who added claims and parties to amended complaint); and citing *De Vito v. Liquid Holdings Grp., Inc.*, No. CV 15-6969 (KM) (JBC), 2018 WL 6891832, at *23 (D.N.J. Dec. 31, 2018) (recognizing "courts have reached conflicting results over the years" but concluding allowing relation-back, "would abridge one party's substantive right to repose, and augment the other party's substantive right of recovery under the securities laws").

Other courts have allowed new defendants under statutes of repose in cases of misnomers. *See, e.g., United States ex rel. Rollinson v. Johns Hopkins Med. Servs. Corp.*, No. 2:16-CV-00447-LEW, 2025 WL 1518238, at *3 (D. Me. May 28, 2025) (finding relations back involving "a mere misnomer rather than a previously unknown, new defendant" is allows under the Fair Credit Reporting Act's statute of repose); *see also Kessev Tov, LLC v. Doe(s)*, No. 20-CV-04947, 2022 WL 2356626, at *6 (N.D. Ill. June 30, 2022 (considering Exchange Act's five year statute of repose; "This case does not implicate 'unknown' John Does, who might be surprised to find themselves in litigation long after the expiration of a statute of repose, but rather 'unnamed' John Does, who have been participating in the case and in fact requested the anonymity. This difference is enough to abstain from deciding the issue at the motion to dismiss stage.").

Neither side identifies persuasive authority from this district. The closest is the decision from Hon. Eward M. Chen in *United States ex rel. Osinek v. Permanente Med. Grp., Inc.*, No. 13-

United States District Court
Northern District of California

10

CV-03891-EMC, 2022 WL 16943886, at \*10 (N.D. Cal. Nov. 14, 2022).  There, considering the statute of repose on the False Claims Act, the court recognized the different approaches and noted that none squarely addresses the addition of a new defendant under a relation-back theory. Assuming that relation-back would apply, Judge Chen found that the theory was not satisfied on the facts of that case where there was no allegation of how the sought-to-be-added defendant had notice of the original complaint.  *Id*. at \*11.

Here, it is important that the new defendants plaintiffs seek to add (the new Polychain defendants) are controlled by the same person – the CEO of Polychain Alchemy, which is an existing defendant.  That is why the new Polychain defendants  plausibly had notice of the claims in this suit within the statute of repose.  SAC ¶¶ 11-14, 119.  The addition of the new Polychain defendants– given plaintiffs' plausible allegation of joint control and notice – is more akin to a misnomer or Doe substitution case than the addition of a new defendant unrelated to an existing defendant.[15]  That is especially true here, where plaintiffs cannot be faulted for attempting to unwrangle complex corporate relationships in this developing area of law.  In light of the plausible allegations connecting the new Polychain defendants to existing Polychain Alchemy, it is appropriate to allow relation-back for the new Polychain defendants, at least at this stage.

Turning back to the requirements of Rule 15(c), defendants also argue there can be no mistake on the part of plaintiffs because at the time of the initial Complaint, Polychain Capital LP – which is not a defendant – disclosed in its SEC filings the "relationships" among Polychain Alchemy and the new Polychain defendants.  Polychain Mot. at 3 (arguing the disclosures show that the new Polychain defendants are "privately pooled investment vehicles" or "funds" and that Polychain Alchemy managed "proprietary accounts"); *see also* Request for Judicial Notice [Dkt.

---

[15] Defendants note that the Ninth Circuit rejected relation back to add new plaintiffs to a case under the Securities' Act statute of limitations, not the statute of repose.  *In re Syntex Corp. Sec. Litig*., 95 F.3d 922 (9th Cir. 1996).  There the "[p]laintiffs did not show that the two groups of plaintiffs had an identity of interests. The claims of the proposed plaintiffs are different because the newly proposed class members bought stock at different values and after different disclosures and statements were made by Defendants and analysts. . . . Accordingly, the proposed new claims did not relate back." *Id*. at 935.  Here, Polychain Alchemy was an original defendant, no new claims have been added, and the newly named defendants are alleged to be related-to and therefore had notice of the claims.

No. 269] at Ex. A (March 31, 2022, Form ADV Part 2A).  This argument misses the point. As the Supreme Court has explained, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (emphasis in original).  Plaintiffs have plausibly alleged why the new Polychain defendants had that knowledge.  Especially in this context, where there are many allegedly related entities allegedly controlled in whole or in part by Polychain Alchemy and/or its CEO, the possibility for mistake is high and objectively reasonable.  *See id.* at 549 ("[t]he reasonableness of the mistake is not itself at issue.  As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.").

In Reply, defendants raise another argument, that Rule 15(c)(1)(C) allows only for substitution of a new defendant, not addition of new defendants.  The better reading of the Rule is that it allows addition of parties as long as the other requirements of Rule 15(c) are met.  *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1498.2 (3d ed.); *Goodman v. Praxair, Inc*., 494 F.3d 458, 468 (4th Cir. 2007) (adopting "better position" that Rule 15(c) allows addition of parties, not just substitutions).

The motion to dismiss based on the Securities Act's statute of repose is DENIED.[16]

## CONCLUSION

Accordingly, defendants' motions to dismiss are DENIED.  The Case Management Conference set for August 11, 2026, is CONTINUED to September 8, 2026, at 2:00 p.m.  The Joint Case Management Statement, to be filed by September 1, 2026, should consider whether any

---

[16] Defendants and plaintiffs also dispute the governing law and adequacy of plaintiffs' alter ego allegations between Polychain Alchemy and its CEO and the new Polychain defendants.  It is unclear whether alter ego needs to be plausibly alleged at this juncture in light of the addition of the new Polychain defendants as defendants.  Alter ego, as well as possible partner liability, can be tested on an evidentiary basis at the appropriate juncture.

12

change in the trial schedule is necessary.

**IT IS SO ORDERED.**

Dated: August 7, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California