**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMANDA HOUGHTON, CHARLES DOUGLAS, and SUSAN FRANKLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ROBERT LESHNER; GEOFFREY HAYES; COMPOUND DAO; AH CAPITAL MANAGEMENT, LLC; POLYCHAIN VENTURES LP; POLYCHAIN MASTER FUND I LP; POLYCHAIN PARALLEL FUND I LP; DFINITY ECOSYSTEM FUND LP; POLYCHAIN ALCHEMY, LLC; BAIN CAPITAL VENTURES (GP), LLC; GAUNTLET NETWORKS, INC.; PARADIGM OPERATIONS LP,<br><br>Defendants. | Case No. 3:22-cv-7781-WHO<br><br>**JOINT BRIEF REGARDING THE EFFECT OF THE APPEAL FILED BY DFINITY ECOSYSTEM FUND LP, POLYCHAIN MASTER FUND I LP, POLYCHAIN PARALLEL FUND I LP, AND POLYCHAIN VENTURES LP** |

Plaintiffs and Defendants Polychain Ventures LP, Polychain Master Fund I LP, Polychain Parallel Fund I LP, and Dfinity Ecosystems Fund LP (together, the “New Polychain Defendants”) submit this joint brief regarding whether all proceedings involving the New Polychain Defendants were automatically stayed when they appealed the Court’s denial of their motion to dismiss on the basis of the Securities Act’s statute of repose. *See* Dkt. No. 325 (notice of appeal, dated August 27, 2026); Dkt. No. 316 (order denying motion to dismiss, dated August 10, 2026); 15 U.S.C. § 77m.

## I. <u>Plaintiffs' Position</u>

The Court should not stay the case as to the New Polychain Defendants pending their interlocutory appeal. Dkt. 325 (Notice of Appeal).[1] There is no automatic stay, as explained by *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 771 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 1507 (2026), and the New Polychain Defendants cannot meet their burden for a discretionary stay under *Nken v. Holder*, 556 U.S. 418, 434 (2009).

### A. There is No Automatic Stay of Discovery or Merits Proceedings.

Interlocutory appeals do not automatically stay all district court proceedings. They divest the district court of control only over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The *Griggs* rule is narrow: it is designed to "avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). While the district court may not revisit the specific ruling on appeal, the rest of the case proceeds as usual: an interlocutory appeal does not affect matters that are not "directly implicated in the appeal." *United Farm Workers v. Noem*, 823 F. Supp. 3d 1112, 1131–32 (E.D. Cal. 2026). For example, discovery and merits proceedings are not automatically stayed during an appeal from a remand order, as such proceedings "would not interfere with the appellate court's review of the remand order." *Harrison* 139 F.4th at 771. Under *Griggs*, courts impose a stay only where there is a risk of two courts "simultaneously analyzing the same judgment." *Griggs*, 459 U.S. at 59.

Under this principle, the New Polychain Defendants' interlocutory appeal does not stay discovery or merits proceedings in this Court while the appeal is pending. The sole question on appeal is whether the Securities Act's statute of repose precludes liability against the New Polychain Defendants. *See* Dkt. 325. Proceeding with discovery will not "interfere with the appellate court's review of the [repose] order" or "risk inconsistent judgments," *Harrison*, 139 F.4th at 771—dispositive motions will not be set for hearing until early 2028, *see* Dkt. 322.

---

[1] No other Defendant seeks a stay nor argues that the New Polychain Defendants' interlocutory appeal entitles them to a stay. Nor could they. *See Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("[A]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case.").

Seeking to avoid this settled law, the New Polychain Defendants have argued that the Supreme Court's decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) and the Ninth Circuit's decision in *Estate of Kennedy v. Bell Helicopter Textron*, 283 F.3d 1107 (9th Cir. 2002), justify an automatic stay. *See* Dkt. 327 (Case Management Statement) at 1–2. They are wrong.

*Bielski* "does not [apply] beyond the arbitration context." *Harrison*, 139 F.4th at 768. In *Harrison*, the Ninth Circuit explained that *Bielski* created a special rule because arbitration promises "efficiency, less expense, [and] less intrusive discovery," so "[t]he continuation of proceedings in the district court when stays are denied renders those features 'irretrievably lost.'" *Id.* at 770. But *Harrison* "limit[ed] the [*Bielski*] holding to the arbitration context." *Id.* at 768. The New Polychain Defendants ask the Court to do exactly what *Harrison* said not to: extend *Bielski* outside of the arbitration context to the Securities Act's statute of repose. Defendants cite no case justifying a departure from *Harrison*. Instead, this Court should do exactly what occurred in *Harrison*—apply the traditional, four-factor test governing motions for a discretionary stay pending appeal. *See id.* at 772–73 (applying *Nken* factors and affirming denial of stay pending appeal).

Nor does *Kennedy* require an automatic stay. In *Kennedy*, the Ninth Circuit considered whether an interlocutory appeal for a different statute of repose—under the General Aviation Revitalization Act of 1994 ("GARA")—satisfied the collateral order doctrine. 283 F.3d at 1110. The Ninth Circuit did not address an automatic stay pending such an interlocutory appeal. The district court in *Kennedy*, in fact, *denied* a motion to stay the case. *Estate of Kennedy v. Bell Helicopter Textron, Inc.*, No. 3:98-cv-05579-RJB (W.D. Wash. Apr. 20, 2000), Dkt. 167. And regardless, the Securities Act's statute of repose is different from GARA's—whereas GARA's statute of repose provided an "explicit statutory right not to stand trial," *id.* at 1110, the Securities Act's statute of repose provides only a defense from a final judgment of liability, *CalPERS v. ANZ Sec., Inc.*, 582 U.S. 497, 505-06, 508 (2017). That defense would not be "irretrievably lost" if proceedings in this Court continue during the appeal. *Harrison*, 139 F.4th at 770.

**B. Defendants Cannot Meet Their Burden for a Discretionary Stay.**

Because there is no automatic stay, the decision to grant a stay is "an exercise of judicial discretion." *Harrison*, 139 F.4th at 768. "The party requesting a stay bears the burden of showing

that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34. The stay factors are (1) whether the applicant has made a strong showing of likely success on appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether a stay will substantially injure others; and (4) the public interest. *Id.* at 434. These factors do not support a stay.

The New Polychain Defendants are unlikely to prevail for the reasons in the order denying their motion to dismiss—this Court properly held that Plaintiffs' claims related back under Rule 15. The New Polychain Defendants will also not be irreparably injured absent a stay because "incurring litigation expenses does not amount to an irreparable harm." *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1032–33 (N.D. Cal. 2015) (collecting cases). A stay, by contrast, would injure Plaintiffs because it would create further delays in the already long-delayed case schedule, preventing prompt adjudication of Plaintiffs' and the putative class's claims. And the public interest militates against a stay, as this appeal represents the latest in Defendants' string of delay tactics.

For these reasons, the Court should deny a stay for the New Polychain Defendants pending the adjudication of their interlocutory appeal.

## II. <u>New Polychain Defendants' Position</u>

Under the *Griggs* principle, an "appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Bielski*, 599 U.S. at 740 (quoting *Griggs*, 459 U.S. at 58). The Supreme Court and Ninth Circuit have recognized that the *Griggs* principle applies to appeals—such as this one—that involve parties' rights to be free from the burdens of litigation.

Binding Ninth Circuit precedent provides that the Court's order denying the New Polychain Defendants' motion to dismiss on statute of repose grounds qualified as a collateral order subject to immediate appeal. *Kennedy*, 283 F.3d at 1110–11. The Ninth Circuit held in *Kennedy* that a statute of repose "creates an explicit statutory right not to stand trial which would be irretrievably lost should [the defendant] be forced to defend itself in a full trial." *Id.* at 1110; *see also CalPERS*, 582 U.S. at 510 (explaining that the Securities Act's statute of repose provides "complete peace" to defendants and "protects [them] from an interminable threat of liability"). Because a statute of repose creates "the right to be free from the burdens of trial," and that right will be "irretrievably

lost" absent immediate review, the appeal of an order denying such protection "falls within the collateral order doctrine." *Kennedy*, 283 F.3d at 1110–11.[2]

When the New Polychain Defendants appealed the Court's denial of their motion to dismiss under the collateral order doctrine, proceedings against them were automatically stayed pending the resolution of their appeal. *See Bielski*, 599 U.S. at 740 (quoting *Griggs*, 459 U.S. at 58). Under *Bielski*, where the question on appeal is whether "the litigation may go forward in the district court," "the entire case is essentially involved in the appeal," and the *Griggs* principle "dictates that the district court must stay its proceedings." *Id.* at 741 (citations omitted). The Ninth Circuit has long applied the same principle articulated in *Bielski* to stay district court proceedings when an appellant brings an appeal under the collateral order doctrine based on its right to be free from the burdens of litigation. *See, e.g.*, *Moroyoqui v. United States*, 570 F.2d 862, 864 (9th Cir. 1977) (double jeopardy); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (qualified immunity); *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) (collecting additional cases).

That is the case here. Because the question on appeal is whether the statute of repose bars the claims against the New Polychain Defendants, freeing them from the burden of litigation, the entire case against them is involved in the appeal, and this Court does not have jurisdiction over those proceedings during the appeal. *See Bielski*, 599 U.S. at 741 ("[I]t makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.").[3]

Plaintiffs cite *Harrison* to challenge the New Polychain Defendants' position. That case confirms why the automatic stay applies here. In *Harrison*, the defendants attempted to remove an action under the federal officer removal statute, the district court rejected the defendants' argument

---

[2] *Kennedy* involved the statute of repose in GARA, but it did not restrict its reasoning to GARA. *See also Bullington v. Precise*, 698 F. App'x 565, 568 n.3 (11th Cir. 2017) (holding that an order declining to dismiss an action on the basis of a statute of repose qualified as a collateral order). In any event, the GARA statute of repose and Securities Act statute of repose contain parallel language, and Plaintiffs have not offered any reason why *Kennedy* should not apply here. *Compare Kennedy*, 283 F.3d at 1110 ("no civil action . . . may be brought" after the repose period), *with* 15 U.S.C. § 77m ("In no event shall any such action be brought" after the repose period).

[3] While courts sometimes describe the *Griggs* principle as requiring that "trial" not go forward, there is no question that it requires a district court to stay all of "its pre-trial and trial proceedings." *Bielski*, 599 U.S. at 738, 741; *cf. Kennedy*, 283 F.3d at 1111 (instructing that a court should not "allow an action to proceed" after the repose period).

and remanded the case, and the Ninth Circuit held that the defendants' appeal did not effect an automatic stay of the district court's remand order. *Id*. at 766–68. The Court reasoned that unique "federalism concerns" in the removal context counseled against an automatic stay. *Id*. Moreover, *Harrison* held that the *Griggs* principle did not require an automatic stay in that case because, when a party appeals a remand order, "the question on appeal [] is essentially a narrow venue question of whether the case belongs in state or federal court" and does not implicate the entire action. *Id.* at 771. Yet *Harrison* recognized that when an appellant asserts "an entitlement to avoid litigation altogether," the appeal "immediately divest[s] the district court of jurisdiction over the entire case," including over "pretrial discovery." *Id.* at 771 n.7. Here, binding precedent establishes that the New Polychain Defendants assert an entitlement to avoid litigation altogether, not the kind of narrow venue right at issue in *Harrison*. *See Kennedy*, 283 F.3d at 1111 ("It is clear that an essential aspect of the GARA statute of repose is the right to be free from the burdens of trial."); *see also id.* (instructing that a defendant should not need to "defend an action" after a repose period expires).[4]

Finally, because the statute of repose protects the New Polychain Defendants from being haled into court, *see Kennedy*, 283 F.3d at 1111, a stay is necessary for them to realize their appellate rights, *see Bielski*, 599 U.S. at 744 ("A right to interlocutory appeal of the arbitrability issue without an automatic stay of the district court proceedings is therefore like a lock without a key, a bat without a ball, a computer without a keyboard—in other words, not especially sensible."). The New Polychain Defendants respectfully request that this Court issue an order confirming that all proceedings involving them were automatically stayed when they filed their notice of appeal on August 27, 2026. Dkt. No. 325.[5]

---

[4] Two other courts of appeal have disagreed with the Ninth Circuit and held that the *Griggs* principle requires an automatic stay when a defendant appeals a remand order on federal officer removal grounds. *See City of Brunswick by & through Mayor & Bd. of Commissioners v. Honeywell Int'l, Inc.*, 184 F.4th 1230, 1238–42 (11th Cir. 2026); *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 268–72 (4th Cir. 2025). *Harrison* remains the law of this Circuit, but these contrary decisions caution against extending *Harrison* beyond its narrow context.

[5] While the *Griggs* principle requires an automatic stay regardless of its impact on the case schedule, the New Polychain Defendants submit that an automatic stay here would not unduly delay this action. This would be the first stay that affects proceedings involving the New Polychain Defendants, who were not named in this action until the Second Amended Complaint; an automatic stay as to the New Polychain Defendants would not apply to Polychain Alchemy LLC or the other defendants; and trial is nearly two full years away, Dkt. No. 322 at 4 (trial on August 7, 2028).

Dated: September 15, 2026

Respectfully submitted,

**GERSTEIN HARROW LLP**

*/s/ Charles Gerstein*
Charles Gerstein (*pro hac vice*)
charlie@gerstein-harrow.com
1319 F St., NW, Suite 301
Washington, DC 20004
Telephone: (202) 670-4809

Jason Harrow (308560)
jason@gerstein-harrow.com
3243B S. La Cienega Blvd.
Los Angeles, California 90016
Telephone: (323) 744-5293

**FAIRMARK PARTNERS, LLP**

*/s/ Michael Lieberman*
James Crooks (*pro hac vice*)
jamie@fairmarklaw.com
Michael Lieberman (*pro hac vice*)
michael@fairmarklaw.com
400 7th St NW, Suite 304
Washington, DC 20004
Telephone: (619) 507-4182

**SUSMAN GODFREY L.L.P.**

*/s/ Nicholas N. Spear*
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Rohit D. Nath (316062)
rnath@susmangodfrey.com
Nicholas N. Spear (304281)
nspear@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Taylor H. Wilson, Jr. (*pro hac vice*)
twilson@susmangodfrey.com
1000 Louisiana St., Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Plaintiffs*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

*/s/ Samuel Levander*
Jennifer Kennedy Park (344888)
jkpark@cgsh.com
151 University Avenue
Palo Alto, CA 94301
Telephone: (650) 815-4100

Roger A. Cooper (*pro hac vice*)
racooper@cgsh.com
Samuel Levander (*pro hac vice*)
slevander@cgsh.com
Andrew G. Khanarian (*pro hac vice*)
akhanarian@cgsh.com
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000

*Attorneys for Defendants Polychain Ventures LP; Polychain Master Fund I LP; Polychain Parallel Fund I LP; Dfinity Ecosystem Fund LP; and Polychain Alchemy, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to any non-CM/ECF participants indicated on the attached Manual Notice List.

Dated: September 15, 2026 By: */s/ Nicholas N. Spear*
Nicholas N. Spear

## ATTESTATION

In compliance with Local Civil Rule 5-1(i)(3), I attest that all other counsel on whose behalf this filing is jointly submitted have approved of and concurred in this filing.

*/s/ Nicholas N. Spear*
Nicholas N. Spear